UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JESUS CARMONA,

Plaintiff,

v.

DICK ROSS, ET AL.,

Defendants.

Civil NO. 00-2447 (MJD/ESS)

REPORT AND RECOMMENDATION

---

Plaintiff, an inmate at the Brainerd Jail in Brainerd, Minnesota, has filed a complaint alleging that Defendants violated his federal constitutional right of access to the courts. Plaintiff has also filed an "Ex Parte Motion For Class Action Certification And Appointed Counsel," and a "Request For Discovery." The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, and it will therefore be recommended that this action be summarily dismissed pursuant to § 1915A(b).

**I. BACKGROUND**

According to the complaint, Plaintiff was arrested and taken into custody on

---

[1] Plaintiff did not tender the required filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated November 29, 2000, (Docket No. 5), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, and the matter is therefore ripe for initial screening pursuant to § 1915A.

FILED DEC 26 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK

May 21, 2000. Since then, he has been detained in the Brainerd City Jail by Defendant Dick Ross, the Sheriff for Crow Wing County, Minnesota. Plaintiff's current pleading provides no explanation for his apprehension and confinement; but Plaintiff filed a habeas corpus petition in this District earlier this year, (Carmona v. Ross, Civil No. 00-1450 (MJD/ESS)), which shows that he was arrested for an alleged parole violation.[2]

In the present case, Plaintiff is claiming that Defendant Ross and his deputies, (identified as John Doe defendants), have violated his constitutional right of access to the courts. He alleges that Defendants have denied his repeated requests for "law books and legal cases," refused to make copies of his "legal materials and petitions for court," and barred him from using a computer. It is further alleged that "[b]ecause of his denial of access to legal materials and a law library to research and prepare, Plaintiff has suffered undue delay and hardship in his legal proceedings." (Complaint, [Docket No. 1], section IV.)

Plaintiff is seeking a declaratory judgment in this action, upholding his claim that Defendants have violated his constitutional rights. He also is seeking compensatory damages for "mental anguish" and "civil rights violation," and punitive damages to be used to provide an "adequate law library and legal advisors to assist prisoners." As previously noted, Plaintiff has filed a separate motion seeking class action certification, so he can pursue his access-to-the-courts claim not only for himself, but also for the benefit of other Minnesota jail inmates.

---

[2] Plaintiff's habeas case was summarily dismissed without prejudice, because he had not yet exhausted his available state court remedies.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

In this case, the Court finds that the complaint fails to state a claim on which relief can be granted because of two fatal flaws. First, Plaintiff has alleged only that he has been deprived of one particular means of gaining access to the courts; he has not alleged that he has been deprived of access to the courts altogether. Second, Plaintiff has not adequately identified any "actual injury" resulting from his alleged inability to gain access to the courts.

In Bounds v. Smith, 430 U.S. 817 (1977), the U.S. Supreme Court explicitly recognized that prisoners retain a limited constitutional right of access to the courts. According to Bounds, prisoners must have access to basic legal research materials or a legal assistance program, so they can pursue legal recourse in the courts. Id.; Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). It is important to recognize that "access to the courts" is not synonymous with "access to legal research materials." "The Supreme Court,

in requiring meaningful access to the courts, has been careful to note that providing access to law libraries is but one of a number of constitutionally permissible means of achieving that objective." U.S. v. Wilson, 690 F.2d 1267, 1271 (9th Cir. 1982), cert. denied, 464 U.S. 867 (1983).

Our Court of Appeals has expressly recognized that in cases involving jail detainees, (as opposed to state or federal prison inmates), the requirements of Bounds are satisfied if the detainee has access to a lawyer. In Caton v. Maze, 995 F.2d 881 (8th Cir.), cert. denied, 510 U.S. 967 (1993), a pre-trial detainee named Caton brought an action under 42 U.S.C. § 1983, claiming that various jail administrators had deprived him of his constitutional right of access to the courts by denying his repeated requests for legal materials that he allegedly needed to prepare his criminal defense. After the district court summarily dismissed his case, Caton appealed. The Court of Appeals acknowledged that a county is "required to 'provide its pre-trial detainees either with adequate libraries or adequate assistance from persons trained in the law.'" Id. at 881, quoting Johnson-El v. Schoemehl, 878 F.2d 1043, 1052 (8th Cir. 1989) (quoting Bounds, 430 U.S. at 828). The Circuit Court upheld the dismissal of Caton's claims, however, because the county public defender had been available to conduct research for Caton. In other words, the Court concluded that even though the defendants may have denied Caton's requests for legal research materials, his constitutional right of access to the courts had not been violated, because legal assistance had been available to him.[3]

[3] Caton has been followed in at least three subsequent unpublished Eighth Circuit decisions – Davis v. Powell, No. 94-3434 (8th Cir. 1995), 1995 WL 276397 (where pretrial detainee was represented by counsel, "there was no constitutional requirement to provide

In the present case, Plaintiff has alleged only that Defendants have refused to provide him with adequate legal research materials. There are no allegations suggesting that he also has been deprived of all other alternative means of access to the courts. More specifically, there are no allegations suggesting that he has not had access to legal representation or legal assistance during his confinement.[4] Because Plaintiff has alleged only that he has been deprived of one particular means of access to the court, he has failed to state a cognizable access-to-the-courts claim.

Furthermore, even if Plaintiff had pleaded facts showing that he has been deprived of access to the courts altogether, his complaint still would be defective, because he has not identified any harm resulting from any such alleged lack of access. To prevail on an access-to-the-courts claim, a prisoner must demonstrate some "actual injury." Lewis v. Casey, 518 U.S. 343, 349 (1996). See also, Klinger v. Department of Corrections, 107 F.3d 609, 617 (8th Cir. 1997) ("[i]n Lewis v. Casey, the Supreme Court held, based on principles of standing, that actual injury must be proven in order to prevail on an access-to-courts claim"). There is no "abstract, freestanding right" of access to legal resources; the inmate must show that he has been deprived of some specific opportunity to defend himself, or advance a viable legal claim, in some particular action. Lewis, 518 U.S. at 351;

---

other forms of legal assistance"); Greene v. Parkman, No. 94-3736 (8th Cir. 1995), 1995 WL 337160 ("[b]ecause [pretrial detainee] had defense counsel at all times, defendant was not required to provide other forms of legal assistance"); Williams v. Lange, No. 94-3604 (8th Cir. 1995), 1995 WL 468446 (same).

[4] In fact, it appears from the record in Plaintiff's prior habeas corpus case, (Civil No. 00-1450 (MJD/ESS)), that an attorney has been appointed to represent him in the state court proceedings relating to his current confinement.

Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam). He also must identify some specific injury resulting from that lost opportunity. Id.

While a pro se pleading is to be liberally construed, it still must allege facts, which if proven true, would entitle the plaintiff to some legal relief against the named defendant(s). Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law") (emphasis added); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Thus, to plead an actionable claim for denial of access to the courts, a prisoner must allege specific facts, which if ultimately proven true, would satisfy the "actual injury" requirement of Lewis v. Casey. Conclusory allegations of actual injury are not sufficient.

A prisoner who claims that he has been denied his constitutional right of access to the courts must allege facts showing some specific harm to a particular legal right, which is directly attributable to inadequate access to legal resources. Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) ("plaintiffs must plead and prove prejudice stemming from the asserted violation"). "[I]n order to establish a claim of constitutional dimensions, an inmate must come forward with something more than vague and conclusory allegations of harm. He must establish some specific prejudice...." Bannan v. Angelone, 962 F.Supp. 71, 74 (W.D.Va. 1996). "Plaintiffs must demonstrate, for example, that the inadequacy" of access to legal resources "caused such actual injury as the late

filing of a court document or the dismissal of an otherwise meritorious claim." Pilgrim, 92 F.3d at 416. See also, Myers, 101 F.3d at 544.

The instant complaint is plainly deficient, because it does not identify even one specific instance in which Plaintiff actually forfeited a valuable legal right as a direct result of the restrictions allegedly imposed on his access to legal resources. There are no factual allegations suggesting that Plaintiff has actually lost any specifically identified claim or defense in any pending or contemplated legal proceeding, which would have been preserved if he had been provided adequate legal resources.

In sum, even with the benefit of liberal construction, Plaintiff's current pleading does not state an actionable claim for denial of access to the courts, because it does not adequately identify any "actual injury." Plaintiff's vague reference to "undue delay and hardship in his legal proceedings" is merely conclusory. That allegation will not support an actionable access-to-the-courts claim, because it provides no specific facts showing that any specific claim or defense actually has been lost as a direct result of the alleged denial of access to legal resources. See Sabers, 100 F.3d at 84 (access-to-courts claim was properly dismissed where prisoner "offered no facts" showing that alleged lack of legal resources actually "prejudiced her in a legal case").

Finally, the Court finds that Plaintiff cannot bring a class action suit for denial of access to the courts. "Absent standing to bring the claim in [his] own right, [Plaintiff] is not eligible to represent a class of persons raising the same claim." Sabers, 100 F.3d at 84. If there are other inmates who can meet the actual injury requirement, they will have to bring their own civil rights actions. Plaintiff cannot attempt to sue for any such

individuals by attempting to maintain a class action, (or otherwise).

Because Plaintiff is not an attorney, he cannot represent other people, including other prisoners who might be members of a proposed class, in a legal action such as this one. It would be "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). Plaintiff certainly has a right to represent himself and pursue his own legal claims and interests even though he is not a lawyer, but he cannot be permitted to jeopardize the legal rights of his fellow inmates by attempting to represent them in court without adequate legal training. Moreover, because Plaintiff has failed to state an actionable claim on his own behalf, he is not entitled to an appointment of counsel in this case. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief). It will therefore be recommended that Plaintiff's request for class action certification, and his request for appointment of counsel, be denied.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff has failed to state an actionable claim for denial of access to the courts, and that his action must therefore be dismissed pursuant to 28 U.S.C. § 1915A(b). Because Plaintiff has not stated any viable claim in his complaint, he is not entitled to pursue this matter further, and his self-styled "Request For Discovery," (Docket No. 4), must be denied.

Plaintiff's application for leave to proceed IFP must also be denied because he has failed to state an actionable claim for relief. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $150 filing fee.[5] He has paid only $12.40, so he still owes $137.60. Jail officials will have to deduct that amount from his jail trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Lastly, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

**IV. RECOMMENDATION.**

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's "Ex Parte Motion For Class Action Certification And Appointed Counsel," (Docket No. 3), be **DENIED**;

3. Plaintiff's "Request For Discovery," (Docket No. 4), be **DENIED**;

---

[5] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

4. The action be **DISMISSED**, pursuant to 28 U.S.C. § 1915A(b)(1);

5. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $137.60, in accordance with 28 U.S.C. § 1915(b)(2); and

6. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: December 22, 2000

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.