UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jesus Carmona,

Plaintiff,

v.

ORDER
Civil No. 002447 (MJD/ESS)

Dick Ross, et al.

Defendants.

---

This matter is before the Court upon Plaintiff's objections to the Report and Recommendation of United States Magistrate Judge E.S. Swearingen dated May 10, 2001. In addition to filing objections, Plaintiff has also filed an Amended Complaint.

Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based on that review the Court will not adopt the Report and Recommendation dated May 10, 2001.

Magistrate Judge Swearingen conducted an initial screening of the Plaintiff's Complaint, and determined that Plaintiff had not properly plead a claim for which relief can be granted. Specifically, Plaintiff alleged that he was denied access to law books and legal materials, and claimed generally that he was harmed as a result. The Magistrate Judge correctly found that to properly state a claim for lack of access to the courts, a plaintiff must allege a lack of access to law materials or lack of access to a legal assistance program, which includes access to legal counsel.

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The Magistrate Judge also determined that Plaintiff had failed to identify how he was harmed by such alleged lack of access to the courts.

In response to the Report and Recommendation, Plaintiff filed an Amended Complaint. In this Amended Complaint, Plaintiff now alleges that he was denied access to law books and other legal materials, and that he was also denied counsel at his extradition hearing. Amended Complaint ¶ 15. He further alleges that because he was denied such access, he was forced to defend himself at the extradition hearing, and that he was extradited because he could not adequately represent himself.

Because Plaintiff now states a claim for relief, the Court will allow Plaintiff to proceed pursuant to the claims contained in the Amended Complaint.

The Court finds that Plaintiff is eligible for IFP status, and his IFP application will therefore be GRANTED. This means that he will be allowed to bring the present action without pre-paying the full filing fee. He will, however, be required to pay the unpaid balance of the filing fee, in installments pursuant to 28 U.S.C. § 1915(b)(2). The Clerk of Court shall provide notice of this requirement to the prison authorities at the institution where Plaintiff is confined.

Because IFP status has been granted, Plaintiff is entitled to have the Defendants served by the U.S. Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). Marshal service will therefore be ordered on the named Defendants. However, Marshal service cannot be accomplished at this time, because Plaintiff has failed to submit adequately supported request for such service. To cure this deficiency, Plaintiff must submit one properly completed Form USM-285, together

with an extra copy of the Amended Complaint, for each Defendant to be served. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993). If he does not satisfy this requirement by October 1, 2001, he will be deemed to have abandoned his action, and the case will be dismissed, without prejudice, for lack of prosecution. Fed. R. Civ. P. 41(b). If Plaintiff does satisfy this requirement in a timely manner, then a summons shall be issued, and service of process shall be performed by the U.S. Marshal. However, the Marshall will be required to serve only those Defendants for whom Plaintiff has submitted a properly completed Marshal service form (USM-285), and an extra copy of the Amended Complaint. (Form USM-285 will be provided by the Clerk's office upon request.)

Those Defendants upon whom service of process is effected will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this Order shall be served with the summons and Amended Complaint, so that Defendants will be apprised of their obligation to file a responsive pleading.

Based upon the above, and upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action, in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to prison authorities at the institution where Plaintiff is confined;

3. On or before October 1, 2001 Plaintiff shall file one completed Form USM-285 and one extra copy of the Amended Complaint for each Defendant to be served, failing which it will be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b);

4. If Plaintiff complies with the requirements of this order in a timely manner, a summons shall be issued and the U.S. Marshal shall effect service of process on those Defendants for whom Plaintiff has submitted a properly completed Marshal service form and an extra copy of the Amended Complaint;

5. A copy of this order shall be served by the Marshal with the summons and Amended Complaint; and

6. Those Defendants on whom service of process is effected shall be required to file a response to Plaintiff's Amended Complaint.

Dated:
August 29, 2001

Michael J. Davis
United States District Court