UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JESUS CARMONA,

Plaintiff,

v.

DICK ROSS,

Defendant.

Civil No. 00-2447 (MJD/ESS)

**ORDER**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff Jesus Carmona's Request for Discovery [Docket No. 4], Motion for Production of Documents [Docket No. 14], Request for Production of Document [Docket No. 17], Request for Discovery/Production of Documents [Docket No. 20], and Motion to Compel/Sanctions [Docket No. 21]. The Defendant has not filed a responsive memorandum to these filings.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331. These proceedings have been referred to the undersigned under 28 U.S.C. § 636 and Local Rule 72.1(c). Based on the file and documents contained therein, the Court makes the following:

**ORDER**

1) **Motions for Discovery.** Plaintiff, Jesus Carmona ("Carmona") has filed four discovery motions, although some of them have been labeled as "requests."

In the first document, Carmona requests discovery of the names of sheriffs and jailers he came into contact with while in jail in Crow Wing County, jail policies relating to prisoner's access to legal materials, etc., job titles, duties, etc., of all the jailers, jail policies relating to the treatment of a prisoner's request for legal material, etc., other relevant policies, and the names and addresses of the people responsible for making policies for the jail and for training and supervising the jailers

FILED JAN 3 1 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

with respect to the prisoners' access to legal materials. [Docket No. 4]. This motion was filed on November 13, 2000. It was served on Defendant, Dick Ross ("Ross"), by mail on November 7, 2000.

In the second document, Carmona moves for the production of documents. Specifically, he moves for the production of all of his "legal papers, motions, compl[ai]nts, actions, gr[i]evances, etc." [Docket No. 14]. He also seeks production of any mail received by the jail that has not been forwarded to him. Id. He goes on to elaborate that he wants copies of all documents from two lawsuits that he has filed in the District Court, this lawsuit, Carmona v. Ross (File No. 00-2447), and Carmona v. Erholtz and Peterson (File No. 00-2781). Id. This Motion was filed on September 10, 2001.

In the third document, Carmona, with slight variations, reiterates the motion for production of documents presented in his second filing. [Docket No. 17]. He moves for the production of all documents seized from him upon his extradition to Louisiana on February 5, 2001. He requests production of all filings and orders in this lawsuit, Carmona v. Ross (File No. 00-2447), Carmona v. State of Minnesota (File No. 01-774), and Carmona v. Erholtz and Peterson (File No. 00-2781). This request was filed on October 26, 2001.

In the fourth document, Carmona seeks production of many of the items sought in earlier requests. For example, he requests copies of grievances, documents received from him, policies and procedures regarding prisoner treatment and access to legal resources, and the court files from his cases in federal court. [Docket No. 20]. He also requests a variety of other materials, including, among other things, procedures for verifying the validity of search warrants, confiscation of property of prisoners, and the release of prisoners to extradition agents, transcripts of all hearings and proceedings in which Carmona participated, the copy of the Louisiana warrant for Carmona's arrest,

and the Minnesota warrant for Carmona's arrest. Id. This motion was filed on December 13, 2001. It was served on Ross by mail.[1]

Though some of these documents are labeled as "requests," the Court construes them as motions pursuant to Rule 7(b)(1) of the Federal Rules of Civil Procedure.[2] Carmona did not certify that his motions were brought after a good faith effort to secure the discovery without court action, as required by Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure. Consequently, the Court cannot be sure that these motions involve any actual disputes about discovery. On that ground alone, the Court is inclined to deny these motions without prejudice to permit the parties to conduct discovery. However, there are additional reasons for denying these motions.

Rule 5(a) of the Federal Rules of Civil Procedure requires that "every written motion other than one which may be heard ex parte" must be served upon any party not in default. Carmona's first and fourth motions were served on Ross; however, his second and third motions were mailed to the Court without an Affidavit of Service. Thus, there is no indication that they were sent to opposing counsel. As a result, the Court cannot conclude that Ross has received notice of the second and third motions. Consequently, the Court concludes that the second and third motions are not properly before the Court and should be dismissed without prejudice.

With respect to the first motion, the Court notes that the Summons in this case was not served

[1]The Court cannot determine when this motion was mailed to Ross. The Motion was executed on the 12th of November 2001. The Certificate of Service states that it was placed in the mail "this 12, Day of 2001." The cover letter to the Court was completed on November 23, 2001. It was mailed to the Court on December 10, 2001. The Court concludes only that it was, in fact, mailed to Ross on or before December 10, 2001.

[2]If these filings were intended as discovery requests, as opposed to motions, Carmona should have refrained from filing them with the Court until they are needed in this proceeding. See Fed. R. Civ. P. 5(d).

on the Defendant until September 27, 2001. [See Docket No. 16]. The first motion was mailed to the Ross on November 7, 2000, almost 11 months before he was served with the Complaint. [See Docket No. 4]. At the time, this motion was premature. Since that time, Carmona has repeated the requests made in this motion, rendering it largely redundant.

The fourth motion was mailed to Ross' attorney; it was filed with the Court on December 13, 2001. Because Ross has not been given adequate time to respond the Court cannot be sure that there is any actual dispute between the parties. While the Court is ordering that this motion be dismissed without prejudice, Ross is directed to treat this motion as a discovery request, and respond appropriately.

For these reasons, the Plaintiff's discovery motions are **DENIED WITHOUT PREJUDICE** [Docket Nos. 4, 14, 17, 20]. Plaintiff may renew these motion by re-filing the motions in accordance with the Federal Rules of Civil Procedure.

**2) Motion to Compel.** On December 27, 2001, Carmona mailed a Motion to Compel/Sanctions to the Court; at the same time, he sent a copy to Ross' attorney. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, a party has 30 days to respond to a discovery request. As stated above, it is unclear when Carmona's fourth motion was sent to Ross. Consequently, the Court cannot conclude that Ross has failed to respond to the discovery request within the time limits provided by Rule 34. Furthermore, Carmona did not certify that his motion was brought after a good faith effort to secure the discovery without court action, as required by Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure. Accordingly, this motion is **DENIED WITHOUT PREJUDICE** [Docket No. 21]. If Ross fails to respond to Carmona's fourth motion for discovery, then, after the parties attempt to resolve their differences without court action, Carmona may renew his motion.

Dated: January 30, 2002

E. S. SWEARINGEN
United States Magistrate Judge