UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

2

JESUS CARMONA,

Plaintiff,

v.

DICK ROSS,

Defendant.

Civil No. 00-2447 (MJD/ESS)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff Jesus Carmona's ex parte motion for class certification and for appointment of counsel [Docket No. 3].

This Court has jurisdiction pursuant to 28 U.S.C. § 1343 and these proceedings have been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, the Court recommends that Plaintiff's motions be denied.

## I. BACKGROUND

As stated in the Court's earlier Report and Recommendation, Plaintiff was arrested and taken into custody on May 21, 2000. He was detained in the Brainerd City Jail by Defendant Dick Ross, the Sheriff for Crow Wing County, Minnesota. Plaintiff's current pleading provides no explanation for his apprehension and confinement; but Plaintiff filed a habeas corpus petition in this District earlier this year, (Carmona v. Ross, Civil No. 00-1450 (MJD/ESS)), which shows that he was arrested for an alleged parole violation.[1] On February 5, 2001, Plaintiff was extradited and is currently incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana [Docket Nos. 11 and 14].

[1] Plaintiff's habeas case was summarily dismissed without prejudice, because he had not yet exhausted his available state court remedies.

JAN 3 0 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In the present case, Plaintiff claims that Defendant Ross and his deputies, (identified as John Doe defendants), have violated his constitutional right of access to the courts. He alleges that Defendants have denied his repeated requests for "law books and legal cases," refused to make copies of his "legal materials and petitions for court," and barred him from using a computer. It is further alleged that "[b]ecause of his denial of access to legal materials and a law library to research and prepare, Plaintiff has suffered undue delay and hardship in his legal proceedings." [Docket No. 1]. Plaintiff has also named his former public defenders, several jail administrators, Crow Wing County, and the City of Brainerd as Defendants. [Docket No. 9].

Plaintiff seeks: 1) the appointment of an attorney; 2) to hold the Defendants accountable for their actions in depriving him of his civil rights; 3) damages; 4) an award of the weekly salary he lost due to the deprivation of his civil rights; 5) an award of ten million dollars ($10,000,000.00) for false imprisonment; 6) punitive damages in the amount of one hundred million dollars ($100,000,000.00); 7) an award of a new house for the one Plaintiff lost as a result of Defendants actions; 8) a jury trial; 9) any other award to which he is entitled; and 10) punitive damages in the amount of five hundred thousand dollars ($500,000.00) from each Defendant.

Plaintiff has moved for class action certification and for appointment of counsel.

## II. DISCUSSION

### A. Class Action Standard

Plaintiff has filed an ex parte motion to certify a class consisting of "all prisoners and pre-trial detainees, held in Minnesota's jails throughout the State of Minnesota." [Docket No. 3]. Rule 23(a) of the Federal Rules of Civil Procedure states that one or more individuals of a class may sue on behalf of the class if: 1) the class is so numerous that joinder of all the members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses

of the representative are typical of those of the class; and 4) the representative will fairly and adequately protect the interests of the class. All four requirement of numerosity, commonality, typicality and adequacy of representation must be met with respect to each subclass in the class action. Roby v. Southwestern Ry. Co., 775 F.2d 959 (8th Cir. 1985). For the reasons stated below, the Court recommends that Plaintiff's motion for class certification be denied.

One of the prerequisites for brining a class action suit is that, at the time the class is certified, the representative must be a member of the class. See Bishop v. Committee on Prof'l Ethics and Conduct of the Ia. State Bar Ass'n, 686 F.2d 1278, 1289 (8th Cir. 1982); see also Inmates of Lincoln Intake and Detention Facility by Windes v. Boosalis, 705 F.2d 1021 (8th Cir. 1983). Because Plaintiff is no longer a prisoner in Minnesota, he is no longer a member of the class he seeks to certify. Thus, under Bishop and Windes, his motion should be denied.

However, even if the Court rejects the application of Bishop and Windes to this case, Plaintiff's motion should be denied because he has not met all of the requirements of Rule 23(a).

The Court finds that the class is so numerous that joinder of all the members is impracticable. Plaintiff has provided no indication as to the actual size of the class he seeks to represent. However, using a conservative estimate, the Court suspects that the class easily exceeds 1000 people. Thus, the Court concludes that the class is sufficiently numerous to render joinder impracticable.

The Court concludes that the Plaintiff has failed to demonstrate that there are common questions of law and fact for the members of the class. "Commonality is not required on every question raised in a class action. Rather, Rule 23 is satisfied when the legal question ' "linking the class members is substantially related to the resolution of the litigation."'" DeBoer v. Mellon Mortg. Co., 64 F.3d 1171, 1174 (8th Cir. 1995). Reviewing Plaintiff's Amended Complaint,

many of his allegations seem to relate exclusively to him; the legal questions involved do not link the class members effectively to the litigation. In Paragraph 1, Plaintiff alleges he was arrested without a lawful warrant. [Docket No. 9]. In Paragraph 8, Plaintiff alleges that he was being held on an out-of-state warrant for an alleged violation of a probation agreement with the State of Louisiana, in violation of the Eighth Amendment to the United States Constitution. Id. In Paragraph 9, Plaintiff alleges that his arrest on a Sunday for a misdemeanor violation violates state and federal law. Id. In Paragraph 21, among others, Plaintiff alleges that he was denied access to legal research materials. Id. In Paragraphs 26 and 27, Plaintiff alleges that he lost his house and his job as a result of his incarceration. Id. In Paragraph 28, Plaintiff alleges that he was forced to defend himself in an extradition hearing without any access to legal materials. Id. In paragraph 33, Plaintiff alleges that the denial of his access to legal representation and a law library caused him to suffer false imprisonment, false arrest without an arrest warrant, an imprisonment absent a violation of criminal law. Id. The Plaintiff provides no evidence that these claims are common to the class; rather, they are likely common to a variety of smaller sub-classes of prisoners.

Furthermore, while Plaintiff seeks to represent a class composed of all of the prisoners in the state, the Defendants in this case are all located in Crow Wing County. Not only is it unclear whether the prisoners in other counties face the same problems, Plaintiff has not sued anyone in those counties. At best, Plaintiff's allegation might be common for prisoners in Crow Wing County. However, even that conclusion is precluded by Plaintiff's pleadings. He states that he has been prevented from using a computer to prepare his legal actions, but female prisoners have been permitted to use computers. [Docket No. 1]. He also states that "orders [have] been given to [Defendant Dick Ross'] Deputies not to make any copies for me, while providing unlimit[ed]

acccss to other prisoners of their artwork." Id. By Plaintiff's own admission, members of the class do not experience the same treatment of which he complains. Consequently, the Court cannot find that his claims are common to the class.

Plaintiff has not demonstrated that his claims are typical of the class. The burden of demonstrating typicality is fairly easily met so long as other class members have claims similar to the named plaintiff. Alpern v. Utilicorp United, Inc., 84 F.3d 1525, 1540 (8th Cir. 1996); see also DeBoer, 64 F.3d at 1174. While the burden of demonstrating typicality is easily met, it does require more than conclusory allegations. See Paxton v. Union Nat. Bank, 668 F.2d 552, 562 (8th Cir. 1982). Plaintiff's claims are not typical. He maintains that he could not be arrested on Sunday, that he could not be arrested without a warrant, and that his extradition hearing was not conducted properly. These claims are very specific and Plaintiff has failed to demonstrate that they are typical of the average prisoner. Plaintiff's lack of access to legal resources may be typical of other prisoners. However, Plaintiff only makes conclusory allegations that there are other prisoners who have suffered similarly. [Docket No. 4]. Furthermore, as stated above, Plaintiff's pleadings suggest that other members of the class did not suffer similar treatment. [See Docket No. 1]. Though the typicality requirement may be satisfied "fairly easily," the class that Plaintiff seeks to certify is overly broad; consequently, the Court cannot find that Plaintiff has met his burden of demonstrating typicality with respect to this class.

Finally, Plaintiff has failed to demonstrate that he will fairly and adequately protect the interests of the class. "The focus of Rule 23(a)(4) is whether: (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." Paxton, 688 F.2d at 562-63. The Court has already suggested that, with respect to at least a few claims, Plaintiff does

not have common interests with the other members of the class. Secondly, Plaintiff is not represented by qualified counsel. Finally, as mentioned above, Plaintiff has only sued people in Crow Wing County, but he seeks to represent prisoners from all over the state. Accordingly, the Court finds that he has not demonstrated that he will fairly and adequately protect the interests of the class.

The Plaintiff has sought certification for a very broad class of people. However, the factual allegations in the Amended Complaint, the legal theories on which they are based, and the Defendants against whom he has made the allegations, all relate to a much smaller class of prisoners. Consequently, the Court concludes that the Plaintiff has not met the prerequisites of Rule 23(a). Accordingly, the Court recommends that his motion be denied.

B. Appointment of Counsel

Plaintiff has moved for the appointment of counsel.[2] In deciding whether to appoint counsel in a civil case, a district court must consider whether the plaintiff and the court will substantially benefit from the appointment of counsel, considering the factual and legal complexity of the case, the plaintiff's ability to investigate the facts, the existence of conflicting testimony and the ability of the plaintiff to present his claim. Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996); see also Swope v. Cameron, 73 F.3d 850 (8th Cir. 1996). The appointment of counsel should be given serious consideration if the plaintiff has not alleged a frivolous or malicious claim and the pleadings state

[2]While the undersigned is capable of ruling upon this motion, it has been included in this Report and Recommendation for two reasons. Firstly, this motion and the motion for class certification were presented in the same document. [See Docket No. 3]. Consequently for the sake of efficiency and clarity of the record, the undersigned has addressed it here. Secondly, because part of the Court's analysis of the question of class certification includes the representative's ability to protect the interests of the class, Plaintiff's motion for the appointment of counsel is arguably relevant to his motion for class certification.

a prima facie case. Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992).

Factually, this case does not seem to be complex. Plaintiff was arrested and extradited. In the course of those proceedings, Plaintiff had two public defenders. Plaintiff challenges the propriety of his arrest, the adequacy of his access to legal materials, the adequacy of representation he received from the public defenders, and his treatment by the authorities.[3] Legally, there is a certain level of complexity. The Defendant, Dick Ross, has raised a defense of qualified immunity to Plaintiff's claims. However, showing some familiarity with the law, Plaintiff sued the Defendants in their official and individual capacities. The Court is unsure about whether there will be conflicting testimony, although the Defendant, Dick Ross, has denied many of the allegations in Plaintiff's complaint. [See Docket No. 18]. While Plaintiff's ability to investigate the facts in this case is limited by the fact that Plaintiff is incarcerated in another state, Plaintiff's claims seem to relate to events which he witnessed, arguably making investigation largely unnecessary. Finally, the Court is not convinced that Plaintiff's claim is not frivolous. Plaintiff has attempted to sue his former public defenders for, among other things, the failure to make objections. [See Docket No. 9, Paragraphs 7 and 8]. Part of his cause of action is based on the fact that he was arrested on Sunday. [See Docket No. 9, Paragraph 8]. His prayer for relief includes two claims for punitive damages and a house to replace the one he lost as a result of the events underlying this cause of action. In addition, because the Plaintiff is suing his former public defenders, the Court finds it difficult to conclude that the appointment of counsel would be helpful to the Court or the Plaintiff.

[3]Plaintiff's Amended Complaint named several Defendants as parties. [See Docket No. 9]. However, only Dick Ross has been served with the Complaint. [See Docket No. 16]. This Court's earlier order suggests that Plaintiff's claims will be dismissed for failure to prosecute if Plaintiff fails to effect service on the Defendants. [See Docket No. 13]. While many of the Defendants have not apparently been served, they have not yet been dismissed from this case.

Accordingly, the Court recommends that Plaintiff's motion for appointment of counsel be denied as well.

## III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED**:

1. That Plaintiff's Motion for Class Certification be DENIED [Docket No. 3]; and

2. That Plaintiff's Motion for Appointment of Counsel be DENIED [Docket No. 3].

Dated: January 30, 2002

E. S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.