UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jesus Carmona,

Plaintiff,

v.

ORDER
Civil No. 00-2447 (MJD/ESS)

Dick Ross, et al.

Defendants.

---

This matter is before the Court upon Plaintiff's motion to vacate judgment pursuant to Fed. R. Civ. P. 60(b).

Background

By Order dated June 26, 2002, this Court adopted the Report and Recommendation of Magistrate Judge E.S. Swearingen, and granted Defendant's motion for summary judgment based, in part, on the Rooker-Feldman doctrine. Plaintiff now moves the Court to vacate the Order of June 26, 2002 arguing that the Rooker-Feldman doctrine is unconstitutional. After filing the instant motion. Plaintiff filed a notice of appeal to the Eighth Circuit Court of Appeals.[1]

Rule 60(b) provides that a court may relieve a party from a final judgment for the following reasons: 1) mistake, inadvertence, surprise, or excusable neglect;

---

[1]Defendant Ross argues that this Court does not have jurisdiction over Plaintiff's motion to vacate judgment, as Plaintiff has filed a notice of appeal. Because the motion to vacate was filed before the notice of appeal, the appeal lies dormant until the district court rules on the pending motion. Accordingly, this Court does have jurisdiction to rule on the motion to vacate judgment. See United States v. Duke, 50 F.3d 571, 575 (8th Cir. 1995).



FILED 8-20-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); 3) fraud, misrepresentation or other misconduct of an adverse party; 4) the judgment is void; 5) the judgment has been satisfied, released or discharged; or 6) any other reason justifying relief from the operation of the judgment. To be entitled to relief under this Rule, Plaintiff must demonstrate exceptional circumstances. Brooks v. Ferguson-Florissant School District, 113 F.3d 903, 904 (8th Cir. 1997).

Plaintiff's motion is based on the argument that the Rooker-Feldman doctrine is unconstitutional, and that an amended complaint cured any defects. The Eighth Circuit has held, however, "that 'Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment.'" Spinar v. South Dakota Board of Regents, 796 F.2d 1060, 1062 (8th Cir. 1986)(quoting, Hartman v. Lauchli, 304 F.2d 431, 432 (8th Cir.1962). Thus, when a motion is based upon the argument that the district court made a legal error, the motion does not set forth a ground for relief cognizable under Rule 60(b). Id.

Based upon the above, and upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that Plaintiff's Motion to Vacate Judgment is DENIED.

Dated: August 20, 2002

Michael J. Davis
United States District Court