UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Jesus Carmona,

Plaintiff,

vs. ORDER

Dick Ross, et al.,

Defendants. Civ. No. 00-2447 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

This matter is before the undersigned United States Magistrate Judge, pursuant to a general assignment made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the routine supervision of cases pending in this District.

Our Court of Appeals recently remanded the matter to this Court in order to allow the Plaintiff additional time in which to serve those Defendants, who were newly added in the Plaintiff's Second Amended Complaint -- namely, John Sausen, Judge David Ten Eyck, Tim Friis, Jesse Ventura, Mike Hatch, Harvey Doe, Don Inwards, and Pete Doe. See, Docket No. 66, at p. 3. On remand, the Plaintiff requested the USM-285 forms, for service upon the Defendants, and moved for their production,

which we granted, and we directed the Clerk of Courts to submit the requested number of USM-285 forms to the Plaintiff.[1] See, Docket No. 70.

In our Order of January 21, 2005, we noted that, while the Plaintiff had submitted the necessary USM-285 Forms for service, we had not received the requisite number of copies of the Plaintiff's Second Amended Complaint, which has been allowed to proceed against certain of the Defendants, in accordance with the directives of the Court of Appeals for the Eighth Circuit. See, Docket No. 66. We further noted that, although the Plaintiff is proceeding in forma pauperis, this entitlement does not embrace copying costs. See, e.g., Sankitts v. Evans, 113 F.3d 1247 (10th Cir. 1997)[Table Decision]; Nance v. Cooper, 1996 WL 583444 *2 (N.D. Ill., October 7, 1996). Accordingly, we directed the Plaintiff to submit to the Clerk of Court, by no later than February 22, 2005, a copy of his Complaint for each of the Defendants, who was newly added to the Plaintiff's Second Amended Complaint.

[1]We note that the Defendant requested sixteen (16) USM-285 forms, which is the total number of Defendants named in the Plaintiff's Second Amended Complaint. However, our Court of Appeals affirmed the dismissal of several other previously named Defendants, including the City of Brainerd, Crow Wing County, Rod McCulley, Marshall Prescott, Denny Peterson, David Hermerding, and Jennifer Cummins, but held that the dismissal was to be without prejudice. See, Docket No. 66, at p. 3. Therefore, those entities, or individuals, are no longer parties to this case.

We subsequently received a Response from the Plaintiff, in which he asserts that he served the Court with fourteen (14) copies of his Second Amended Complaint, in May of 2002, apparently in conjunction with the filing of that Complaint. However, a careful review of the Plaintiff's file discloses no such copies, and therefore, the Plaintiff will be required to submit to the Clerk of Court, **by no later than May 25, 2005**, a copy of his Complaint for each of the Defendants, who was newly added to the Plaintiff's Second Amended Complaint. We decline the Plaintiff's requests to direct any additional investigation into the whereabouts of the copies of the Complaint, which the Plaintiff asserts that he previously submitted.

Upon receipt of the requisite number of copies of the Plaintiff's Second Amended Complaint, the Clerk of Court shall issue a Summons, and the United States Marshal shall serve a copy of the Complaint and Summons, upon the Defendants as directed by the Plaintiff, and all costs of service shall be advanced by the United States. We forewarn the Plaintiff that if he fails to comply with any of the above directives, including the time limitations noted, we shall recommend that his Second Amended Complaint be dismissed for failure of prosecution.[2]

[2]Additionally, the Plaintiff has requested that we investigate the lack of action (continued...)

NOW THEREFORE, it is --

ORDERED:

1. That, should the Plaintiff intend to pursue this action, he is directed to submit sufficient copies of his Second Amended Complaint to the Clerk of Court, for service upon each of the Defendants, who was newly added to his Complaint, **by no later than May 25, 2005.**

2. That upon receipt of the requisite number of copies of the Plaintiff's Second Amended Complaint, the Clerk of Court shall issue a Summons and the United States Marshal shall serve a copy of the Complaint and Summons upon the Defendants as directed by the Plaintiff, and all costs of service shall be advanced by the United States.

---

[2](...continued)
on his Writ of Habeas Corpus, in a separate civil matter that he filed on June 13, 2000 -- namely, Civil Case 00-1450 (MJD/ESS). For the Plaintiff's information, his Petition for a Writ of Habeas Corpus, in that case, was dismissed without prejudice, on November 1, 2000, and the case file was subsequently closed. Thereafter, in September of 2004, the Plaintiff began filing documents in the closed file, including what appears to be a request to have his Petition reinstated. However, once the Plaintiff's Petition for a Writ of Habeas Corpus was dismissed without prejudice, the appropriate procedure is to file a new cause of action, and the Plaintiff may pursue that course of action, should he so choose.

3. That, in the event that the Plaintiff fails to comply with any of the above directives, including the time limitations noted, the Court shall recommend that this action be dismissed for failure of prosecution.

BY THE COURT:

Dated: April 20, 2005

s/Raymond L. Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE