UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jesus Carmona,<br><br>Plaintiff,<br><br>vs.<br><br>John Sausen, et al,<br><br>Defendants. | Case No. 00-2447 MJD/ESS<br><br>**ANSWER TO COMPLAINT** |

---

COMES NOW John Sausen, Don Inwards, Marshall Prescott, Rod McCulley, Dick Ross, Harvey (Doe) and Pete (Doe), for their Answer to Plaintiff's Complaint, state and allege as follows:

I.

Unless hereafter admitted, qualified or otherwise answered, these defendants deny each and every thing, matter and particular alleged in Plaintiff's Complaint.

II.

These defendants specifically deny Plaintiff has stated a cognizable claim for relief under 42 U.S.C. §1983, §1985, §1986, §1987, or §1988 and further deny plaintiff sustained any deprivation of rights or constitutional injuries as alleged in his Complaint.

III.

Defendants specifically deny they deprived Plaintiff of rights, privileges and immunities secured by the United States Constitution and federal and state law.

IV.

These answering defendants specifically deny Plaintiff has set forth with the specificity required a cause of action for a civil rights violation as alleged in plaintiff's Complaint.

V.

These answering defendants specifically deny Plaintiff was kidnapped, falsely arrested, falsely imprisoned, denied access to legal representation and the law library as alleged on page 1 of Plaintiff's Complaint.

VI.

These defendants specifically deny they negligently or intentionally inflicted emotional distress on Plaintiff as alleged in part III section C paragraphs 6 and 7 of Plaintiff's Complaint.

VII.

These answering defendants specifically deny a conspiracy existed to deny and/or violate Plaintiff of his civil rights.

VIII.

Defendants specifically deny any acts of Defendants were intentional, reckless, wanton, malicious and oppressive and deny their acts were in deliberate disregard for the rights and safety of Plaintiff as alleged in the Complaint.

IX.

In April of 1984, a jury in Louisiana found Plaintiff guilt of two counts of armed robbery and imprisoned him for 25 years. On June 14, 1996, Plaintiff was paroled under several conditions, one of which was he stay in Louisiana. Plaintiff subsequently left Louisiana and, in January of 2000, Louisiana issued a warrant for Plaintiff's arrest. Plaintiff was arrested in May of 2000 and detained at the Crow Wing County Jail. In July 2000, the Governor of Minnesota signed a warrant authorizing Plaintiff's extradition to Louisiana. Plaintiff filed a habeas corpus petition in state court, which was denied. The decision was upheld at the Minnesota Court of Appeals and the Minnesota Supreme Court chose not to review the decision.

X.

These answering defendants affirmatively allege at all times material hereto they were performing discretionary acts in the scope of their duties with a good faith belief their conduct was lawful, constitutional, proper and based upon probable cause.

XI.

Defendants affirmatively allege the arrest and apprehension of plaintiff was lawful as a matter of law.

XII.

These answering defendants affirmatively allege this action is barred by the doctrines of collateral estoppel, res judicata, Rooker-Feldman and Heck vs. Humphries. On May 8, 2002, Magistrate Judge Swearengen of this court, granted Defendant Dick Ross' motion for summary judgment against Plaintiff. The cause of action in the prior suit is identical to the cause of action in this case. Judge Davis adopted that Report and Recommendation on June 26, 2002. The 8th Circuit reversed the District Court's dismissal of the defendants in Plaintiff's Second Amended Complaint to allow Plaintiff would time to properly serve them.

XIII.

Defendants admit they were acting in the course and scope of their employment with Crow Wing County at all relevant times, and all claims against them are official capacity claims only.

XIV.

Defendants specifically deny service of process against them is valid, or legitimate

XV.

Defendants affirmative allege Plaintiff's claims are barred by the applicable statute of limitations.

XVI.

Defendants allege as an affirmative defense the state tort allegations in Plaintiff's Complaint set forth a cause of action for the performance or failure to perform a discretionary function or duty and this action is barred by Minn. Stat. §466.03, subd. 6 and further, Plaintiff has failed to comply with the notice requirements of Minn. Stat. §466, et. seq. and therefore, the state tort claims are not actionable.

XVII.

Defendants allege any injuries or damages sustained by plaintiff were caused by, due to and the result of the careless, negligent and unlawful conduct on the part of Plaintiff and that Plaintiff's fault was greater than any fault of any other person and therefore, defendants are not liable to Plaintiff.

XVIII.

Defendants affirmatively allege Plaintiff's claims are barred by the legal doctrines of qualified, statutory and official immunity.

XIX.

Defendants affirmatively allege Plaintiff's Complaint fails to state a cause of action for claims upon which relief can be granted.

**WHEREFORE**, defendants pray Plaintiff take nothing by this pretended claim for relief herein; that these answering defendants be given judgment against plaintiff, dismissing Plaintiff's cause of action with prejudice; that defendants be given judgment for costs,

disbursements and attorney fees herein pursuant to 42 U.S.C. §1988 and for such other relief as the Court may deem just and equitable.

IVERSON REUVERS

Dated: May 27, 2005

By s/Jon K. Iverson

Jon K. Iverson, #146389
Attorney for Defendants
9321 Ensign Avenue South
Bloomington, MN 55438
(952) 548-7200

ACKNOWLEDGMENT REQUIRED BY
MINN. STAT. § 549.211

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, to the party against whom the allegations in this pleading are asserted; provided that this party or the attorneys for this party may advance a claim or defense that is supported by a good faith argument for an extension, modification or reversal of existing law.

By s/Jon K. Iverson
Jon K. Iverson, #146389