UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jesus Carmona,

Plaintiff,

vs.

John Sausen, David Ten Eyck, David Hermerding, Jennifer Cummings, Tim Friis, Jesse Ventura, Mike Hatch, Don Inwards, Marshall Prescott, Rod McCulley, Dick Ross, Harvey (Doe), and Pete (Doe),

Defendants.

Civil File No. 00-2447 MJD/RLE

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS VENTURA, HATCH, TEN EYCK, HERMERDING, AND CUMMINGS**

## INTRODUCTION

This pro se civil rights action is on remand from the Eighth Circuit Court of Appeals to address the second amended complaint of Plaintiff Jesus Carmona, who seeks declaratory relief and damages for his alleged unlawful extradition from Minnesota to Louisiana in 2001. In addition to various Crow Wing county officials, Carmona's second amended complaint names as defendants former Governor Jesse Ventura, Attorney General Mike Hatch, state district Judge David Ten Eyck, and state public defenders David Hermerding and Jennifer Cummings (collectively "the State Defendants").

Carmona's claims for declaratory relief and damages against the State Defendants are based on the denial of his state court petition for a writ of habeas corpus to prevent his extradition to Louisiana for a parole violation. Second Amended Complaint (Docket #40), pp. 6-10, 12-13, 16-18, 22-25. Carmona asserts that the extradition violated his federal constitutional rights on the grounds that: (1) the Louisiana arrest

warrant for his parole violation was invalid and, therefore, the state court should have found the extradition documents were facially deficient, *id.* at pp. 10, 12-13, 22-23, 25; (2) he was kept in custody pending the issuance of a rendition warrant by the governor for more than thirty days, in violation of state statute, *id.* at p. 8; (3) he received ineffective assistance of counsel from the state public defenders, *id.* at pp. 6-8, 16-18; and (4) he was denied public defender representation for the hearing on his habeas corpus petition, *id.* at pp. 9, 21, 24-25.

Carmona's claims against the State Defendants are barred in their entirety by the *Rooker-Feldman* doctrine because they effectively require the Court to reverse the state court's decision denying Carmona's habeas corpus petition. Indeed, in its dismissal of Carmona's prior complaint, the Court has already decided that Carmona's challenges to his extradition are barred by *Rooker-Feldman*. In addition to the *Rooker-Feldman* jurisdictional bar, Carmona's claims against the State Defendants are also barred by collateral estoppel. Carmona's claims against the state public defenders fail from the outset for the additional reason that they have already been dismissed as defendants, and Carmona's damages claim against Judge Ten Eyck is further barred by judicial immunity.

Accordingly, the Court should dismiss Carmona's second amended complaint as to the State Defendants.

## STANDARD OF REVIEW

The existence of subject matter jurisdiction in federal court is a question of law. *Keene Corp. v. Cass,* 908 F.2d 293, 296 (8th Cir. 1990). A federal court must dismiss an action if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss for failure to state a claim should be granted where it is clear no relief could be granted under any set of facts that could be proved consistent with the complaint. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832 (1989). Thus, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Id.* at 326, 109 S. Ct. at 1832. Whether a complaint states a cause of action is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

## ARGUMENT

### I. PLAINTIFF'S CLAIMS AGAINST THE STATE DEFENDANTS ARE BARRED BY *ROOKER-FELDMAN* AND COLLATERAL ESTOPPEL.

As noted, Carmona's claims for declaratory relief and damages against the State Defendants are based on his contention that the state court should have granted his habeas corpus petition to prevent his extradition to Louisiana. Judge Ten Eyck denied Carmona's habeas corpus petition by order dated August 15, 2000.[1] This decision was affirmed by the Minnesota Court of Appeals and Carmona's petition for further review was denied by the Minnesota Supreme Court. *State v. Carmona*, No. C7-00-1487, 2001 WL 69505 (Minn. Ct. App. Jan. 30, 2001), *rev. denied* (Mar. 13, 2001).

In denying Carmona's habeas corpus petition, the state court rejected the same challenges to his extradition that Carmona reasserts here in his second amended complaint. The Minnesota Court of Appeals rejected Carmona's claims that: (1) the

[1] A copy of Judge Ten Eyck's order was previously submitted to the Court as Exhibit J to the Affidavit of Kafi E. Cohn, Docket # 36.

extradition documents were facially deficient; (2) his detention pending issuance of the governor's rendition warrant violated Minn. Stat. § 629.15; (3) he received ineffective assistance of counsel; and (4) he was denied public defender representation for the hearing in his habeas corpus proceeding. *Carmona*, 2001 WL 69505, at *1-3. The court affirmed Judge Ten Eyck's denial of Carmona's challenge to his extradition because the extradition documents were facially valid and showed Carmona had been charged with a parole violation in Louisiana; Carmona's detention did not violate Minn. Stat. § 629.15; Carmona did not demonstrate ineffective assistance of counsel; and Carmona had knowingly and voluntarily waived his right to counsel for the hearing on his habeas corpus petition. *Carmona*, 2001 WL 69505, at *1-3

Because Carmona's claims against the State Defendants seek to reverse the state court's decision denying his habeas corpus petition, the claims are barred in their entirety by the *Rooker-Feldman* doctrine. This jurisdictional bar to Carmona's claims is dispositive. If, however, the Court proceeds further, Carmona's claims against the State Defendants are barred by collateral estoppel because the state court has already adjudicated the challenges to extradition on which Carmona's claims are based.

**A. *Rooker-Feldman*.**

The *Rooker-Feldman* doctrine provides that, except in the case of federal habeas corpus petitions, "lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000) (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S. Ct. 149 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303 (1983)), *cert.*

*denied*, 531 U.S. 1183 (2001). Federal district courts may not review challenges to state court decisions, "even if those challenges allege that the state court's action was unconstitutional." *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003) (quoting *Feldman*, 460 U.S. at 486, 103 S. Ct. at 1317). Review of such decisions can be had only in the United States Supreme Court under 28 U.S.C. § 1257. *See Feldman,* 460 U.S. at 476, 482, 103 S. Ct. at 1311, 1315.

This jurisdictional bar applies not only to "straightforward appeals but also [to] more indirect attempts by federal plaintiffs to undermine state court decisions." *Lemonds*, 222 F.3d at 492. The *Rooker-Feldman* doctrine thus "precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Charchenko v. City of Stillwater,* 47 F.3d 981, 983 (8th Cir. 1995). This applies to actions under the federal civil rights statutes and to claims for injunctive relief, declaratory relief or damages. *See Keene Corp. v. Cass,* 908 F.2d 293, 297 (8th Cir. 1990); *Ace Constr. v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001).

Carmona's claims against the State Defendants fall squarely within the jurisdictional bar of the *Rooker-Feldman* doctrine, because the claims could succeed only if this Court determined that the state court erred in denying Carmona's habeas corpus petition. Carmona's second amended complaint seeks declaratory relief and damages on the grounds that the state court wrongly denied the challenges to extradition that he re-asserts here. Granting this relief necessarily would require a determination that the state court decision was wrong and thereby effectively reverse or void it. Accordingly, the

*Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction over Carmona's claims against the State Defendants.

This result is confirmed by the Supreme Court's recent clarification of the scope of the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517 (2005). The Supreme Court held that the *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 1521-22.

Each of these four elements is present with respect to Carmona's claims against the State Defendants. First, the state court issued a decision adverse to Carmona by denying his habeas corpus petition that sought to prevent his extradition to Louisiana. Second, the state court decision was issued in August 2000, and affirmed in 2001, before Carmona filed his second amended complaint in May 2002. Third, Carmona claims that the state court decision injured him and violated his federal constitutional rights by denying his challenges to extradition, resulting in the alleged unlawful extradition to Louisiana. Fourth, Carmona's claims against the State Defendants require the Court to review and reject the state court's decision denying his challenges to extradition. To obtain federal court review of this state court decision, Carmona's recourse was to seek Supreme Court review by writ of certiorari under 28 U.S.C. § 1257 after proceeding through the Minnesota appellate courts. *See Exxon Mobil*, 125 S. Ct. at 1521, 1526.

Moreover, the conclusion that *Rooker-Feldman* bars Carmona's claims against the State Defendants is required by the law of the case. "Law of the case doctrine prevents relitigation of issues already decided in a case, including matters decided implicitly, rather than explicitly." *Lair v. Oglesby*, 14 F.3d 15, 17 (8th Cir. 1993); *see also United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995) ("The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy."). In dismissing Carmona's prior complaint brought against the Crow Wing County Sheriff, the Court adopted the magistrate judge's report and recommendation, which determined that Carmona's allegations challenging his extradition were barred by the *Rooker-Feldman* doctrine. Docket #39, at 4-6 (report and recommendation); Docket #46 (order adopting report and recommendation). The Court stated that if it "were to conclude that these allegations provide the basis for a [42 U.S.C.] § 1983 claim, the Court would imply that the Minnesota Court of Appeals decided these issues incorrectly. Because this is exactly what the *Rooker-Feldman* doctrine seeks to prevent, the Court concludes that it lacks subject matter jurisdiction over these matters." Docket #39, at 6. This conclusion was not disturbed on appeal. *Carmona v. Ross*, No. 02-2981, 2003 WL 21251991 (8th Cir. June 2, 2003); *Carmona v. Ross*, 376 F.3d 829, 830-31 (8th Cir. 2004) (per curiam).

Thus, under both the governing case law and the law of the case, the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction over Carmona's claims against the State Defendants.

**B. Collateral Estoppel.**

Even if the *Rooker-Feldman* doctrine does not apply, Carmona's claims against the State Defendants remain barred in their entirety, due to the collateral estoppel effect of the state court's adjudication of Carmona's challenges to extradition. In *Exxon Mobil*, 125 S. Ct. at 1527, the Supreme Court reiterated that the law giving preclusive effect to a state court's decision applies if *Rooker-Feldman* does not deprive the federal court of subject matter jurisdiction.

The issues litigated in Carmona's state habeas corpus proceeding are given the same collateral estoppel effect in this subsequent federal civil rights action as they would have in Minnesota state court. *See Gross v. Heiken*, 957 F.2d 531, 532-33 (8th Cir. 1992) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 83, 104 S. Ct. 892, 897 (1984)), *cert. denied*, 506 U.S. 881 (1992). Under Minnesota law, collateral estoppel may be invoked by a defendant who was not a party to the prior proceeding. *Aufdehar v. Data Dispatch, Inc.*, 452 N.W.2d 648, 652 (Minn. 1990). Collateral estoppel under Minnesota law consists of the following elements:

> (1) the issue was identical to the one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Id*. at 650 (quoting *Ellis v. Minneapolis Comm'n on Civil Rights*, 319 N.W.2d 702, 704 (Minn. 1982)); *see also Paulucci v. City of Duluth*, 826 F.2d 780, 784 (8th Cir. 1987) (identifying these elements in applying Minnesota law).

Each of these elements is present here. As already discussed, the issues on which Carmona bases his claims in this case are the same issues he raised in his state habeas corpus proceeding. These challenges to Carmona's extradition were adjudicated and rejected in that state court proceeding. Carmona was obviously a party to the state habeas corpus proceeding. Further, the proceeding ended with a final judgment on the merits, as the Minnesota appellate courts have affirmed the denial of Carmona's habeas corpus petition. There also is no question that Carmona had a full and fair opportunity to litigate the issues he raised in challenging his extradition. A federal court may find that state proceedings fail to provide a full and fair opportunity to litigate only if they do not satisfy the minimum standards of the Due Process Clause. *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 480-85, 102 S. Ct. 1883, 1897-99 (1982).[2]

---

[2] To the extent that success on Carmona's claims would call into question the validity of his conviction or sentence on the Louisiana parole violation, the claims are also barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372-73 (1994) (holding that a state prisoner's damages action under 42 U.S.C. § 1983 is not cognizable if success in the action would necessarily imply the invalidity of the prisoner's conviction or sentence, unless the conviction or sentence has already been invalidated); *see also Knowlin v. Thompson,* 207 F.3d 907, 909 (7th Cir. 2000) (applying *Heck* to section 1983 claim of unlawful extradition). Carmona seeks damages for each day he has been confined since he was arrested in Minnesota for the Louisiana parole violation. Second Amended Complaint pp. 29-30. Such claims are barred by *Heck* because their success would necessarily imply the invalidity of Carmona's conviction or sentence on his Louisiana parole violation.

## II. PLAINTIFF'S CLAIMS AGAINST THE DEFENDANT STATE PUBLIC DEFENDERS ARE FURTHER BARRED BECAUSE THESE DEFENDANTS HAVE ALREADY BEEN DISMISSED FROM THIS CASE.

Aside from the reasons discussed above, Carmona's claims against state public defenders Hermerding and Cummings fail from the outset because Hermerding and Cummings have already been dismissed as defendants in this case. In its decision remanding this case for consideration of Carmona's second amended complaint, the Eighth Circuit affirmed this Court's dismissal of Hermerding and Cummings for Carmona's failure to make service after naming them as defendants in his first amended complaint, but modified the dismissal to be without prejudice. *Carmona v. Ross*, 376 F.3d 829, 830-31 (8th Cir. 2004) (per curiam). Following remand, orders of the magistrate judge regarding the issuance of summonses twice confirmed that Hermerding and Cummings have been dismissed as defendants and, therefore, "are no longer parties in this case." Docket #72, at n.1; Docket #74, at n.1. Accordingly, Carmona cannot reassert claims against public defenders Hermerding and Cummings unless and until Carmona files a new action against them and serves them with a summons and complaint in the new action.

In any event, Carmona's claims against Hermerding and Cummings for alleged ineffective representation and conspiracy otherwise fail under the established case law. One of the requirements for stating a cause of action under 42 U.S.C § 1983 is that "the defendants must act under the color of state law." *Chapman v. Musich*, 726 F.2d 405, 407 (8th Cir. 1984), *cert. denied*, 469 U.S. 931 (1984). Public defenders do not act under color of state law when, as here, they are performing traditional functions as counsel to a

criminal defendant. *Polk County v. Dodson*, 454 U.S. 312, 318-25, 102 S. Ct. 445, 449-53 (1981). Public defenders can act under color of state law if they conspire with judges or other state officials to deprive a criminal defendant of federal rights. *Tower v. Glover*, 467 U.S. 914, 923, 104 S. Ct. 2820, 2826 (1984). Carmona, however, makes nothing more than conclusory allegations of conspiracy against Hermerding and Cummings. Second Amended Complaint pp. 9, 16-18, 21, 24. This is insufficient to state a civil rights claim. *See Manis v. Sterling*, 862 F.2d 679, 681 (1988) (holding that conspiracy allegations against public defenders must be pleaded with sufficient specificity and factual support to suggest a meeting of the minds).[3]

## III. PLAINTIFF'S DAMAGES CLAIM AGAINST THE DEFENDANT STATE JUDGE IS FURTHER BARRED BY JUDICIAL IMMUNITY.

Carmona's damages claim against Judge Ten Eyck fails for the additional reason that it is barred by judicial immunity. Carmona seeks damages from Judge Ten Eyck for his judicial acts of conducting a hearing on Carmona's habeas corpus petition in state court and then issuing a decision denying the petition. *See* Second Amended Complaint pp. 9-10, 20-23.

It is well established that judges are absolutely immune from damages claims based on their judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099 (1978). In *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872), the Supreme Court stated that

[3] To the extent Carmona intends also to present a pendent state law claim for legal malpractice against Hermerding and Cummings, it is barred by *Dzubiak v. Mott*, 503 N.W.2d 771 (Minn. 1993), which held that state public defenders are absolutely immune from suit for legal malpractice under state tort law.

"judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction." Because it is absolute, judicial immunity also "applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S. Ct. 1213, 1218 (1967); *see also Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288 (1991) (per curiam) (reiterating that "judicial immunity is not overcome by allegations of bad faith or malice"). The bar of absolute judicial immunity also cannot be overcome by Carmona's allegations that Judge Ten Eyck conspired with the state public defenders. *See Moses v. Parwatikar*, 813 F.2d 891, 892-93 (8th Cir. 1987), *cert. denied*, 484 U.S. 832 (1987). Judicial immunity applies fully to claims brought, as here, under the federal civil rights statutes. *Pierson*, 386 U.S. at 554-55, 87 S. Ct. at 1218.

Carmona's damages claims against Judge Ten Eyck is barred by judicial immunity because Carmona seek damages for the judicial acts of conducting a hearing and issuing a decision on a petition for a writ of habeas corpus. These are clearly judicial acts in that they are functions normally performed by a judge and the parties in the state court habeas proceeding were dealing with the judge in his official capacity. *See Stump*, 435 U.S. at 362, 98 S. Ct. at 1107.

Further, Carmona's second amended complaint identifies no basis to conclude that the challenged actions of Judge Ten Eyck fall within the exception to judicial immunity for actions taken in the "clear absence of all jurisdiction." *Stump*, 435 U.S. at 356-60, 98 S. Ct. at 1105-06 (stating this exception and holding that it did not apply to a state court judge's erroneous approval of a petition to sterilize a minor although the petition

was not assigned a docket number, was not filed with the clerk of court, and was approved ex parte without notice, hearing, or appointment of a guardian ad litem). As evidenced by *Stump*, the "clear absence of all jurisdiction" exception is "an extremely limited exception" to the rule that state judicial officers have absolute immunity from damages claims for their judicial acts. *Coleman v. Watt*, 40 F.3d 255, 259 (8th Cir. 1994). Minnesota district courts are courts of general jurisdiction. *See* Minn. Stat. § 484.01 (2004); *State ex rel. Koalska v. Swenson*, 241 Minn. 278, 282, 62 N.W.2d 842, 844 (1954), *cert. denied*, 347 U.S. 963 (1954). In addition, "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump*, 435 at 356, 98 S. Ct. at 1105.

Thus, in addition to the complete bars of *Rooker-Feldman* and collateral estoppel, Carmona's damages claim against Judge Ten Eyck also fails because of absolute judicial immunity.[4]

---

[4] To the extent Carmona asserts his damages claims against any of the State Defendants in their official rather than individual capacities, the claims are also barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169-70, 105 S. Ct. 3099, 3107 (1985); *Morstad v. Department of Corrs. & Rehab.*, 147 F.3d 741, 743 (8th Cir. 1998). In addition, a state official in his or her official capacity is not a "person" subject to suit for damages under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). Finally, Carmona's claims for relief against the Attorney General fail for the further reason that Carmona does not allege that the Attorney General was involved in the alleged unconstitutional extradition. Second Amended Complaint p. 13 (alleging only that Attorney General denied Carmona's request to prosecute the other defendants).

## CONCLUSION

The Court should grant the motion of Defendants Ventura, Hatch, Ten Eyck, Hermerding, and Cummings to dismiss Plaintiff's second amended complaint.

Dated: June 10, 2005

Respectfully submitted,

**s/ John S. Garry____**

John S. Garry
Bar Number 208899
Mike Hatch
Attorney General
State of Minnesota
Attorneys for Defendants Ventura, Hatch, Ten Eyck, Hermerding, and Cummings

445 Minnesota Street, Suite 1100
St. Paul, MN 55101-2128
Telephone: (651) 282-5719
Fax: (651) 282-5832

AG: #1434388-v1