United States District Court

District of Minnesota

Jesus Carmona

vs

John Sausen,ETAL

Civil Action No: 00-2447

MJD/RLE

RECEIVED BY MAIL

JUL 18 2005

CLERK US DIST COUR MINNEAPOLIS MN

PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS DEFENDANTS VENTURA, HATCH, TEN EYCK , HERMERDING, AND CUMMINGS

NOW INTO COURT COMES, Plaintiff Jesus Carmona, who respectfully deposes and states the following:

1.

This is an action based upon aggravated kidnapping and false -imprisonment, by corrupt state officials acting under the color of state law.

2.

On May 21,2000 the plaintiff was abducted at gun point, by an unidentifiable police officer in the State of Minnesota; and falsely imprisoned against his will and consent.

3.

That said abduction, was knowingly and with deliberate knowledge that no legal authority existed to arrest the plaintiff from his home in the State of Minnesota, in violation of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution



SCANNED

JUL 19 2005

DG

U.S. DISTRICT COURT ST. PAUL

4.

At all times relevant, plaintiff repeatedly demanded his release and production of all and any, valid and sufficient arrest warrant.

5.

At all times relevant, the above named defendants, have at all times herein, deliberately refused to protect the rights of the plaintiff; nor enforce the Constitution, laws and treaties of the United States of America.

6.

This Federal Court has adjudicated that plaintiff did in fact have an action for false arrest and false imprisonment. Since, the defendants has failed to produce any legal arrest warrant for the plaintiff; to officiate legal arrest and extradition to the State of Louisiana.

7.

The United States Supreme Court, in Michigan v. Doran, 99 S.Ct. 530 (1978) held, that in order for an extradition warrant to be valid and lawful. It must rest upon a valid and sufficient, arrest warrant issued by a duly authorized neutral judicial officer of the demanding State, that has determined, that probable cause exists. inwhich it issued the arrest warrant. Then and only then, can the Governor of any State, possess the legal authority and jurisdiction, to issue an extradition warrant for the accused in-question. See Michigan v. Doran, supra. In Carmona v. Andrews, 357 F.3d 535 (5th Cir.2004) That court held that the La. State Parole Board is not a Court of law for juridictional purposes.

8.

In the instant case, the State of Minnesota, never had proper subject-matter jurisdiction over the plaintiff.

9.

STANDARD OF REVIEWS

Defendants' first claim, that ROOKER-FELDMAN and COLLATERAL ESTOPPEL, should apply, is frivolous, argumentive and without merit. The Eighth Circuit, Court of Appeals, rejected this court's opinion on ROOKER-FELDMAN theory. ROOKER-FELDMAN, doesn't apply to habeas corpus issues; only to civil rights actions for damages. Since the plaintiff never filed one in the State of Minnesota.

10.

COLLATERAL ESTOPPEL, doesn't apply in this case; and can not be raised based upon fraudulent claims and issues. The court has the inherent power to inquire into the integrity of its own judgment and to set them aside when fraud or corruption of its officers has been shown. Chicago Title & Trust Co. v. Fox Theatres Corp., 182 F.Supp. 18 (1960); Universal Oil Producers Co. v. Root Refining Co., 66 S.Ct. 1176 (1964). An independent action for relief from judgment is available only to prevent a gave miscarriage of justice. U.S. v. Beggerly, 118 S.Ct. 1862(1998). Since the defendants wants to raise State Court opinions. In Maggee v. Odden, 220 Minn. 498, 20 N.W.2d 87(1945)(held the rule to be applied in view of the recited facts is that, since fraud renders voidable everything into which it enters, the court will look through any form of instrument or proceeding in order to prevent a party from profitting by his fraud; that the court will not take a simgle step to save harmless the party who is guilty of fraud; and that no right can arise out of a fraudulent act. 3 Dunnell, Dig & Supp. § 3834, and cases under notes 99 and 1.

In State v. Rainer, 103 N.W.2d 389, the court stated:

> " the gist of kidnapping is the intentional taking of a person and compelling him to be detained against his will.(MSA. 609.25.(4)) The offender does not need to confine the victim for a substantial period of time or remove the viction a substantial distance to complete the offense. Neal v.State, 658 N.W.2d 536 (quoting State v. Morris, 160 N.W.2d 715,717,718 (1968); and State v. Budreau, 641 N.W.2d 919,929 (2000).

In Rosvall v. Provost, 155 N.W.2d 900,904 (1968) the court held, an action for false imprisonment may not be maintained where an arrest or detention is made by virtue of process legally sufficient in form and duty executed by a court or official having jurisdiction to issue it. (cites omitted)

In Peterson v. Lutz, 3 N.W.2d 489 (1942), the court held, a jailer or prison-superintended can be held liable for false imprisonment in an action by a prisoner detained beyond expiration of his sentence. See also Weaver v. Graham, 101 S.Ct. 960 (1981).

In GLEASON V. METRO. COUNCIL TRANS. OP., 582 N.W.2D 216, FALSE IMPRISONMENT held by this court Not to be protected conduct. Terwilliger v. Hennepin County, 561 N.W.2d 909 (1997) further, the rationale underlying Terwilliger, that the inequity of extending official immunity to governmental employees who perform the same proprietary. at 220. IN Stump v. Sparkman, 98 S.Ct. 1099,1105 The United States Supreme Court held that a judge acted in the "clear absence of all jurisdiction" loses immunity.

**Its** ironic, that the defendants cited **Stump v. Sparkman,** supra., and ironically, hold on to the claim; that an arrest warrant was issued, after the fact, this court stated the defendants did not produce any type of arrest warrant. The court held that, the plaintiff's assertion that the documents, the defendants claimed to be arrest warrants; are in fact, not warrants at all. (see this court's findings in the records).

Furthermore, the defendants persist on making fraudulent statements before this court; not supported by the court records. Viz., On page 4. of the defendants memorandum, starting from line 8, and ending on line 10; states the following:

> **"Carmona did not demonstrate ineffective assistance of counsel; and Carmona had knowingly and voluntarily waived his right to counsel for the hearing on his habeas corpus petition."**

This is totally false and the transcripts of said proceedings is evidence that this statement is a deliberate and knowingly made lie; to suppress the truth made with the intention to deceive this court. To obtain an unjust advantage for the defendants; and to cause a loss and inconvenience to the plaintiff. In the interest of justice and truth. This court should order a contradictory hearing concerning the factual truth of the above alleged statements made by the defendants'counsel of the record.

At all times relevant, plaintiff never orally or in writing; voluntarily waive his due process liberty interest rights to counsel.

Nor, did the plaintiff failed in proving ineffective counsel. The transcripts of the proceedings recorded the Hon. John R. Leitner, admonishing the plaintiff, because David Hermerding should have been arguing his rights, instead of the plaintiff.

The Minnesota courts has held malpractice is advise that attorneys in the exercise of reasonable care should have been given. (citation omitted).

Accordingly, fraud is the deception deliberately practiced in order to secure unfair or unlawful gain. (**The American Heritage Dictionary. pg. 699, 4th ed. 2000)**

The defendants seek relief upon the theory of Collateral Estoppel, citing a four prong test. In applying this test, the defendants failed to satify prongs (2) & (4); viz., (2) there was a final judgment on the merits; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

In June of 2000, the plaintiff filed a writ of habeas corpus into this court. see **Carmona v. Ross**, # 00-1450 (U.S.D.Ct.,Minn. Dist. 2000). The court dismissed without prejudice, pending the exhaustion of state remedies. The defendants was duly inform -ed of this decision by this court. The federal courts has held this dismissal to mean a stay of the proceedings until the exhaustion of the State remedies pending.

The defendants did not allow the plaintiff to fully and fairly exhaust his State court remedies, before extraditing him to Louisiana. On February 5,2001, the specifically named defendants, collectively and individually, by physical force

and against plaintiff's consent. **Clandestine** the plaintiff without lawful authority; to the State of Louisiana; five days the Minnesota appeal court affirmed the trial court's void judgment, on January 30th, 2001. On Feb. 5th,2001, contacted the defendants and informed them that plaintiff was appealing the appeal's court decision, and that moving plaintiff to Louisiana was unconstitutional and unlawful. Duly informing them to immediately return the plaintiff. The defendants flately refused.

The federal courts held, that parole or subsequent removal of a petitioner from the district with jurisdiction at time a habeas petition is filed does not divest the court of its jurisdiction. See **Barden v. keohane**, 921 F.2d 476,477; **Harris v. Ciccone**, 417 F.2d 479 (8th Cir. 1969) Cert. Den. 90 S.Ct. 1528 (1970). Therefore, collateral estoppel can never be applied in this case, simply because a final exhaustion was barred by the defendants' willful actions and not that, of the plaintiff. Failure to fully exhaust plaintiff's judicial remedies, was due to the defendants' own deliberate obstruction of plaintiff's constitutional right to fully exhaust before extraditing him to the State of Louisiana. Causing an unlawful and illegal suspension of his right to a writ of habeas corpus petition; in total violation of the Constitution, Laws and Treaties of the United States.

In conjunction with the second prong test, because the defendants' obstructed plaintiff's right to exhaustion and finality of the State case. Plaintiff was never given a full and fair opportunity to be heard on the adjudicated issues.

The issue of the arrest warrant in the State case was never addressed by the State Courts. The defendants totally ignored the plaintiff's validity of the arrest warrant claim. Without a valid and sufficient arrest warrant duly issued by a judicial court of law. The State of Minnesota lacked the personal and proper **Subject-Matter Jurisdiction and authority over the plaintiff.**

On May 23,2000, when the plaintiff appeared before the State District Court in this matter. Plaintiff submitted a pro se writ of habeas corpus, demanding his immediate release, because no valid arrest warrant existed; and that, the alleged sentence expired in 1995.

The only authority the State Court had, was to compel the State's district attorney to immediately produce a valid and sufficient arrest warrant, and failure to produce one; must and shall order the immediate release of the plaintiff. The Court beyond this, without a valid and sufficient arrest warrant; possessed no jurisdiction or authority to detain or imprison the plaintiff.

Without a valid and sufficient arrest warrant, the Governor for the State of Louisisana and the State of Minnesota, both lack the subject-matter jurisdiction, to issue any type of extradiction warrant against the plaintiff.

A warrantless entry into individual homes to arrest him for violation of a civil offense violates Fourth Amendment, **Welsh v. Wisconson**, 104 S.ct. 2091 (1984); Whoever, by virtue of public position under a state government-denies or takes away the equal protection of the laws, violated the constitution

inhibition, **Cooper v. Aaron**, 78 S.Ct. 1401 (1958).

The defendants can not use their official and individual capacities, to shield them from civil and criminal prosecutions, for violating the constitution, laws and treaties of the United States.

The defendants lacked the authority and jurisdiction, to detain and imprisoned the plaintiff, without a proper and lawful, arrest warrant issued by a duly authorized court of law.

There can be no doubt that imprisonment beyond one's term constitutes punishment within the meaning of the eighth amendment **Hutto v. Finney**, 98 S.CT. 2565, 2570 (1978)(confinement in prison or isolation cell is form of punishment under eighth amendment); **Haygood v. Younger**, 769 F.2d 1350, 1354 (9th Cir.1985)(en blanc), Cert. Den. 106 S.Ct. 3333 (1986). Indeed, confinement in a jail or prison pursuant to a conviction but beyond the term of a sentence to be quintessentially punitive. The defendants intended the confinement, did confine, and continued the confinement to punish the plaintiff throughout his confinement, including the the unwarranted portion of it.

The plaintiff's incarceration is based upon a criminal act committed by the defendants; to incarcerate the plaintiff. Although they may claimed it was mistaken for detention may have some bearing on whether that imprisonment was "cruel and unusual," a mistaken basis for imprisonment does not alter the punitive nature and criminal acts committed against the plaintiff.

Plaintiff's prolong imprisonment during the unwarranted detention, the defendants' avowed purpose for holding him was

punitive; the relevant state actors believed they were carrying out a State edict to punish the plaintiff by detaining him againt his will and consent. A subsequent determination that Plaintiff should not have been detained-was improperly subjected to punishment-does not relate back to the relevant time period, thereby vitiating the defendants' intent during that time period.

Today the Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, **Gregg v. Georgia**, 96 S.Ct. 2929, 2929(1976), or are grossly disproportionate to the severity of the crime, **Coker v. Georgia**, 97 S.Ct. 2861, 2866(1977)(plurality opinion); **Weems v. United States**, 30 S.Ct. 544(1910).

One class of "unnecessary and wanton" wrongs, and the one most relevant here, is those wrongs "totally without penological justification." **Rhodes v. Chapman**, 101 S.Ct. 2392,2398 (1981)(quot-ing Gregg, 96 S.Ct. at 2909).

There are two relevant senses in which a punishment may be penologically justified. The obvious one is where the state intends to impose the challenged harm to fulfill the retributive or deterrent functions of punishment. In plaintiff case, if the concatenation of sentencing pronounments and determinations meant that he should have been released in Nov. of 1995, then the state had acknowledged through those determinations that any deterrent and retributive purposes served by his prison time were fulfilled as of that date. In this sense, plaintiff continued incarceration beyond the term established by the state was not penologically justified. The defendants' motion to dismiss, should be denied.

Executed this 13 day of July, 2005.

Respectfully Submitted

[signature]

Jesus Carmona, #105961
E.H.C.C. P.O. Box 174
St. Gabriel, La. 70776

Certificate of Service

I, Jesus Carmona, hereby Certify That a copy of The above Plaintiff's Opposition to Defts' MTN to Dismiss has been served upon the Defts' attorney, by placing same in the U.S. Mail, This 13, Day of July 2005

Respectfully

[signature]

Jesus Carmona, #105961
E.H.C.C. P.O. Box 174

RECEIVED
BY MAIL
JUL 1_ 2005
CLERK US DIST COURT
MINNEAPOLIS