United States District Court
District of Minnesota

2447 MJD/RLE

Jesus Carmona

Civil Action No. 00-2447

RECEIVED
BY MAIL
AUG 08 2005
CLERK US DIST COURT
MINNEAPOLIS MN

vs

John Sausen, et al

## Plaintiff's Transverse to Defendants' answers

### Defendants' answer No. 2.

> "These defendants specifically deny Plaintiff has stated a cognizable claim for relief under 42 U.S.C. §1983, §1985, §1986, §1987, or §1988 and further deny plaintiff sustained any deprivation of rights or constitution and federal and state law."

Plaintiff answer to this **Fraudulent** answer, is that Defendants' claim is **false, frivolous, argumentive and without merit.**

In the instant case, and at all times relevant, all named defendants were employed by the State of Minnesota; and under, and during their employment in their official and individual capacities; acted and acting under the **color of state law**; knew and should have known, under their professional practices and experiences, as judicial and executive, officers. They were committing and did commit; civil and criminal, violations contrary to the Constitution, Laws and treaties of the United States, and the State of Minnesota.

Their actions and failures to act, violated state and federal Constitutions and Laws; quarantees and rights, of the plaintiff. Depriving plaintiff of his federal and states rights; and the named defendants who has and did, deprived the plain

SCANNED
AUG 08 2005
U.S. DISTRICT COURT MPLS

iff of these named and yet to be named; rights while acting under color of state and territorial laws. **Gomez v. Teledo**, 100S.Ct. 1920 (1980)(accord **West v. Atkins,** 108 S.Ct. 2250(1988).

In **Haley v. Dormire**, 845 F.2d 1488(8th Cir.1988)(held, allegation of conspiracy against plaintiff stated a claim under Section 1983.)

Mis-use of powers, possessed by virtue of state law and made possible only because wrong-doer is clothed with the authority of state law, is action taken under color of state law. **Monroe v. Pape**, 365 U.S. 167, at 184, quoting **United States v. Classic**, 313 U.S. 325,326(1941); accord, **West v. Atkins**, 487 U.S. 42, at 50, 108 S.Ct. 2250; **Brown v. Miller**, 631 F.2d 408,411 (5th Cir.1980); the Supreme court also equated "color of Law" with the "Practice" of law. **Screws v. United States**, 325 U.S. 91,111(1945).

**Defendants answer No. 3.**

> "Defendants specifically deny they deprived Plaintiff of rights, privileges and immunities secured by the United States Constitution and federal and state law."

Plaintiff states this is a false answer to the complaint, by the defendants.

On May 21,2000 while the plaintiff was securely home in his resident; in the city of Deerwood, Minnesota. Plaintiff was abducted by gun point, by an unidentifiable police officer; without legal cause or reasonable probability of a crime in

commission; in violation of the plaintiff's **First, Fourth, Fifth, Sixth, Eighth and the Fourteenth Amendments to the United States Constitution; at all times relevant, Plaintiff was never accused nor formerly charged with committing or violating, any laws of the State of Minnesota; State of Louisiana or the United States.**

Inasmuch as, at said time of the abduction and even today, there yet to exist a formally issued judicial state court arrest warrant for his arrest; nor any formal allegations or accusations.

In **Kleidon v. Glascock**, 215 Minn. 417(1943) held, False imprisonment has been defined as 'any imprisonment which is not legally justifiable.' **3 Dunnell, Supp.§3728; Vernes v. Phillips**, 194 N.E. 762,763.

In **Anderson v. Averbeck**, 189 Minn. 224,225; the court said:

> "In the same case at the same page, we also held 'all those who, by direct act or indirect procurement,personally participate in or proximately cause the false imprisonment or unlawful detention, are joint-tort-feasors;(citing numerous authorities.)"

A jailer or prison-superintendent can be held liable for false-imprisonment in an action by a prisoner detained beyond expiration of his sentence, but fact that he acted in relaince on a commitment valid on its face and issued by a court having general jurisdiction to sentence. **Peterson v. Lutz**, 3 N.w.2d 489(1942); **Gifford v. Wiggins**, 50 Minn.401(1892); **Rosvall v. Provost**, 155 N.W.2d900(1968).(all holding that an arrest warrant must have been issued by a judicial court of law.)

In Gleason v. Metro. Council Trans. Op., 582 N.W.2d 216

False imprisonment held by this court not to be protected conduct.

On May 21,2000 plaintiff demanded immediate release from the named defendants' custody and control; and to produce a copy of, any and all, arrest warrants against the plaintiff. Said defendants wantonly denied his release and production of any valid court issued arrest warrant.

On May 23,2000 plaintiff appeared in court and before John Sausen. Plaintiff at said time demanded his release or produce a valid and legal arrest warant for his arrest. The defendants denied his requests or production of any legal arrest warrant for his arrest. Failure of the court to order immediate production of an arest warrant for the arrest of the plaintiff; The Court lack personal and proper, jurisdiction over the plaintiff at that time, without a valid and legal arrest warrant.

The court was estopped from proceeding any further in this matter; other than to order immediate release of the plaintiff. Before it could assume jurisdiction or authority, to proceed any further over the plaintiff. Any other actions contrary to his immediate release, violated the Constitution, laws and treaties of the United States; constituting false-imprisonment.

The due process clause of the Fourteenth Amendment prohibits State governments from depriving "any person of life, liberty, or property, without due process of law." United States Constitution 14th Amend., this clause has two components: (1) the procedural due process, and (2) the substantial due process components. See County of Sacramento v. Lewis, 118 S.Ct. 1708,1713(1998).

The fourth Amendment protects the individual's privacy in a variety of settings. In none, is the zone of privacy more clearly defined than that when bounded by the unambiquious physical dimensions of an individual's home-a zone that finds its roots in clear and specific constitutional terms: "the right of the people to be secure in their . . . homes . . . shall not be violated." That language unequivocally establishes the proposition that "'at the very core of the fourth amendment stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion." The fourth amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant. **Payton v. New York**, 100 S.Ct. 1371.(1980).

It's ironic, defendants continue to hold to a fraudulent arrest warrant, issued by an unidentifiable parole board member; since this court has firmly recognized the fact, no arrest warrant ever existed in this case.

Another element often, though not invariably, require in order to render an unconsented search "reasonably" is of course, that the officer be authorized by a valid warrant. **Illinois v. Rodriquez**, 110 S.Ct. 2793(1990). Any curtailment of a person's liberty by the police must be supported at least by a reasonable and articulable suspicion that the person seized is engaged in criminal activity. **Reid v. Georgia**, 100 S.Ct. 2752(1980).

Here, the defendants, willfully and specifically deny they deprived the plaintiff of rights, privileges and immunities secured by the United States Constitution and Federal and State

law. An answer like this, could reasonably be expected from a self-tutored-common citizen to give. But, not from an educated and experience legal attorney at law; or by any law enforcer or judicial judges of the law.

The essential purpose of the proscriptions in the Fourth Amendment is impose a standard of "reasonableness" upon the exercise of discretion by government officials, including law enforcement agents, in order "to safeguard the privacy and security of individuals against arbitary invasions. **Delaware v. Prouse**, 99 S.Ct. 1391(1979).

The purpose of §1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and provide relief to victims if such deterrence fails. **Wyatt v. Cole**, 112 S.ct. 1827(1992) on remand 994 F.2d 1113. Civil Rights Act of 1871 was passed for express purpose of enforcing provisions of the Fourteenth Amendment. **Lugar v. Edmondson Oil Co.**, 102 S.Ct. 2744 (1982) Deterrance of future abuse of power by persons acting under color of state law is an important purpose of this Section. **City of Newport v. Facts Concerts Inc.**, 101 S.Ct. 2748(1981) One strong motive behind its enactments was great Congressional concern that the state courts had been dificient in protecting federal rights. **Allen v. McCurry**, 101 S.Ct. 411(1980). Figitive may bring civil rights action against proper state officials to remedy alleged unconstitutional departures from proper extradition process. **Bradley v. Extradition Corp. of America**, 758 F.Supp. 1153(W.D.La. 1981).

Finally, on proof that there was no legal basis for arrest of the plaintiff. The filing of charges against them and their imprisonment, this section authorized relief against each policeman and state official who, acting under color of state law, was responsible for those wrongs-also any conspiracy to commit such wrongs was actionable. **Hampton v. City of Chicago**, 484 F2d 662(Ill.1973) Cert. Den. 94 S.Ct. 1413. An arrest must meet constitutional standards to relieve law officer from possible civil liability under this Section. **Bur v. Gilbert**, 415 F.Supp. 335(D.C.Wis.1976). Arrest by state actor that is not authorized by state law is actionalble under 1983 as seizure contrary to fourth amendment, and, thus, warrantless arrest of Nebraska parole violator is actionable unless it complies with Nebraska statute permitting warrantless arrest of parole violator, only if officer has reasonable cause to believe that parolee will attempt to leave jurisdiction or will place lives or property in danger. **Cole v. Nebraska**, 997 F.2d 442(8th Cir.1993). Therefore, defendants answer No. 3, is false and is unsupportive by the evidence and facts in this case. Not to mention that its: conclusory, vague and ambiguous; to be specific in denial.

**Defendants answer No. 4.**

> "These answering defendants specifically deny Plaintiff has set forth with the specificity required a cause of action for a civil rights violation as alleged in plaintiff's complaint."

Plaintiff states this answer is false and not responsive to the allegations, facts and State criminal laws.

The gist of kidnapping is the intentional taking of a

person and compelling him to be detained against his will. **State v. Rainer**, 103 N.W.2d 389; see also MSA-609.25 et seq.

False-imprisonment has been defined as "any imprisonment which is not legally justifiable." **3 Dunnell, Supp.§3728;** Vernes v. Phillips, **supra.**

**Defendants Answer No. 9.**

> "In April of 1984, a jury in Louisiana found Plaintiff guilt of two counts of armed robbery and imprisoned him for 25 yesrs. On June 14,1996, Plaintiff was paroled under several conditions, one of which was he stay in Louisiana. Plaintiff subsequently left Louisiana and, in January of 2000, Louisiana issued a warrant for Plaintiff's arrest. Plaintiff was arrested in May of 2000 and detained at the Crow Wing County Jail. In July of 2000, the Governer of Minnesota signed a warrant authorizing Plaintiff's extradition to Louisana. Plaintiff filed a habeas corpus petition in state court, which was denied. The decision was upheld at the Minnesota Court of Appeals and the Minnesota Supreme Court chose not to review the decision."

Plaintiff states this answer is misrepresented as to the truth of what actually occurred in this case. The defendants falsely stated the following:

(1) On June 14,1996, Plaintiff was paroled under several conditions; and

(2) In January of 2000, Louisiana issued a warrant for Plaintiff arrest.

In **Magee v. Odden**, 220 Minn. 498, 20 N.W.2d 87 (1945) the court held; The rule to be applied in view of the recited facts is that; since fraud renders voidable everything into which it enters, the court will look through any form of instrument or proceeding in order to prevent a party from profitting by his fraud; that the court will not take a single step to save harmless the party who is guilty of fraud; and that no right can arise out of a fraudulent act. 3 **Dunnell, Dig. & Supp. § 3834, and cases under Notes 99 and 1. see also Brogan v. United States**, 118 S.Ct. 805,808-9(1998)("Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false , fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $ 10,000 or imprisonmed not more than five years, or both." By its terms, **18 U.S.C. § 1001** covers "any" false statement- that is, a false statement "of whatever kind," **United States v. Gonzales**, 520 U.S. 1)

The defendants stated that on June 14,1996 Plaintiff was paroled under severed conditions. Plaintiff ask this court to take notice of Fed.Rules of Evidence, Rule 201.A. Judicial noticed fact must be one not subjected to reasonable dispute in that it is either (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be question.

First of all, all paroles are strictly made possible, only through the granting by the Louisiana State Parole Board.(LSA-R.S.15:574.4. et seq., R.S.15:571.5.(B))

In **State v. Gauthe**, 731 So.2d 273 (La.1999)(which became nationally known) The Louisiana Supreme Court rejected the State contention that Gauthe, was automatically released on parole pursuant to LSA-R.S.15:571.5.A. Ordering the State to release Gauthe, and dismiss the State's motion to revoke parole pursuant to R.S. 15:571.5.C.; and R.S. 15:574.10.; holding the state can not show any authority to upset the finality of the conviction and sentence.(Emphasis added).

At no time has the defendants or the demanding State of Louisiana, presented a certificate of parole, duly signed and approved by the parole board; or a valid contract of parole signed and approved by an authorized parole board member.

The parole conditions, the defendants rely upon; also is inadmissible in a court of law as proof of a valid contract. A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished.(**LSA-Civ.Code Art. 1906**) A contract made by a person without legal capacity is relatively null and may be rescinded only at the request of that person or his legal representative.(**LSA-C.C.Art.1919**) A contract is formed by the consent of the parties established through offer and acceptance.(**LSA-C.C.Art.1927**)

The defendants rely upon a parole agreement that was never accepted by the parole board. The parole agreement is not legally binding upon the plaintiff. Under Louisiana jurisprudence,

for a contract to be valid and binding upon the four-corners of the contract; there must be two or more parties to the contract **(LSA-C.C.Art.1906)** A non-party to the contract, can not plead breach of agreements.

Plaintiff informed the defendants that, the parole and agreements are false and not binding. They refuse to use reasonable care to insure that everything was legal and correct. They failed to exercise due diligence and professional care; not to exclude their legal profession and duties to protect. To insure that said papers was legal and in proper order.

The second claim plaintiff states as false; has already been recognized by this court as not an arrest warrant. Defendants stated that the State of Louisiana has issued an arrest warrant against the plaintiff; for the return of the plaintiff, to the State of Louisiana. This court firmly noted and stated in it's prior decision that no arrest warrant exist.

No arrest warrant; no certificate of parole, or a valid parole contract signed and approved by a duly authorized La. State Parole Board Member; makes the abduction of May 21,2000 unconstitutional and a criminal offense, punishable by law.

This court is reminded that the Fourth Amendment to the United States Constitution reads:

> **"The right of the people to be secure in their persons, houses, papers, and effects, aginst unreasonable searches and seizures, Shall not be violated, and no warrant shall issue, but upon propable cause, supported by oath or affirmation, and particularly discribing the place to be searched, and the persons or things to be seized."**

Also, the Fifth Amendment reads:

> "No person Shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury; nor Shall any person be subject for the same offense to be twice put in jeopardy of life, or limb; nor deprive of life, liberty, or property, without due process of law."

Likewise, the Fourteenth Amendment reads:

> "No State Shall make or enforce any law which shall abridge the privileges or immunities of the Citizens of the United States; nor Shall any State deprove any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The defendants can not claim any immunities in this action against them. They mis-used their authorities and badges under the Color of State laws; to act out their illegal and unauthorized actions, and in-actions against the plaintiff.

On May 21,2000, the defendants did not possess a legal and valid arrest warrant; duly authorized by a competent court of law. When the plaintiff had demanded his immediate release, and that he did not consented to the arrest and abduction from his home in Deerwood. Their acts became unlawful and violated the Constitution, laws and treaties of the United States.

The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all persons similarly situated should be treated alike. **Dudley v. Angel, etal.**, 209 F.3d 460,463 (5th Cir.2000). It assures equal protection of the laws to all persons. The Clause of the fourteenth amendment prohibits (1) the enactment of discriminatory laws; and (2) the discriminatory

administration or enforcement of laws that are not themselves discriminatory. See **Martin v. Scott**, 156 F.3d 578 ,580 (5th Cir. 1998 ). In the instant case, Plaintiff as a law abiding tax-payer and citizen of the United States; enjoyed the same due process protections of the First, Fourth, Fifth, Sixth, Eighth and the Fourteenth Amendments of the United States Constitution.

Just like every other citizen of the United States, that the fundamental rights of the people protected by the Constitution shall not be violated. See **Wottlin v. Fleming**, 136 F.3d 1032,1037, citing **San Antonio Indep. Sch. Dist. v. Rodriquez**, 411 S.Ct. 1, 29 (1973).

**Defendant's Answer No. 10**

> **"These answering defendants affirmatively alleges at all times material hereto they were performing discretionary acts in the scope of their duties with good faith belief their conduct was lawful, constitutional, proper and based upon probable cause."**

Plaintiff state this answer given by the defendants is false and fraudulently induce to disadvantage the plaintiff Needlessly. No arrest warrant, no probable or legal cause for them to act. The defendants did not have a discretion to arrest or not to arrest the plaintiff, without a warrant. The defendants did not have the discretion or authority to extradite the plaintiff on Feb. 5,2001 to the State of Louisiana; when plaintiff was still seeking writs to the Minnesota Supreme Court; and to the United States District Court, District of Minnesota.

In **James v. Kentucky**, 104 S.Ct. 1830 (1984), the Supreme Court reversed and held that State statutes did not take precedent overr Constitutional Law. If police officer obtain warrant through material false statements made either knowingly or with reckless disregard for the truth, he may be sued under Section 1983 for fourth amendment violation. **Hutsell v. Sayre**, 5 F.3d 996(6th Cir.1993). Warrantless entry into individual home to arrest him for violation of a civil traffic offense violated fourth amendment, **Welsh v. Wisconsin**, 104 S.Ct. 2091 (1984). Substantive due process refers to certain actions that the govern-ment may not engage in, no matter how many procedural safeguards it employs, **Rochin v. California**, 72 S.Ct. 205(1952).

Making fraudulent statements as truth, to disadvantage and cause a loss and inconvenience to the detriment of the plaintiff; strips the wrong-doer of all and any claims of immunities or defenses. The State records establishes plaintiff claims ; which the defendants can not prove otherwise at trial on the merits. The laws are contrary to their belief, experiences and practices of the law. Defendants' answer No. 10, is fraudulent and intended to **sand-bag this court** for an unjust decision in their favor by fraudulent means.

Defendants' answers numbers one, through nineteen, are induce to fraudulently deceive this court, into denying the plaintiff his day in court. They make conclusory answers without evidence or authorities to support their denials.

Plaintiff avers, that the defendants answers to the complaint are not responsive and frivolous, and without merit.

Executed this 5 day of August, 2005

Respectfully Submitted by,

Jesus Carmona, # 105961
E.H.C.C., P.O.Box 174
St. Gabriel, Louisiana
70776

**Certificate of Service**

I, Jesus Carmona, hereby certify that a copy of plaintiff's traverse has been duly served upon the defendnants' attorney. By placing the same in the U.S. mail this 5 day of August, 2005

Respectfully

Jesus Carmona, # 105961

Jesus Carmouche, #105661
E.H.C.C. P.O. Box 174
St. Gabriel, La. 70776

UNITED STATES POSTAGE
PITNEY BOWES
02 1A $ 00.83⁰
0004381067 AUG 05 2005
MAILED FROM ZIP CODE 70776

RECEIVED
U.S. MAIL
2005 AUG -8 AM 9:41
CLK. U.S. DIST COURT
MINNEAPOLIS, MN

Clerk of Court
U.S. Dist. Ct., Dist. of Minn.
14E U.S. Courthouse
300 South Fourth Street
Minneapolis, Minn.
55415