United States District Court
District of Minnesota

Jesus Carmona

vs

John Sausen, ETAL

C.A. No: 00-cv-2447
MJD/RLE

RECEIVED
BY MAIL
SEP 12 2005
CLERK US DIST COURT
MINNEAPOLIS MN

Memorandum of Authorities in Support of
Motion to Compel and Sanction

## Statement of Case

This action was commenced as an Action of Denial of Access to the courts; then due to events occurring after; Plaintiff amended and Supplemented, alleging violations of 42 U.S.C. Sections 1983; 1985; 1986; and 1988. Alleging he was kidnapped on May 21, 2000; by State Officials, in conspiracy with one another, while they were acting under the pretense and Color of State Law.

## Statement of the Facts

On May 27, 2005, defendants represented by Jon K. Iverson, #146389, Filed an answer to the Complaint, asking complaint to be dismissed.

On August 5, 2005, Plaintiff filed his Traverse to defendants answers.

On June 10, 2005 defendants represented by John S. Garry, #208899, filed motion to Dismiss.

SCANNED
SEP 12 2005
U.S. DISTRICT COURT MPLS

On July 13, 2005, Plaintiff filed his opposition to defendants motion to dismiss.

On July 26, 2005 Plaintiff ~~filed and~~ served defendants' attorney for John Stasen, a motion for Discoveries.

On August 15, 2005 attorney Jon K. Iverson, filed on behalf of his clients a Motion for Summary Judgment, after he had received Plaintiff's Discovery request.

On September 1, 2005 Plaintiff received attorney John K. Iverson, frivolous denial of Discovery requests, to cause needless litigation and fraud upon this court and the Plaintiff.

## Arguments

**Point I**

Defendants Answers to Discovery is prohibited by Rule 26, Fed. R. Civ. Pro. Causing needless litigations and is attempt to obstruct access to The Courts.

The scope of Federal Court discovery is set forth in Rule 26(b), Fed. R. Civ. P.,:

> Parties may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things.

and the identity and location of persons having knowledge of any discoverable matter.

It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The Supreme Court has construed this rule "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 98 S.Ct. 2380, 437 U.S. 340, 351 (1978) (footnote omitted); accord, Weiss v. Amoco Oil Co., 142 F.R.D. 311, 315 (S.D. Iowa 1992). Discovery requests should be allowed "unless it is clear that the information sought can have no possible bearing upon the subject matter of the action. La. Chemise Lacoste v. Alligator Co., Inc. 60 F.R.D. 164, 171 (D. Del. 1973), See Nash v. Thielke, 743 F. Supp. 130 (E.D. Wis. 1990)(Plaintiff was entitled to an officer's urine test results, since the officer's sobriety during the incident was an issue in the case).

Eventhough, it wasn't raised by defendant. Discovery may even be allowed; even if burdensome or expensive, if it is relevant to the case. Fagan v. District of Columbia, 136 F.R.D. 5, 7 (D.D.C. 1991); King v. Georgia Power Co., 50 F.R.D. 134, 136 (N.D. Ga. 1970).

In the case before this court. Defendant fraudulently claimed repeatedly, that said requests were:

"This request is vague, irrelevant and does not lead to and is not calculated to lead to the discovery of

admissible evidence." and "Calls for Attorney work product, theories and legal conclusions." and "a copy of all documents ... was included with defendants' Supplemental Response to Discovery Dated February 15, 2002."

Defendants, at points in their denials, contradict themselves, and indirectly admits, the requests will established criminal evidence against them, if they produce said requests. Rule 26(g)(2), Fed. R. Civ. P., Specifically makes it clear. Who abuse the discovery rules may be subjected to sanctions by the court.

Furthermore, defendants' claim of attorney work product, is without merit. A party or another person can obtain his own files from counsel regardless of any claim of work product. Rule 26(B)(3), Fed. R. Civ. P.

At one point, defendants claims, plaintiff can obtain copies through a library or the Courts. Plaintiff is indigent and does not have adequate, effective or meaningfull access to a library or internet. Access here in Louisiana, are very restrictive and limited. On the other hand, defendants has free-range access to everything plaintiff ask for. Its not burdensome or expensive to the Defendants. Especially the Court records the defendants stolen from the Plaintiff on February 5, 2001. The documents and information are under their control and available access, In most cases, all they have to do is ask for it, and it will be provided to them fee of charge.

On the other hand, plaintiff must go through considerable changes, and time consuming, to get it, and cann't get it, because he cannot pay the cost for it.

Finally, defendants presented genuine issues of material facts, in their (1) Motion to Dismiss; and (2) Motion for Summary Judgment. Issues, which plaintiff's discovery requests touch upon. 18 U.S.C. § 1001, prohibits the filing or make false statements in Federal Court. In response to Plaintiff request number IX, defendants' answered by giving John Sausen and John Leitner, as the persons that gave the initial order to arrest the plaintiff on May 21, 2005?; In answers number 1, 2 and 8; defendants avers, they provided the information and documents in their Responses Dated February 15, 2002. See their responses filed into this court records.. This Court noted on page 12, of its May 8, 2002 opinion, Footnote 8. stated:

> " Carmona correctly points out that this document was incorrectly identified as an arrest warrant. (See Docket Nos 36, Ex D, and 37, page 10)."

Plaintiff avers, these are the warrants, the defendants are claiming they provided on February 15, 2002. Now, in their denial page 3, answer to request No. IX. They are alleging John Sausen and John Leitner, issued said warrants. Pursuant to Rule 34(a), Fed. R. Civ. P., authorizes a party to request any other party to produce and permit the party making request, or someone acting on his behalf, to inspect and copy any designated documents . . . which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody, or control of the party upon whom the request is served.

The phrase "possession, custody or control" technically means that the party either has the document or has the legal right to obtain it. In practice, however, the courts sometimes requires production if

the party has the practical ability to obtain the document. Golden Trade S.r.L. v. Lee Apparel Co., 143 F.R.D. 514, 525 (S.D.N.Y. 1992) and cases cited; See Comeau v. Rupp, 810 F Supp. 1127, 1166 (D. Kan.) requiring government agency to seek to obtain documents in possession of other agencies), reconsideration granted in part on other grounds, 810 F. Supp. 772 (D. Kan 1992). Documents in the possession of a party's attorney may be required to be produced. Schultz v. Butcher, 24 F.3d 626, 630 (4th cir 1994); In re Ruppert, 309 F.2d 97, 98 (6th cir. 1962).

The alleged false arrest warrants, defendants continue to claim, after the fact, this court noted that, they are not warrants. doesn't have John Sausen or John Leitner, signatures or names on them.

Defendants' answers to Plaintiff's requests are without merit and given in bad faith. Plaintiff is entitled to production and attorney fees pursuant to 42 U.S.C. Section 1988 etc.

Point II

Plaintiff's requests are relevant, material and admissible as evidence in this case

The gist of Plaintiff case, is Aggravated Kidnapping, conspiracy, etc., in Violation of the Constitution, Laws and treaties of the United States. On May 21, 2000, plaintiff was abducted by gunpoint without authority, probable cause or pursuant to an arrest warrant.

Defendants filed a Motion to Dismiss and Summary Judgment. Which they fraudulently claimed an arrest warrant was issued against the Plaintiff and that he was paroled by the State of Louisiana. Throughout this entire case, Plaintiff stated: (1) No arrest warrant exist; and (2) He never was paroled by the State of Louisiana. At all times relevant, plaintiff has always demanded production of the arrest warrant and the Certificate of Parole. Since none exist; defendants has never produce either documents today. Parol evidence is inadmissible to prove the existence of a contract. Parole is a "civil" Contract. Without a Certificate of Parole or arrest warrant. Courts Lacks Subject-Matter Jurisdiction, and Defendants does not have proper, personal or legal authority to arrest or detain Plaintiff. In fact, the validity and sufficiency of the arrest warrant or Parole, were never addressed nor adjudicated by the courts. Despite, this were plaintiff's sole defenses raised before the questioned Defendants. Now they perpetrated another fraud, with stating John Sansen and John Leitner, initiated the arrest; without producing factual Documented "Public Records" to that effect

The documents and information requested, are relevant and presents a "genuine issue of material facts, which their motions are pre-mature at this time. This evidence support plaintiff's claims against the defendants. Under the Federal Rules of Evidence, production of arrest warrant, Laws, Authorities, initial police reports, investigation reports, District Attorney files, etc., are relevant and admissible evidence to prove: Motive, intent, opportunity, reasonable care, preparation, plan, knowledge, or absence of mistake or accident. Parrish v. Luckie, 963 F.2d 201, 205-06 (8th Cir 1992); Foley v. City of Lowell, 948 F.2d

10, 14 (1st cir. 1991); Gutierrez-Rodriquez v. Cartagena, 882 F.2d 553, 572-75 (1st cir. 1989). See Ismail v. Cohen, 899 F 2d 183, 188-89 (2d cir. 1990); United States v. Dise, 763 F. 2d 586, 592 (3rd cir 1985).

Conclusion

For the Foregoing reasons and not limited to such. This court should as a matter of Justice and Law, grant Plaintiff's motion to compel, together with reasonable costs and fees for this vexatious and frivolous denial of production of documents and information, in accordance with 42 U.S.C. § 1988 (Attorney Fees).

Executed This 7 Day of September 2005.

Respectfully Submitted by

Jesus Carmona, # 105961
E.H.C.C., P.O. Box 174
St. Gabriel, Louisiana 70776

Certificate of Service

I, hereby certify that a copy of the Foregoing Motion to Compel, affidavit, Exhibits and Memorandum, has been duly served upon Jon K. Iverson. counsel for the Defendants by placing same in the mail This 7 Day of September, 2005.

Respectfully

Jesus Carmona # 105961