UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jesus Carmona,

Plaintiff,

vs.

John Sausen, et al,

Defendants.

Case No. 00-2447 MJD/RLE

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

---

## INTRODUCTION

Mr. Carmona brought a Motion to Compel Discovery, claiming Defendants failed to appropriately answer his discovery requests in Defendants' Responses to Plaintiff Request for Production of Documents, served August 25, 2005. Mr. Carmona never contacted defendants to attempt to resolve his dispute. Defendants' request Mr. Carmona's Motion be denied. Defendants' responses were appropriate and justified based on case law and the history of discovery in this case.

## ARGUMENT

### A. MR. CARMONA HAS ACCESS TO LEGAL MATERIALS.

Mr. Carmona claims Defendants must produce legal research materials because, "Plaintiff does not have adequate, effective or meaningful access to a library or internet." However, the United States Supreme Court has held prisons must provide inmates with access to legal materials and a legal library. *See Bounds v. Smith*, 430 U.S. 817, 97 S.Ct.

1491 (1977) (The fundamental right of access to the courts requires prison officials to provide prisoners with access to adequate law libraries); *Christopher v. Harbury*, 536 U.S. 403, 122 S.Ct. 2179 (2002) (A claim of denial of access to courts must fall into one of two categories). Defendants' response to Mr. Carmona's request for legal research material was appropriate. We are not obligated to perform his legal work. The Louisiana Department of Corrections provides Mr. Carmona with legal materials, not Defendants.

**B. DEFENDANTS' PREVIOUSLY PROVIDED MR. CARMONA WITH DOCUMENTS REQUESTED**

On February 12, 2002, in Defendant Dick Ross' Supplemental Responses to Plaintiff's Discovery Requests, Plaintiff was provided with a copy of the "Criminal Complaint regarding Plaintiff's arrest warrant for parole violation labeled Crow Wing 1-7." *Aff. Jon K. Iverson ¶ 2 (September 28, 2005).*

Mr. Carmona claims he did not receive his arrest warrant because the Affidavit of Kafi Cohn filed April 03, 2002, incorrectly identified Exhibit D as Mr. Carmona's arrest warrant. While Exhibit D was not technically Mr. Carmona's arrest warrant, the affidavit contained other documents comprising Mr. Carmona's arrest warrant. A copy of the Criminal Complaint filed in Minnesota and the Warrant for Mr. Carmona's arrest in Louisiana, were included in the Affidavit of Kafi Cohn as Exhibits A and B respectively. *Aff. Kafi E. Cohn (Docket #36) ¶ 2-3 (April 2, 2002)*. Certainly evidence indicates, Mr. Carmona was provided with a copy of the documents he is requesting again, on two separate occasions. Regardless, those documents are again contained in the exhibits

attached to the Affidavit for this response. Accordingly Defendants' responses are appropriate. Mr. Carmona's Motion to Compel should be denied.

## CONCLUSION

For the above-mentioned reasons Defendants request the Court deny Mr. Carmona's Motion to Compel.

IVERSON REUVERS

Dated: September 28, 2005

By: s/Jon K. Iverson
Jon K. Iverson, #146389
Attorneys for Defendants
9321 Ensign Avenue South
Bloomington, MN 55438
(952) 548-7200