UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jesus Carmona,

Plaintiff,

vs.

John Sausen, David Ten Eyck,
David Hermerding, Jennifer Cummings
Tim Friis, Jesse Ventura, Mike Hatch,
Don Inwards, Marshall Prescott,
Rod McCulley, Dick Ross, Harvey (Doe)
and Pete (Doe),

Defendants.

Case No. 00-2447 MJD/RLE

---

Attached as Exhibit A of the Affidavit of Jon K. Iverson is a true and correct copy Defendant Dick Ross' Supplemental Responses to Plaintiff's Discovery Requests and Affidavit of Service dated February 15, 2002.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jesus Carmona,

Plaintiff,

Case No. 00-2447 MJD/ESS

**DEFENDANT DICK ROSS'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS**

vs.

Dick Ross, et al,

Defendants.

---

TO: Plaintiff Jesus Carmona #105961, Allen Correctional Center – Jup. Al #31, Route 1, Box 38-T, Kinder, Louisiana 70648:

Defendant Dick Ross, for his Supplemental Answers to plaintiff's Request for Production of Documents received on November 19, 2001, states as follows:

1. Produce any and all grievances, complaints, letters, memorandums, or other documents received by the defendants or their agents, from Plaintiff since May 21, 2000 through September 30, 2001, concerning the abuse and unlawful practices by the defendants and their agents in the State of Minnesota, Crow Wing County.

   (a) Including any investigation files, responses to grievances and complaints, responses to letters, requests and other documents pertaining to such, etc.

   **RESPONSE:** Objection. This interrogatory is vague, irrelevant, and does not lead to and is not calculated to lead to the discovery of admissible evidence. Object to the form of the question to the extent Defendant participated in abusive or unlawful practices. Without waiving said objections, see inmate request forms completed by Plaintiff and given to Defendant while incarcerated labeled Crow Wing 39-65. Plaintiff would have copies of any complaints he has purportedly made.

2. Produce any and all policies, rules, regulations, laws, ordinances, directives and instructions to defendants, agents, and staff members concerning the procedures, duties, and obligations of each individual defendant, agent and staff of the following:

(a) Care, treatment, and maintenance of the Plaintiff and other prisoners under the custody of the State of Minnesota and Crow Wing County, City of Brainerd Jail;

(b) Providing access to legal materials, copies, law books and assistance of the Plaintiff and other prisoners;

(c) Investigating and verifying the validity of arrest warrants, Judicial Court Orders and extradition warrants;

(d) Confiscation of legal and personal property from the Plaintiff and other prisoners under your control and custody;

(e) Releasing prisoners and the Plaintiff to extradition agents and; (i) what law or authority to release before exhaustion of State and Federal Judicial remedies.

**RESPONSE:** Objection. This interrogatory is vague, irrelevant, and does not lead to and is not calculated to lead to the discovery of admissible evidence. Without waiving said objection, see attached Minnesota Department of Corrections Manual, Chapter 2911.3100, Subpart 3 addressing library servies to prisoner inmates labeled Crow Wing 19, and The Crow Wing County Adult Detention Inmate Handbook and Discipline Plan given to each inmate labeled Crow Wing 20-38.

3. Produce all and any legal papers, legal work product, the transcripts of all hearings and proceedings held in Plaintiff's Extradition hearing inter alia:

(a) Plaintiff's letters and responses from such to law libraries, U.S. Justice Department, Washington D.C., etc.;

(b) Photocopies of all library legal materials sent from the State of Minnesota law library, Louisiana State law library, etc.;

(c) Plaintiff's criminal appeal, complete appeal files and records from the Fourth Circuit, Court of Appeals, State of Louisiana;

(d) Hearing transcript of Edward Lombard from Orleans Civil District Court, State of Louisiana;

(e) All appeal briefs of both State and Defendant/Plaintiff's extradition appeals;

(f) All Federal Court suits and Habeas Corpus actions filed in this court by the Plaintiff, complete court file and records, etc.;

(g) Specifically, all and every piece of documents confiscated by the defendants from the Plaintiff on February 5, 2001, which was never returned to Plaintiff;

**RESPONSE:** Objection. This interrogatory is overbroad, vague, irrelevant, and does not lead to and is not calculated to lead to the discovery of admissible evidence. This interrogatory also calls for attorney theories, legal conclusions, and attorney work product. Object to the form of the question to the extent it implies defendant improperly confiscated documents from Plaintiff on February 5, 2001 and never returned them to him. Without waiving said objections, see Criminal Complaint regarding Plaintiff's arrest warrant for parole violation labeled Crow Wing 1-7; Court Documents regarding Plaintiff's extradition proceedings labeled Crow Wing 8-18.

4. Produce the Louisiana Judicial Court warrant for Plaintiff's arrest on May 21, 2000.

**RESPONSE:** Objection. This interrogatory is irrelevant, and does not lead to and is not calculated to lead to the discovery of admissible evidence. Without waiving said objections, see warrant labeled Crow Wing 4-7.

5. Produce the Minnesota State Judicial arrest warrant issued for Plaintiff's arrest on May 21, 2000;

(a) If none exist, explain why Plaintiff was arrested and placed in jail without one;

(b) Produce the law that states a Plaintiff can be arrested on May 21, 2000, without any judicial probable cause or arrest warrant being issued by the State of Minnesota or by the State of Louisiana.

**RESPONSE:** Objection. This interrogatory is vague, irrelevant, and does not lead to and is not calculated to lead to the discovery of admissible evidence. Without waiving said objections, see warrant labeled Crow Wing 8-9.

Dated: 2-15-02.

IVERSON REUVERS, LLC

By: [signature]

Jon K. Iverson, #146389
Kafi E. Cohn, #030251X
Attorneys for Defendant Dick Ross
230 Townline Plaza
8585 West 78th Street
Bloomington, MN 55438
(952) 548-7200

STATE OF MINNESOTA)

)ss. AFFIDAVIT OF SERVICE

COUNTY OF HENNEPIN)

Kafi Cohn, City of Chanhassen, County of Carver, State of Minnesota, being duly sworn, says that on February 15, 2002, she served the annexed DEFENDANT DICK ROSS'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS on the below listed plaintiff in this action, by mailing to him a copy thereof, enclosed in an envelope, postage prepaid, and by depositing the same in the post office at Bloomington, Minnesota, directed to said plaintiff at his last known address:

Jesus Carmona #105961
Allen Correctional Center – Jup. Al #31
Route 1, Box 38-T
Kinder, LA 70648

Kafi Cohn

SUBSCRIBED AND SWORN TO before me on February 15, 2002.

Notary Public

SUSAN M. BLODGETT
Notary Public
Minnesota

# State of Minnesota County of Crow Wing District Court

| CCT | List Charge Statute Only | M.O.C. | GOC |
|---|---|---|---|
| 1 | 629.13 and 629.06 | E2D00 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

☐ ✓ if more than 6 counts (see attached) ☐ ✓ if domestic assault

| CTY ATTY. FILE NO. | CONTROLLING AGENCY | CONTROL NO. |
|---|---|---|
| 00CR01469 | MN018013A | 00005966 |

| COURT CASE NO. | DATE FILED |
|---|---|
| K7-00-1232 | 5/23/00 |

☐ Amended ☐ Tab Charge Previously Filed

☐ SERIOUS FELONY
☐ FELONY
☐ GROSS MISDEMEANOR DWI
☐ GROSS MISDEMEANOR

☐ SUMMONS
☐ WARRANT
☒ ORDER OF DETENTION

**State of Minnesota**
PLAINTIFF,

NAME: first, middle, last
**Jesus Jose Carmona**
DEFENDANT.

| Date of Birth | SJIS COMPLAINT NUMBER |
|---|---|
| 2/4/1958 | 18-11-8-012805 |

## COMPLAINT

***The Complainant, being duly sworn, makes Complaint to the above-named Court and states that there is probable cause to believe that the defendant committed the following offense(s). The Complainant states that the following facts establish PROBABLE CAUSE:***

That the complainant is a licensed peace officer in the State of Minnesota and makes this complaint based upon the reports and information provided by Terry Sanders of the Louisiana Department of Corrections.

On April 24, 1984, Jesus J. Carmona was found guilty by jury for (Count 1) robbing one Walter Wallace of $231.00 while armed with a dangerous weapon, to-wit: a knife and (Count 2) for robbing one Robert Brinson of $241.00 with a dangerous weapon, to-wit: a knife. Carmona was sentenced to serve 25 years at hard labor in the custody of the Director of the Department of Correction with credit for time served and the Defendant without benefit of parole, probation or suspension of sentence and that the sentences was to run concurrent.

On January 5, 2000, the State of Louisiana, department of Public Safety and Corrections, Board of Parole, issued a warrant for the arrest of Jesus Carmona for violating his parole by leaving the limits of Jefferson District in the State of Louisiana. A copy of the warrant is attached.

The foregoing facts constitute your Complainant's basis for believing that the above-named Defendant at the time and place above alleged in Crow Wing County, Minnesota, committed the following described offense(s).

COMPLAINT / INDICTMENT SUPPLEMENT

| CCT | List Charge Statute Only | M.O.C. | GOC |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

PAGE 2 OF 3

SJIS COMPLAINT NUMBER(S)

18-11-8-012805

--------- CHARGE(S) ---------

Count : 1
Charge : Fugitive from Justice
In Violation Of: 629.13 and 629.06
Maximum Penalty:

That at the time and date alleged above, within district of Jefferson, State of Louisiana, the above-named defendant was on parole for a felony level offense of robbing a person with a dangerous weapon. That said Jesus Carnova did leave the limits of Jefferson District/Louisiana thereby violating his parole and is presently incarcerated in the Crow Wing County Jail, in the state of Minnesota.

*THEREFORE, Complainant requests that said Defendant, subject to bail or conditions of release be:*
*(1) arrested or that other lawful steps be taken to obtain defendant's appearance in court; or*
*(2) detained, if already in custody, pending further proceedings;*
*and that said Defendant otherwise be dealt with according to law.*

Crow Wing 2

COMPLAINANT'S NAME: Tim G Friis

COMPLAINANT'S SIGNATURE: [signature]

*Being duly authorized to prosecute the offense(s) charged, I hereby approve this Complaint.*

DATE: 5/23/2000

PROSECUTING ATTORNEY'S SIGNATURE: [signature]

***PROSECUTING ATTORNEY:***

NAME/TITLE: John J. Sausen, Assistant County Attorney 95965

ADDRESS/TELEPHONE: 322 Laurel St., County Service Building, Brained MN, 56401
218-824-1025

FORM I-2 Rev 7/95

*This COMPLAINT was subscribed and sworn to before the undersigned this* ___ *day of* ___

| | |
|---|---|
| ***NAME:*** | ***SIGNATURE:*** |
| ***TITLE:*** | |

**FINDING OF PROBABLE CAUSE**

*From the above sworn facts, and any supporting affidavits or supplemental sworn testimony, I, the Issuing Officer, have determined that probable cause exists to support, subject to bail or conditions of release where applicable, Defendant(s) arrest or other lawful steps be taken to obtain Defendant(s) appearence in Court, or Defendant(s) detention, if already in custody, pending further proceedings. The Defendant(s) is/are thereof charged with the above stated offense.*

**SUMMONS**

☐ *THEREFORE, You, THE ABOVE-NAMED DEFENDANT(S), ARE HERE BY SUMMONED to appear on the day of , 19 at before the above-named court at to answer this complaint.*

*IF YOU FAIL TO APPEAR in response to this SUMMONS, a WARRANT FOR YOUR ARREST shall be issued.*

**WARRANT**

☐ *EXECUTE ONLY IN MINNESOTA*

☐ *To the sheriff of the above-named county; or other person authorized to execute this WARRANT; I hereby order, in the name of the State of Minnesota, that the above-named Defendant's be apprehended and arrested without delay and brought promptly before the above-named Court (if in session, and if not, before a Judge or Judicial Officer of such Court without unnecessary delay, and in any event, not later than 36 hours after the arrest or as soon thereafter as Judge or Judicial Officer is available) to be dealt with according to law.*

**ORDER OF DETENTION**

☒ *Since the above-named Defendant(s) is/are already in custody; I hereby order; subject to bail or conditions of release, that the above-named Defendant(s) continue to be detained pending further proceedings.*

*Bail:*

*Conditions of Release:*

*This Complaint - Order of Detention duly subscribed and sworn to, is issued by the undersigned Judicial Officer this* 23rd *day of* May 2000

| | |
|---|---|
| *NAME:* John Leitner | *SIGNATURE:* John R. Leitner |
| *TITLE:* Judge of District Court | |

*Sworn testimony has been given before the Judicial Officer by the following witnesses:*

*STATE OF MINNESOTA* *COUNTY of* Crow Wing

**State of Minnesota**
*Plaintiff,*
*vs.*
**Jesus Jose Carmona**
*Defendant(s),*

*Clerk's Signature or File Stamp:*
FILED
MAY 23 2000
DANIEL M. ... COURT ADMINISTRATOR CROW WING COUNTY

*RETURN OF SERVICE*

*I hereby Certify and Return that I have served a copy of this COMPLAINT-Order of Detention upon the Defendant(s) herein-named.*

*Signature of Authorized Agent:*
Crow Wing 3

STATE OF LOUISIANA
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
BOARD OF PAROLE
BATON ROUGE, LOUISIANA

WARRANT

It appearing to the undersigned, the Board of Parole, State of Louisiana, that
JESUS CARMONA No. 105961
a prisoner of the State of Louisiana, and paroled on 6/14/1996 has violated his parole, it is hereby ordered that the said
JESUS CARMONA
be retaken and reimprisoned within the Department of Public Safety and Corrections.

I therefore command you to immediately arrest said paroled prisoner and deliver him to the Chief Probation and Parole Officer, or his duly authorized agent, to be returned to the physical custody of the Louisiana Department of Public Safety and Corrections.

Given under my hand in Baton Rouge, Louisiana this 5 day of January , 2000.

THE STATE OF LOUISIANA
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
BOARD OF PAROLE

Board of Parole

NO BOND
JPD

# STATEMENT OF GENERAL CONDITIONS UNDER WHICH THIS PAROLE IS GRANTED

JUN 17 1996

This certificate of Parole shall not become operative until the following conditions are agreed to by the prisoner. JPD

1. That I will report within 48 hours to the Division of Probation and Parole office. Department of Corrections, which is listed on the face of this Certificate.
2. That I will remain within the limits fixed by the Certificate of Parole. If I have good cause to leave these limits, I will obtain written permission from the Parole Agent and the approval of the Division of Probation and Parole before doing so.
3. That I will, as directed by my Parole Agent, make a full and truthful written report, based on an interval determined by my Parole Agent, upon the form provided for that purpose and that I will take or mail my report to my Parole Agent until my final release. I will report to my Parole Agent when directed to do so.
4. That I will avoid injurious or vicious habits and places of disreputable or harmful character, which includes the ingestion of alcoholic beverages and/or frequenting establishments where alcohol is the primary commodity served or sold.
5. That I will not associate with persons known to be engaged in criminal activity. Also, I will not associate with persons known to have been convicted of a felony without written permission from my Parole Agent.
6. That I will in all respects conduct myself honorably, work diligently at a lawful occupation, and support my dependents, if any, to the best of my ability.
7. That I will promptly and truthfully answer all inquiries directed to me by the Division of Probation and Parole Agent.
8. That I will live and remain at liberty and refrain from engaging in any type of criminal conduct.
9. I agree to live and work at the places stated in my parole plan and will not change residence or employment until after I have permission to do so from the Parole Agent.
10. I shall not have in my possession or control any firearms or dangerous weapons.
11. I will submit myself to available medical, psychiatric, mental health, or substance abuse examination or treatment or both when ordered to do so by the Probation and Parole Agent. Also, I will submit to drug and/or alcohol screens at my own expense.
12. That I hereby do waive extradition to the State of Louisiana from any jurisdiction in or outside the United States where I may be found and also agree that I will not contest any effort by any jurisdiction to return me to the State of Louisiana.
13. I understand that if I am arrested while on parole, the Board has the authority to place a detainer against me which will in effect prevent me from making bail pending disposition of my new charges.
14. I understand that I am subject to visits by my Parole Agent at my home or place of employment without prior notice.
15. I will pay a parole supervision fee of $43.00 per month payable the 1st day of each month, or if I am unable to pay my fees, I will work 20 hours a month community service as directed by my Parole Agent. Community service hours worked in lieu of supervision fees will be in addition to any other community service hours ordered by the Board or my supervising agent.
16. I will perform one hundred hours of unpaid community service work during the period of my parole, and if unemployed, perform additional hours as instructed by my supervising parole agent.

I understand all of the above conditions which have been read to me and I do solemnly promise and agree.

Dated 6/13/96, 19___. [signature]

Witnessed: [signature] DOC NO. 105961

CF 8-A (1/94)

STATE OF LOUISIANA
**DEPARTMENT OF CORRECTIONS**
**BOARD OF PAROLE**
**BATON ROUGE, LOUISIANA**

# DIMINUTION OF SENTENCE

*Know All Men By These Presents:* That JESUS CARMONA

Register No. 105961 a prisoner in the LOUISIANA DEPARTMENT OF CORRECTIONS/LSP ORL/257622

is eligible to be released by diminution of sentence in accordance with R.S. 15:571.5 and it is ORDERED that the prisoner shall be released in the same manner as if on parole on JUNE XXX 1996, JUNE 14, 1996, 19___,

and that said prisoner remain within the limits of JEFFERSON DIST/LOUISIANA (DISTRICT OFFICE) (STATE) until JULY 10, 2008 (DATE); or, until other action may be taken by the Board of Parole.

Said prisoner shall report to:

| *Parole Specialist — Address* | *Residence — Address* |
|---|---|
| WILLARD TUCKER<br>HARVEY STATE OFFICE BLDG<br>2150 WESTBANK EXPRESSWAY<br>SUITE 501<br>HARVEY, LA 70058 | (HAZEL ALVAREZ)<br>XXXXXXX XXXXXXXX<br>1009 XXXXX ST.<br>MARRERO, LA 70072<br>(504)341-8678 |

**ACT 299

BE IT ALSO KNOWN, that this release is upon the condition that the said prisoner has agreed to observe and perform all and singular the rules and covenants shown on the back hereof, all of which are hereby made and agreed to be conditions precedent to his release, and to observe the following conditions:

- ☐ AA/NA Meetings ________ per week
- ☐ Mental Health Evaluation & Treatment
- ☐ Substance Abuse Evaluation & Treatment
- ☐ Pay Restitution
- ☐ Pay Fines and/or Costs of Court
- ☐ No Contact With Victim(s)
- ☐ No Contact With Co-Defendant(s)
- ☐ GED, VO-TECH, or other education plan
- ☐ Comply with treatment plans in Blue Walters Discharge Summary
- ☐ Other ____________________

**SEX OFFENDERS MUST:**

- ☐ Register with Sheriff of Parish in which you reside (R.S. 15:542)
- ☐ Comply with conditions of R.S. 15:574.4 (H)

**THE STATE OF LOUISIANA**
**DEPARTMENT OF CORRECTIONS**

The above named subject was released on the 14TH day of JUNE 1996 19___

____________________
WARDEN

DISTRICT COPY

297-622

The State of L[illegible] **PARISH OF ORLEANS**

[illegible] CRIMINAL DISTRICT COURT FOR THE PARISH OF ORLEANS

Richard [illegible] Assistant District Attorney for the Parish of Orleans, who in the name and by the authority of the said State, prosecutes, in this behalf, in proper person comes into the Criminal District Court for the Parish of Orleans, in the Parish of Orleans, and gives the said Court here to understand and be informed that one

JESUS J. CARMONA,

late of the Parish of Orleans, on the third day of July in the year of our Lord, one thousand nine hundred and eighty-three in the Parish of Orleans aforesaid, and within the jurisdiction of the Criminal District Court for the Parish of Orleans,

while armed with a dangerous weapon, to-wit: a knife, robbed one ~~WALKER WALLARD~~ WALLACE [illegible] ADA 4/4/84 of Two Hundred and Thirty-One ($231.00) Dollars inthe lawful money of the United States of America,

contrary to the form of the Statute of the State of Louisiana in such case made and provided and against the peace and dignity of the same.

SECOND COUNT: And now the said Richard [illegible], Assistant District Attorney for the Parish of Orleans aforesaid, does further give the said Court here to understand and be informed that one

JESUS J. CARMONA

late of the Parish of Orleans, on the third day of July

in the year of our Lord, one thousand nine hundred and eighty- three in the Parish of Orleans aforesaid, and within the jurisdiction of the Criminal District Court for the Parish of Orleans,

while armed with a dangerous weapon, to-wit a knife, robbed one ROBERT BRINSON of Two Hundred and Forty-One ($241.00) Dollars in the lawful money of the United States of America,

Clerk's Office 5/3 1984
A True Copy
B. Lewis Deputy Clerk
Criminal District Court
Parish of Orleans.

contrary to the form of the Statute of the State of Louisiana in such case made and provided and against the peace and dignity of the same.

Richard [illegible]
Assistant District Attorney for the Parish of Orleans

COPY

State of Louisiana

UNION JUSTICE AND CONFIDENCE

## EXECUTIVE DEPARTMENT

**M.J. "MIKE" FOSTER, JR., GOVERNOR OF THE STATE OF LOUISIANA,**
**TO HIS EXCELLENCY THE GOVERNOR OF THE STATE OF MINNESOTA**

**WHEREAS**, it appears by the annexed application for requisition and copies of **Original Bill of Information, Criminal Case Minutes (Including Sentencing), Docket Master, Louisiana Law Violated, Diminution of Sentence, Conditions of Parole, Activity Report, Warrant and Identification**, which I certify are authentic and duly authenticated in accordance with the laws of the State of Louisiana, that under the laws of this State, **Jesus Carmona,** stands **Convicted** of the crime(s) of **Armed Robbery** committed in this State, and it has been represented and is satisfactorily shown to me that the accused was present in this State at the time of the commission of said crime **and thereafter violated the conditions of his parole** and fled from the justice of this State, and has taken refuge, and is now to be found in the custody of the **Crow Wing County Sheriff's Office, State of Minnesota.**

**NOW, THEREFORE**, pursuant to the provisions of the Constitution and the laws of the United States and the laws of the State of Louisiana and the laws of the State of **Minnesota,** I do hereby respectfully demand that the above-named fugitive from justice be arrested and secured and delivered to **Eugenie C. Powers and/or his representatives** who are hereby authorized to receive, convey, and transport said fugitive to this State, here to be dealt with according to law.

**In Witness Whereof**, I have hereunto signed my name and caused to be affixed the Great Seal of State, at Baton Rouge, Louisiana, this 17th day of July 2000.

M.J. "Mike" Foster, Jr., Governor

By the Governor:

Fox McKeithen, Secretary of State

# STATE of MINNESOTA

EXECUTIVE DEPARTMENT

JESSE VENTURA
GOVERNOR

**TO ALL SHERIFFS, PEACE OFFICERS, AND OTHER CIVIL OFFICERS**
**STATE OF MINNESOTA**

**WHEREAS,** it has been made known to me by the Governor of **Louisiana** that **JESUS CARMONA** stands convicted before the proper authorities, **of the crime of Armed Robbery,** committed in said State and has since **VIOLATED THE TERMS AND CONDITIONS OF HIS PAROLE**, and that the said fugitive has fled from justice in said State, and has taken refuge in the State of Minnesota; and

**WHEREAS,** the said Governor, in pursuance of the Constitution and laws of the United States, and the laws of the State of Minnesota pursuant to the Uniform Criminal Extradition Act, has demanded of me that I cause the said fugitive to be arrested and delivered to **Eugenie C. Powers and/or his designated agent(s)** who is/are duly authorized agent(s) to receive into custody and convey the fugitive back to said State; and

**WHEREAS,** said demand is duly certified as authentic by the Governor of said State:

**NOW, THEREFORE,** I, Jesse Ventura, Governor of the State of Minnesota, by virtue of the authority vested in me by the Constitution and laws of this State, and the United States do issue this my Warrant commanding all sheriffs, peace officers, and other civil officers of this State, to arrest and aid and assist in arresting said fugitive and to deliver **JESUS CARMONA** when arrested to said agent(s) in order that the fugitive may be taken back to said State to be dealt with for said violation.

**IN TESTIMONY WHEREOF,** I have hereunto signed my name and caused to be affixed the Great Seal of the State of Minnesota at St. Paul, Minnesota, this 21 day of July, A.D. 2000.

Jesse Ventura
Governor

Mary Kiffmeyer
Secretary of State

AFSCME
RECYCLED PAPER WITH A MINIMUM OF 10% POSTCONSUMER WASTE

 #10

250

# Crow Wing County

**Dick Ross, Sheriff**
**Law Enforcement Center**
**P.O. Box 314**
**Brainerd, MN 56401**

**ORI: MN0180000** **Case Number:** 2000 8200

## NOTICE OF EXECUTION OF ARREST WARRANT

(File with court prior to defendant's first appearance)

### EXECUTING OFFICER

The undersigned certifies that the warrant for arrest of Jesus Jose Carmona DOB 2-4-58 was executed by him by taking the person of said defendant into his custody on the ______ day of 5-21, 20____ at 2018 hours pursuant to the following: *(complete one)*

1. Warrant for arrest (check and attach hereto): √
2. Authority of ____________ Court of ________________ County, for the offense of ______________________________, committed on the ____ day of ____________, 20____.

Harvey [signature]
Arresting Officer

---

### OFFICER IN CHARGE OF JAIL

The undersigned officer in charge of the Crow Wing County Jail certifies that the above person herein has either posted the bail or met the conditions of release as noted on the warrant for arrest and has been released and requested to appear on the _____ day of ________________, 20____, at ________M, at the Court Administrator's Office.

______________________
Date and time of release

______________________
Officer in Charge of Jail

# Warrant Service Notice

DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS

J. "MIKE" FOSTER, JR., GOVERNOR

RICHARD L. STALDER, SECRETARY

# FAX TRANSMITTAL

**PHONE: 225/ 342-6609**
**FAX: 225/ 342-3087**
**TELETYPE ORI #'s:**
**LA017045G - PROBATION**
**LA017055G - PAROLE**

**DATE:** 5-22-2000

**FROM:** TERRY SANDERS - WARRANT/FUGITIVE & EXTRADITIONS

NUMBER OF PAGES: 4 (including cover sheet)

**TO:** Crow Wing County S.O., MN
Fax 218/ 829-8763

**ATTENTION:** Extraditions or Warrant-Fug. Div.

**REFERENCE:** Carmona, Jesus
W/M DOB: 2-4-58 LA DOC # 105961

**COMMENTS:**

[✓] PER YOUR REQUEST OF this date

[ ] PER OUR PHONE CONVERSATION OF ____________

[ ] RESPONDING TO YOUR TELETYPE/FAX OF ____________

**DOCUMENTS ARE TRANSMITTED AS FOLLOWS:**
[✓] VIOLATION WARRANT [✓] PRE - SIGNED WAIVER [ ] PHOTO [ ] FINGERPRINTS
[ ] OTHER AS NOTED: Condition # 12

If your courts do not honor Pre-Signed Waivers of Extradition we will complete a Gov's Warrant, please advise.

THANK YOU FOR YOUR COOPERATION AND ASSISTANCE.

P.O. Box 94304 • Capitol Station • Baton Rouge, Louisiana 70804-9304
(504) 342-6609
AN EQUAL OPPORTUNITY EMPLOYER

ROY A. LUUKKONEN ............... AUDITOR
DICK ROSS ............... SHERIFF
DONALD F. RYAN ............... ATTORNEY
LAUREEN E. BORDEN ............... TREASURER
KATHY LUDENIA ............... RECORDER
PETER J. HERLOFSKY, JR. .... ADMINISTRATOR
MARTYN SCHMIDT ............... ASSESSOR
DUANE A. BLANCK, P.E. . HIGHWAY ENGINEER
DON SIGETY ............... SURVEYOR

THE ... COWELL ............... LAND COMMISSIONER
DAR... PASKE ............... COURT ADMINISTRATOR
CAROL CARLSON . COMMUNITY HEALTH ADMINISTRATOR
DEAN WILLIAMS ............... PLANNING AND ZONING
DOUGLAS R. MORRIS ....... SOLID WASTE COORDINATOR
SUSAN M. BECK ............ SOCIAL SERVICES DIRECTOR
DAVID R. SCHULDHEISZ ........... VETERANS SERVICE & EMERGENCY MANAGEMENT

COUNTY COMMISSIONERS
ED LARSEN, CHAIRMAN
JOHN R. FERRARI, VICE CHAIRMAN
DEWAYNE "DEWEY" TAUTGES
TERRY L. SLUSS
GILBERT R. DEWES

COUNTY ATTORNEY'S OFFICE
COUNTY SERVICE BUILDING
322 LAUREL STREET
BRAINERD, MINNESOTA 56401-3564

TELEPHONE (218)824-1025
FAX (218)824-1026

CROW WING COUNTY
BRAINERD, MINNESOTA 56401

January 30, 2001

Terry Sanders
Warrant/Fugitive & Extraditions
Department of Public Safety and Corrections
Capital Station
P.O. Box 94304
Baton Rouge, LA 70804-9304

By Facsimile Transmission
By United States Mail

RE: State of Minnesota v. Jesus Jose Carmona
Fugitive from Justice

Dear Mr. Sanders:

Please be advised that we have received the decision from the Court of Appeals affirming Judge Ten Eyck's decision that Carmona is to be extradited to the State of Louisiana pursuant to the Governor's Warrant. He has now exhausted all appeal options. Therefore, you are welcome to get Mr. Carmona and bring him back to Louisiana. I have contacted Don Inwards at the Crow Wing County Jail who is waiting for your call as to when you will be here. You may contact him at (218) 829-4749.

If you have any questions or concerns, please feel free to contact our office.

Very truly yours,

John J. Sausen
Asst. County Attorney

JJS:dkn

AN EQUAL OPPORTUNITY EMPLOYER

STATE OF MINNESOTA
COUNTY OF CROW WING

NINTH JUDICIAL DISTRICT
BRAINERD, MINNESOTA 56401

In Re: The State of Minnesota
vs. JESUS JOSE CARMONA
Case Number: 18-K7-00-001232

[TEN EYCK ASSIGNED]

JESUS JOSE CARMONA
LEC
BRAINERD,MN 56401

--- ---

# N O T I C E O F F I L I N G O F O R D E R

You are hereby notified on August 14, 2000 a
ORDER JJJ

was filed in the above entitled matter.

A true and correct copy of this notice has been served by mail upon the parties named herein at the last known address of each, pursuant to the Minnesota Rules of Civil Procedure.

Darrell M. Paske, Court Administrator

By JOYCE JURACEK
Deputy

Dated: August 15, 2000

FILED
AUG 14 2000
DARRELL M. PASKE
COURT ADMINISTRATOR
CROW WING COUNTY

STATE OF MINNESOTA

COUNTY OF CROW WING

DISTRICT COURT

NINTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

vs.

Jesus Jose Carmona,

Defendant.

Court File No. K7-00-1232

**ORDER**

IT IS HEREBY ORDERED, that pursuant to Minnesota Rules of Criminal Procedure 9.02, subd. 2 (1)(c) the Crow Wing County Sheriff's Department shall take the fingerprints of the above-named defendant for the purposes of determining that this is the person to be extradited to the State of Louisiana.

Dated: 8/14/2000

The Honorable David J. TenEyck

STATE OF MINNESOTA
COUNTY OF CROW WING

NINTH JUDICIAL DISTRICT
BRAINERD, MINNESOTA 56401

In Re: The State of Minnesota
vs. JESUS JOSE CARMONA
Case Number: 18-K7-00-001232

[TEN EYCK ASSIGNED]

JESUS JOSE CARMONA
LEC
BRAINERD, MN 56401

--- ---

N O T I C E O F F I L I N G O F O R D E R

You are hereby notified on August 15, 2000 a
ORDER

was filed in the above entitled matter.

A true and correct copy of this notice has been served by mail upon the parties named herein at the last known address of each, pursuant to the Minnesota Rules of Civil Procedure.

Darrell M. Paske, Court Administrator

By JOYCE JURACEK
Deputy

Dated: August 15, 2000

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF CROW WING | NINTH JUDICIAL DISTRICT

Jesus Carmona,

Plaintiff,

Court File No. K7-00-1232

vs.

**ORDER**

Sheriff Dick Ross, Crow Wing County Sheriff, et. al.,

Defendants.

FILED AUG 15 2000 DARRELL M. PASKE COURT ADMINISTRATOR CROW WING COUNTY

The above-entitled matter came on before the Honorable David J. Ten Eyck, Judge of District Court, Ninth Judicial District, on August 14, 2000 for purposes of a hearing on Plaintiff's application for a writ of habeas corpus.

John J. Sausen, Assistant Crow Wing County Attorney, appeared on behalf of Defendants. Applicant Jesus Carmona represented himself.

Based upon the file, the record, arguments of counsel and parties, and all proceedings and submissions therein, **THE COURT HEREBY MAKES THE FOLLOWING:**

## ORDER

1. Plaintiff Jesus Carmona's writ of habeas corpus is DENIED and DISCHARGED.
2. Plaintiff Jesus Carmona is to be delivered into the custody of the demanding state of Louisiana, pursuant to the requests of the Minnesota Department of Public Safety and the Minnesota Executive Department.
3. The attached memorandum shall be made a part hereof.

Dated: August 15, 2000

[signature]
David J. Ten Eyck
Judge of District Court

(2) Whether the petitioner has been charged with a crime and has been alleged to have broken the terms of bail, probation, release, or parole.

(3) Whether the petitioner is the person named in the extradition request.

(4) Whether the petitioner was present in the demanding state at the time of the offense charged.

See Michigan v. Doran, 439 U.S. 282, 289 (1978); State v. ex. rel. DeGidio v. Talbot, 250 N.W.2d 169, 170 (1977); Cox v. Sheriff of Pine County, WL 88546 (Minn.App. 1988).

The crux of Mr. Carmona's argument is that he was sentenced without the benefit of parole or early release and that therefore, it is impossible for him to be on parole and impossible for him to have violated conditions of parole. However, because such a legal argument is based *entirely* on Louisiana state law, it would be wholly inappropriate for this Court to give it substantive consideration. This Court's analysis is limited to a procedural examination of the extradition documents. Id. It is sufficient for extradition if the demanding authority provides proper extradition documents and warrants which, on their face, allege that the petitioner has "broken the terms of ... parole." State ex. rel. Kirkendoll v. Zacharias, 410 N.W.2d 56 (Minn.App. 1987). The State of Louisiana has supplied this Court with documents that are sufficient on their face and which allege a conviction of Mr. Carmona, his subsequent release, and a violation of his release conditions. This same analysis applies to Mr. Carmona's conflicting claims that he was improperly convicted and that his conviction was subsequently overturned. He provided no evidence that supported such claims and furthermore,

the extradition papers from Lousdiana reflecting his conviction, sentencing, and conditions of release are in order on their face.

Because the extradition documents are in order, on their face, habeas relief is inappropriate. Furthermore, Mr. Carmona conceded to his identity as the person named in the extradition request at hearing.

CONCLUSION

Because Mr. Carmona has failed to meet any of the four available grounds for challenging his extradition through habeas proceedings, his application for habeas corpus must be discharged.

*D.J.T.*