UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Jesus Carmona,
Plaintiff,
vs

Civil Action: 00-2447

MJD/~~ESS~~ RLE

John Sausen, David Ten Eyck,
David Hermerding, Jennifer Cummings,
Tim Friis, Jesse Ventura, Mike Hatch,
Don Inwards, Marshall Prescott,
Rod mcCulley, Dick Ross, Harvey(Doe),
and Pete (Doe),
DEFENDANTS.

**Plaintiff's opposition to the Defendants' Motion for Summary Judgment**

**Statement of the Facts**

1.

On May 21,200, petitioner was abducted by gun point, by an unidentifiable police officer; while home and supposely secured, in the City of Deerwood, Crow Wing County, Minnesota; without a judicially issued arrest warrant; or probable cause of violating any criminal offense, in the State of Louisiana; or the State of Minnesota.

2.

Plaintiff, at all times relevant, demanded his immediate release, and production of a valid and sufficient, judicial arrest warrant for his arrest. Defendants denied relief.

3.

Plaintiff at no time, has he ever been placed upon parole

SCANNED
NOV - 7 2005
U.S. DISTRICT COURT

supervision, by the Louisiana State Board of Parole. There are no valid and sufficient, legal parole certificate issued by any parole board to the plaintiff in this case.

4.

The allegations alleged by the Defendants and the State of Louisiana, are fraudulent suppression of the truth, to cause a loss and detriment to the plaintiff, for an unjust advantage and enrichment.

5.

Defendants, has confessed that they extradited the plaintiff from the State of Minnesota, to the State of Louisiana, on Feb. 5,2000 before plaintiff can exhaust his State and Federal, judicial remedies. Plaintiff had filed his Federal Writ of Habeas Corpus on "June 12,2000."

## Standard of Review

**Summary judgment is inappropriate when viewing the record in the light most favorable to the nonmoving party, there exist a genuine issue of material fact, the nonmoving party is entitle to proceed with the case as a matter of law and justice.**

## ARGUMENT

Plaintiff contends, the fourth and the fourteenth amendments to the United States Constitution, prohibits the Federal and State Governments and its agencies; from an unwarranted arrest or seizure. Its prohibition of searches and seizures that are not supported by some objective justification governs all seizures of the person, "including seizures that involve only brief

detention short of traditional arrest. **Reid v. Georgia**, 100 S.Ct. 2752,2753 (1980). While the court has recognized that in some circumstances a person may be detained briefly, without probable cause to arrest him, any curtailment of person's liberty by police must be supported at least by a reasonable "articulable suspicion that the person seized is engaged in criminal activity. 100 S.Ct. @ 2754 (1980). Another element often, though not invariably, required in order to render an unconsented seizure "reasonable" is of course, that the officer be authorized by a valid warrant. **Illinois v. Rodriquez**, 110 S.Ct. 2793 (1990).

To achieve that end, the framers of the amendment interposed the warrant requirement between the public, reflecting their conviction that the decision to enter a dwelling should not rest with the officer in the field, but rather with a "detached and disinterested magistrate." **Payton v. New York**, 100 S.ct. 1371,1377 (1980).

In this case, plaintiff was home and suppose to be secured and protected under the United States Constitution. At time of his abduction, plaintiff was not engaged or had been accused of committing a criminal offense. An unfounded technical parole violation, is not a criminal offense; but a civil breach. With out a warrant; issued upon probable cause, by a "detached and disinterested" magistrate, or by a court of law. The police and the courts, lacked subject-matter jurisdiction. Courts jurisdiction are strictly governed by the Constitution and laws. They are not general, but specific authorities with limits and prohibitions; that no court can transcend or ignore. Once

**plaintiff informed the police, sheriff and the courts, he demanded** immediate release, or produce a valid and sufficient, arrest warrant. The Court was estopped from moving forward. The defendants' authority and jurisdiction ceased; and they were obligated under Article VI, of the United States Constitution, to protect plaintiff from kidnapping and false-imprisonment.

The Court must be mindful, this is not an issue concerning a trial of conviction or sentence to imprisonment for committing a criminal offense. Defendants can not avail themselves from liability, based upon a void and fraudulent judgment, which was deliberately contrived by fraud and suspression of the truth.

Probable cause means "the existence of such 'facts' and circumstances as would excite the belief, in a 'reasonable' mind, acting on 'facts' within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted. **Moore v. McDonald**, 30 F.3d 616 (5 Cir.1994). Lack of probable cause is an element of malicious prosecution. **Seven Elves, Inc. v. Eskenaze**, 704 F.2d 241,245 (5 Cir.1983); **Martin v. Thomas**, 973 F.2d 449,457 (5 Cir.1992).

Finally, the essental purpose of the proscriptions in the fourth amendment is to impose a standard of "reasonableness" upon the exercise of discretion by government officials, including law enforcement agents, in order "'to safeguard the privacy and security of individuals against arbitrary invasions'" **Marshall v. Borlow's Inc.**, 98 S.Ct. 1816,1820 (1978)(Quoting **Carmara v. Municipal Court**, 87 S.Ct. 1727,1730 (1967).

The decision of this court, does not up-set the conviction and sentence of the plaintiff's 1984, conviction. This is not an attack upon the alleged "Armed Robbery Conviction."

That conviction and sentence became final in 1995. See State v. Anderson, 349 So.2d 311,314-15 (La.1977); State V. Gauthe, 731 So.2d 273 (La.1998)(Gauthe, plead guilty to probation in 1997, in the State of Texas. Louisiana learned of it, had him arrested, and on November 21,1997 filed a motion to revoke an imaginary "good-time" parole supervision, pursuant to LSA-R.S. 15:571.5 & R.S. 15 :574.10. see copies attached. The Louisiana Supreme Court held, the State could not justify up-setting the finality of his conviction and sentence because of "Diminution of Sentence." Ordering the District Court to dismiss the motion for revocation.

A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Matsushite Elec. Indus. v. Zenith Radio, 475 U.S 574,587 (1986). Defendants insist upon fraud and misrepresentation of the truth, based upon "unfactual" conclusory allegations.

The moving party bears the burden of showing that the material facts in the case are undisputed. Celotex v. Catrett, 477 U.S. 312,322 (1986). Its not the plaintiff burden of proof.

The filing of this summary judgment, is intended to cause needless litigation and unnecessary burden upon the plaintiff. Plaintiff is entitled to award of compensation sanction of attorney fees, against the defendants, in this matter.

The defendants makes the following fraudulent statements

in their Memorandum in Support:

"Fraudulent Statements"

"1. Carmona was released on parole."

"2. A warrant for his arrest was issued."

"3. Carmona has failed to state a claim upon which relief can be granted."

"4. Carmona was arrested in Brainerd, Minnesota, and held at the Crow Wing County Jail, pursuant to the valid arrest warrant."

"5. While incarcerated at the . . . jail, Mr. Carmona received no discipline."

"6. Governor Ventura issued a redition warrant directing Carmona to be extradited to Louisiana. Mr. Carmona then filed a writ of habeas corpus."

Its been held that "misuse of powers, possessed by virtue of State law and made possible only because the wrongdoer is clothed with the authority of State law, is action taken under color of State law." Monroe v. Pape, 365 U.S. 167,184(1981)(Quoting United State v. Classic, 313 U.S. 325,326(1941); accord, West v.Atkins, 487 U.S. 42,50(1988). The Supreme Court also equated "color of law," with the "pretense of Law." Screws v. United States, 395 U.S. 91,111(1945). The Supreme Court has held that Federal Statutes may be enforced under §1983, Maine v. Thiboutot, 100 S.Ct. 2502(1980).

The Fourteenth Amendment States:

> " No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal peotection of the laws." And,

Likewise, the Fourth Amendment states:

> " The rights of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated and no warrant shall issue, but upon probable cause, supported by oath or affirmation."

The fundamental requirement of due process is "the opportunity to be heard." Grannis v. Ordean, 34 S.Ct 779,783(1914). The purpose of this requirement is not only to "ensure" the abstract concept of fair play," but also "to prevent the arbitrary deprivation of a liberty interest." Fuentes v. Shevin, 92 S.Ct. 1983(1972).

An official loses his qualified immunity only if he knew or reasonably should have known that the action he took within his sphere of official responsibility would violate constitutional rights or if it was his malicious intent to cause deprivation of the plaintiff's constitutional rights. Wood v. Strictland, 95 S.Ct. 992(1975).

Once a constitutional violation is found, "a federal court" is required to "tailor" the scope of the remedy "to fit" the nature and extent of the constitutional violation." Hill v. Gautreaux, 96 S.Ct. 1538,1544-45(1976)(Quoting Millern v. Bradley, 94 S.Ct. 3112, 3126(1974).

Defendants seek to hide behind the color of state law, and the unconstitutionally enacted "judicial-legislative" rule of laws; from being held accountable for their wrongs. Judical created immunity laws are in direct conflict with the "people's" Congressionally created constitution and laws. Immunity issues are questions of " genuine issues of facts." They are for the jury to decide, whether an official acted within his scope of authority and jurisdiction. This court recognized the fact, the alleged warrants, defendants claimed as arrest warrants; are in fact, "not arrest warrants at all." See this court's opinion.

Without a valid and sufficient arrest warrant, actually issued

against the plaintiff. The defendants and the State Courts, lacks proper and legal subject-matter jurisdiction; to detain plaintiff in prison; without his consent and will. The language of the fourth amendment, that "no warrant shall issue, but upon probable cause . . . of course applies to arrest as well as search warrants." See **Ex parte Barford**, 3 Cranch 448; **McGrain v. Daugherty**, 47 S.Ct. 319,523. The protection afforded by these rules, when they are viewed against their constitutional background, is that the inferences from the facts which lead to the complaint be drawn by a neutral and detacheded magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime. **Johnson v. U.S.**, 68 S.Ct. 367,369(1948).

Defendants first contention alleges that Mr. Carmona's prior litigation precludes him from relitigating the contitution-ality of his arrest. This is a fraudulent statement. Plaintiff presented the defendants with a genuine issue of material fact, which they deliberately ignored in its entirety. His fourth, fifth, sixth, eighth and fourteenth amendments claims referring to the validity of the arrest warrant, was never redressed nor, intertained by thedefendants. See transcripts and appeal records filed by the State and the plaintiff, in State court. Fourth amendment issue never ruled or addressed by the courts. **Rooker-Feldman**, and **Heck v. Humphrey**, doctrine empted from non-criminal and Habeas corpus isues. Neither of the unconstitutional doc-trines applies in this case. If that's the case, the O.J. Simp-son law-suit is null and void; since the not-guilty verdict, was never over-turned.

This case does not involve a Minnesota State Court criminal trial verdict or conviction with a sentence; nor, does it involve a State court judgement in a law-suit for damages. Neither is this case upon a Louisiana State Court judgement of conviction or sentence. **Subject-matter jurisdiction** is lacking of both doctrines and inadmissible in this case.

There exist a genuine issue of **"fraud,"** before this court. Under Louisiana law, fraud is defined as:

> "Fraud is a misrepresentation or a suppression of the truth made with intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. **LSA-C.C.art.1953.**

In **Magee v. Odden**, 220 Minn. 498, 20 N.W.2d 87(1945), the court held, the rule to be applied in view of the recited facts is that, since fraud renders voidable everything into which it enters, the Court will look through any form of instrument or proceeding in order to prevent a party from profitting by his fraud; that the Court will not take a single step to save harmless the party who is guilty of fraud; and that no right can arise out of a fraudulent act. **3 Dunnell, Dig. & Supp. §3834, and cases under notes 99 and 1.**

A court has the inherent power to inquire into the integrity of its own judgment and to set them aside when fraud or corruption of its officers has been shown. **Chicago Title & Trust Co. v. Fox Theatres Corp.**, 182 F.Supp. 18(1966); **Univ. Oil Prod. Co. v. Rootrefining Co.**, 66 S.Ct. 1176(1946).

In **Brogan v. United states**, 118 S.Ct. 805(1998), the Supreme Court held:

> "18 U.S.C. §1001 provided: 'Whoever, in any matter within the jurisdiction of any department or agency

> of the United States knowingly and willingly falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representation, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fine not more than $10.000.00 or imprisonment not more than five years, or both.' by its terms, 18 U.S.C. §1001 covers 'any' false statement-that is, a false statement 'of whatever kind,'" **United States v. Gonzales**, 117 S.Ct.1030(1997).

So a genuine issue of material fact, is present for the defendants to prove factually, not by conclusory oral evidence; of the actual existance of a "valid and sufficient" arrest warrant, that has been issued by a "neutral and uninterested magistrate judge, or court of law. The United States Court of Appeals, for the Fifth Circuit, ruled in plaintiff case. **Jesus Carmona v. O. Kent Andrews**, 357 F.3d 535(2004)(holding that, the parole board is not a court for subject-matter jurisdiction). This court also made a similar determination in its own report. Holding that the documents the defendants filed as arest warrants, are not arrest warrant, as correctly pointed out by Carmona. See this court's opinion in its last order of dismissal.

Federal rules of Civil Procedures, Rule 60.(B) provides five specific reasons for which relief may be granted. As a threshold showing, the moving party must demonstrate that the error made did not result from his or her own culpable conduct. See **Weiss v. St. Paul Fire & Marine Inc. Co.**, 283 F.3d 790,794 6 Cir. 2002) cert filed Jun. 12,2002, No. 02-91, 71 U.S.L.W. 3116. Relief from a judgment or order may be permitted where:

(1) The adverse party engaged in fraud, misrepresentation, or other misconduct, and

2) The adverse party's conduct prevented the moving party from fully and fairly presenting its case during trial, and

(3) Relief may also be granted where the judgment or order is void, whether because the court lacked jurisdiction over the subject matter, lacked personal jurisdiction over the parties, acted in some manner inconsistent with constitutional due process, or otherwise acted beyond the powers granted to it under the law. **F.R.Civ.Pro. Rule 60.(B)** et. seq.; **Carter v. Fenner**, 136 F.3d 1000,1006(5th Cir. 1998) cert. den. 119 S.Ct. 591(1998). Only those judgments entered beyond the court's authority to act are "void". **Chambers v. Armontrout**, 16 F.3d 257,260(8th Cir. 1994).

Irrespective of whether the fraud is considered "extrinsic" or "intrinsic". This rule may be used . . ., only where the challenged behavior substantially interfered with the party's ability to fully and fairly try the case. **Assmann v. Fleming**, 159 F.3d 332 (8th Cir. 1999).

Defendants stated on page 3, in their memorandum the following:

> (1) On May 21,2000, Governor Ventura issued a rendition warrant directing Carmona to be extradited to Louisiana. **(Aff. Cohen Doc.#36)** at par. 6. Mr. Carmona then filed a Writ of Habeas Corpus. **Pl. 2nd Amend. Comp.(Doc.#40)** § 11 par. 5.

(2) Mr. Carmona appealed, and the Minnesota Court of Appeal affirmed the denial (Jan.30,2001)

(3) Subsequently, the Minnesota Supreme Court denied review. (Mar.13,2001).

(4) Mr. Carmona was extradited Feb. 5,2001.

Defendants suppressed the fact, plaintiff subsequently, prior to the State Court hearing of August 14,2000; he had filed a **"Federal Writ of Habeas Corpus"** in the United States District Court, District of Minnesota, Case No. 00-1450 (USDC,Minn.2000) The court on June 26,2000 dismissed **"without prejudice"** pending exhaustion of State remedies.

Defendants judicially confessed on page 3, in their memorandum, that they extradited the plaintiff before he could fully exhaust his State and Federal Courts judicial remedies.

They can not raise any immunities or resjudicata issues; because they denied plaintiff his right to be fully heard before extradition. Plaintiff sought federal review, only to be denied access because he was unlawfully removed from this court's jurisdiction without due process and equal protection of the laws.

Only when the challenged behavior substantially interferred with the moving party's ability to fully and fairly try the case. See Greiner v. City of Champlin, 152 F.3d 787(8th Cir.1998)

Defendants denied adequate, effective and meaningful, access to the courts, which not only included, the unlawful extradition on February 5,2001.

**Judicial Confession**

In the present case, plaintiff initiated a discovery request for documents and information. Though, they did not respond fairly; and raised unlawful objections, prohibited by the Fed. R.Civ.Pro. Rule 26 and 34. Defendant did submit as evidence, inadequate and insufficient, documents to support they defenses. See: Defendants' answers and exhibits as evidence, filed into court on or about, September 28,2005,(Deft's opposition to Mtn to Comp.)

They actually confessed their illegal actions and conducts, with evidence against them, submitted by them into court. The alleged documents, referred to as **Crow Wing # 1, through 12, inclusive**; are the following:

C.W.# 1. **Complaint**, which states, Carmona was sentence to serve twenty-five years, without the benefit of Probation, Parole and suspension of sentence; and that on January 5,2000, the La. Parole Board issued an arrest warrant for his arrest. **This is not an arrest warrant issue for his arrest on May 21,2000, the order for detention is signed and filed on May 23,2000.**

C.W. #4. **Warrant**, This document is signed and issued by an unidentifiable parole board member of Louisiana. **This is not a lawful arrest warrant.** Warrants are squarely under the sole jurisdiction of judicial court of law; not in a civil branch of agency of the State. This court has adjudicated that plaintiff was correct that this warrant; is not an arrest warrant; See this court's opinion Doc.#39,n.8,pg.12 **Carmona v. Ross**, case No. 00-2447, May 8,2002(USDC,Minn.D.2000). Defendants' failed to object, or raised this court's opinion on appeal.

The United States 5th Cir., Court of Appeals, in **Carmona v. Andrews**, 357 F.3d 535 (5th Cir. 2004)(holding that the La. State Parole Board, is not a court for subject-matter jurisdiction). This document is not a valid and sufficient arrest warrant, to arrest the plaintiff.

**C.W.# 5. Parole Agreement**, under American jurisprudence, a "contract" is a law which the parties imposes upon themselves, subject to the paramount law of the country where the contract is made. **Ogden v. Saunders**, 25 U.S. 213; all contracts recognized as valid in any country obtain their obligation and construction **juri loci contractus. Ogden v. Saunders**, supra.

The parole agreement submitted by the defendants, is not a lawful or binding agreement. If the plaintiff, was provided with a trained and expreience counsel at law. his due process liberty interest rights would not have been neglected and abused. These attorney(s) knew and should have known. as "patent error" the agreement the defendants are relying on; was in fact null and void.

Pursuant to Louisiana jurisprudence, it is well settled, that a contract is an agreement by two or more parties whereby obligations are created, modified, or extinguisthed. **LSA-Civil Code Article 1906.** This parole agreement lacks the requisite necessary for a lawful agreement or contract, for which can be enforceable in a court at law. Validity of contract is determined by law of place where it is entered into. **Miller v. Tiffany**, 68 S.Ct. 298.

Agreements or contracts, can only be questioned by the

parties to the agreement or contract. Whoever doesn't sign the agreement or contract, can not claim a breach, or compel enforcement of said obligations to the agreement. In the instant case, upon the four corners of the document, the only signature relevant is the plaintiff's signature. There are no other signature to this document, other than a witness. Parole can only be granted and authorized by three parole board members, which requires three signatures to be valid on the document.

This is a fatal and crucial error, patent on the face of the document; which an expreience trial attorney, would have objected too, from the start. Yet, neither Mrs Cummings or Mr. Hermerding, objected at any time in the plaintiff's case. They failed to object and have the agreement striked from the records. This caused plaintiff fatal and irreparable injuries to him and his person. Since this document lacks a second or third party signature; the State of Louisiana, could not claimed a breach of agreement or contract. This is not a valid and sufficient or binding contract, which can be enforce by any court. Defendants, can not use this document to establish any type of subject-matter jurisdiction, or authority over the plaintiff.

**C.W.# 6.** **<u>Diminution of Sentence</u>**, This is not a "Certicate of Parole" as defendants want this court to believe. Diminution of Sentence does not mean parole supervision. The La. Supreme Court has firmly interpreted the legislature's specific intent, of the definition and meaning of the language "Diminution of Sentence." See **<u>State v. Andreson</u>**, 349 So.2d 311, 314-15 (1977,La.); <u>State ex rel. Wilson v. Maggio</u>, 422 So. 2d 1121, 1123(La.1982); See

also Martin v. Foti, 561 F.Supp. 252 (E.D.La.1983); and Sherry v. Donnell, cas No. 86-4834 (E.D.La.1987)(The expiration of a sentence is the date that a defendant is discharged from supervision. Citing State v. Anderson, and State ex rel. Wilson v. Maggio, supra.)' accord, State ex rel. Moree mills v. State of la., 585 So.2d 555 (La.1991) and State v. Langlois, 703 So.2d 1281, 1282 (La.1997); all equating good-time credits diminishes a prisoner's full term of sentence; discharging him earlier than the original full term initial release date.

This diminution of sentence document is a forgery and is not authorized by Louisiana Public Laws. Defendants are offering this document as a " parole certificate" without any parole board member signature to authenticate the document. The La. Department of Corrections, is without lawful authority to grant any type of parole. This power is solely vested in the La. State Parole Board; which is a separate entity from the Dept. of Corrections.

Furthermore, the La. State Department of Corrections, is without legal authority to change, alter or amend. the language used to authenticate a diminution of sentence discharge, the Dept. of Corrs., should hot have typed the following languages into this document, to read:

> "is eligible to be release by diminution of sentence in accordance with R.S.15:571.5 and it is ORDERED that the prisoner shall be release in the same manner as if on parole."

There are no laws or policies, created by the La. Legislature authorizing, the Dept. of Corrs., to type this language in this document. This is forgery and fraud. The La. Supreme Court, rejected this authorization in State v. Gauthe, 731 So.2d 273 (La.1998)(Gauthe, was released after serving only half of his twenty (20) years sentence, in 1995. In 1997, Gauthe, went to

twenty (20) years sentence, in 1995. In 1997, Gauthe, went to Texas and committed another sex crime, inwhich he plead guilty to it in 1997. The District Attorney for the Parish of Lafayette, La., had Gauthe arrested and brought back to Louisiana. At which time, he filed a motion into the 15th Judicial District Court; to revoke Gauthe's imaginary parole supervision, pursuant to LSA-R.S.15:571.5. Gauthe fought it and the La. Supreme Court held, that the State can not justify disturbing the finality of his conviction and sentence. Ordering the district court to dismiss the motion for revocation. See exhibit attached of Gauthe's case. Gauthe was sentenced in 1985, plaintiff was sentence in 1984. We are under the same laws.

This document can not be held as a parole certificate; and the defenadants cannot use this document to justify an illegal arrest and kidnapping of the plaintiff.

C.W.# 8 & 9. Extradition Warrants, Under the United States Supreme Court's decision in Michigan v. Doran, 439 U.S. 282 (1978)((the court held, that before any extradition warrant could be issued; there must exist an arrest warrant issued by a neutral and disinterested magistrate judge or court). The warrants the defendants are relying upon, are devoid of any arrest warrant for plaintiff's arrest; issued by any magistrate judge or court of law. Without an arrest warrant duly accusing the plaintiff of committing a crime; the Governor of any State could not issue an Rendition Warrant for the plaintiff's arrest on May 21,2000. These documents are null and void. Minnesota could not arrest the plaintiff before a Rendition warrant was sufficiently signed by the Governor. See: Ex parte Hart, 63 Fed.249(1894); and In the Matter of Strauss, 197 U.S. 324, 25 S.Ct. 535(1905).

C.W.# 10. Notice of Execution of Arrest Warrant, This document

is clearly not an arrest warrant at all; and there is no arrest warrant attached to this document, to support it. It must also be judicially noticed, that the document is specifically entitled as: "Dick Ross Sheriff law Enforcement Center." Therefore, it must be recognized as the authority to arrest is being officially authorized by Sheriff Dick Ross, for the arrest of the plaintiff.

C.W.# 12? Letter to Terry Sanders, from John Sausen, John Sausen, is fraudulently informing the State of Louisiana, that they can come get the plaintiff. John Sausen, fraudulently stated:

"Carmona has now exhausted all appeal options."

This letter is dated January 30,2001 and faxed at approximately 3:30 p.m.; the appellate court affirmed his appeal on January 30,2001. Mr. Sausen, didn't even allowed the ink to dry on the court's decision, before faxing the letter to Louisiana. Violating the plaintiff's due process "procedural and substantial" liberty interest rights to exhaustion of State and federal judicial remedies; and access to the courts, etc. Because of this unlawful extradition to Louisiana, The United States District Court, for the District of Minnesota, case no. 00-1450; has penalized the plaintiff for the defendants illegal actions; by suspending the plaintiff's writ of habeas corpus; claiming that because the plaintiff is no longer in the State of Minnesota. The Court does not have subject-matter jurisdiction over the plaintiff; dismissing his action without prejudice. Causing plaintiff irreparable injuries and damages to his person and property, in violation of the constitution, laws and treaties of the United States.

The defendants while acting under the color of State law, did in fact, wantonly violated the plaintiff's constitutional rights under the First, Fourth, Fifth, Sixth, Eighth and the Fourteenth

amendments to the United States Constitution. Because of the defendants illegal extradition to Louisiana, without allowing him to exhaust his State and Federal Judicial Remedies. Plåintiff did not have a full and fair hearing on his claims in State or Federal Court.. The letter introduce as evidence by the defendants; they judicially confess to unlawfully extraditing the plaintiff; and therefore, they forfeit any defenses or immunities, they may want to claim in this case.

Documents 13, through 18, are irrelevant and argumentive. Without a valid and sufficient arrest warrant, duly issued by a neutral and disinterested magistrate judge or court of law. Defendants did nót have subject-matter jurisdiction or authority over the plaintiff. They could not arrest the plaintiff, and when he demanded production of a valid and sufficient, arrest warrant. The Court was required to order plaintiff's immediate release.

Their actions and failures to act, subjected the plaintiff to cruel and unusual punishment and false imprisonment, in violation of the constitution, laws and treaties of the United States.

Defendants, can not raise the Rooker-Feldman or Heck v. Humphrey, doctrine in this case. Habeas Corpus issues do not apply and nor could thèse unconstitutional judicial-legislative opinion; can be applied in this case. Without an arrest warrant, defendants motion for summary judgment must fail.

The defendants has acted in bad faith to any of the discoveries and information requested, by the plaintiff, throughout this entire case.

Defendnats motion for summary judgment and their memorandum in support; is frivolous, argumentive and without legal merits.

The records which the defendants continue to withheld from

the plaintiff and this court; is criminal in nature and presence a genuine issue of a material fact, that is undoubtedly in plaintiff's favor.

Defendants' motion should be dismissed and an award of attorney fees be awarded to the plaintiff, for his time in litigation and research to rebut and reply to their frivolous pleadings.

Executed this 19 day of October ,2005.

Respectfully Submitted by,

Jesus Carmona

Jesus Carmona, # 105961
Golf -1-B
E.H.C.C., P.O.Box 174
St. Gabriel, Louisiana
70776

I, Jesus Carmona, hereby states and deposes, that the above Statements and documents are true and correct to the best of my knowledge and belief under the penalty of perjury this 19 day of October ,2005.

Respectfull Submitted

Jesus Carmona

Jesus Carmona, # 105961

Certificate of Service

I, hereby certify that a full and complete copy of the above opposition to the defendants' motion for summary judgment, has been duly served upon their attorney(s) of the record, by placing same in the U.S.mail this 19 day of October ,2005.

Respectfully Submitted by,

Jesus Carmona

Jesus Carmoha, # 105961

# The Supreme Court of the State of Louisiana

STATE OF LOUISIANA

VS. NO. 98-KP- 1995

GILBERT GAUTHE

------

IN RE: Gauthe, Gilbert; - Defendant(s); Applying for Supervisory and/or Remedial Writs; to the Court of Appeal, Third Circuit, Number KW98-0451; Parish of Lafayette 15th Judicial District Court Div."C" Number 51998, 51999

------

December 18, 1998

Writ granted. Because the plea colloquy in this case shows no ambiguity and so requires no extrinsic evidence for its interpretation, La.C.C art. 1848; cf. State v. Louis, 94-0761 p. 7-8 (La. 11/30/94), 645 So.2d 1144, 1148, and because no provision of law requires either the court or defendant to inform the state of the existence and nature of statutes on early release, cf. State ex rel. Miller v. Butler, 564 So.2d 310 (La. 1990), clarified, 566 So.2d 383 (La. 1990); La.C.Cr.P. art. 5; R.S. 14:17, the state makes no showing which would justify disturbing the finality of the convictions. See, e.g., State ex rel. Glover v. State, 93-2330, p. 12 (La. 9/5/95), 660 So.2d 1189, 1196-97 (criminal proceeings should definitively "end within a reasonable period of time."); cf. United States v. DiFrancesco, 449 U.S. 117, 136, 101 S.Ct. 426, 437, 66 L.Ed. 328 (1980) (convicts as well as governments have expectation of finality). Accordingly, the district court is ordered to dismiss the state's motion for revocation or reformation of plea bargin.

PFC

WFM

CDK

BJJ

JPV

JTK

TRAYLOR, J. not on panel.

Supreme Court of Louisiana
December 18, 1998

CLERK OF COURT
LAFAYETTE, LOUISIANA
FILED THIS DAY
DEC 2 1 1998

Clerk of Court

OF COURT

Judge Everett

CLERK OF COURT
LAFAYETTE PARISH, LA.
CRIMINAL DEPT.
97 NOV 21 PM 4:48

| | |
|---|---|
| STATE OF LOUISIANA | 15TH JUDICIAL DISTRICT COURT |
| VERSUS | DOCKET NOS: 51998 & 51999 |
| GILBERT GAUTHE, JR. | LAFAYETTE PARISH, LOUISIANA |

*************************************************************************

POSTED

POSTED

**MOTION TO REVOKE PAROLE**

**NOW INTO COURT,** comes the **STATE OF LOUISIANA,** appearing herein through the undersigned District Attorney for the 15th Judicial District comprising the parishes of Acadia, Lafayette & Vermilion, who, respectfully represents:

1.

That the said Defendant did plead guilty to eleven (11) counts of indecent behaviour with a juvenile, eleven (11) counts of pornography and eleven (11) counts of aggravated crime against nature under Docket Nos. 23924 and 23925 of the records of Vermilion Parish, Louisiana, which subsequently became Docket Nos 51998 and 51999 of the records of Lafayette Parish, Louisiana upon the change of venue of said case.

2.

That the indictments mentioned above indicated that the offenses had occurred between March 1, 1978 and June 27, 1983.

3.

That the Defendant was apparently granted a diminution of sentence for good time pursuant to the provisions of LSA-R.S. 15:571.3 and was released from custody in approximately October of 1995.

4.

It has come to the attention of the undersigned that LSA-R.S. 15:571.5 which was enacted and became effective July 1, 1982 provides that when a prisoner commited to the Dept. Of Public Safety & Corrections is released because of diminution of sentence, he shall be released as if released on parole.

5.

The said 571.5 did not apply to any offenses commited prior to July 1, 1982 but does apply to offenses occurring after that date which would encompass at least some of the offenses to which the Defendant pled guilty although not specifically designated in the indictment or in the plea of guilty.

6.

It is alleged that as to those offenses which would be subject to the provisions of 571.5 and since his release on those offenses would have had the same effect as his being on parole, it is submitted that the provisions of R. S. 15:574.10 would likewise apply.

7.

That the provisions of said statute provide that when a person who is on parole from a conviction in this state and commits a felony offense either in this state or another state during his period of parole, that he is subject to immediate revocation of his parole effective from the date of the commission of the said felony.

8.

Thus, it is alleged that the Defendant has since pleaded guilty to a crime in the State of Texas which it is believed would constitute a felony both under the laws of Texas and Louisiana and thus would activate the provisions of said 574.10 and that the Defendant should be immediately revoke and ordered to serve the remainder of his previously imposed sentence.

9.

Although the said provisions of 574.10 provide that the parole officer shall notify the judge of said situation, it is this writer's understanding that no parole officer has ever been assigned the supervision of the said Defendant and thus this motion is being filed on behalf of the **STATE OF LOUISIANA** by this office.

WHEREFORE, the foregoing considered, it is prayed that the Defendant be duly served with a certified copy of this Motion and that after due proceedings be had, that the Defendant be immediately revoked and ordered to serve the remainder of his previously imposed sentence.

RESPECT FULLY SUBMITTED:

MICHAEL HARSON
P. O. Box 3306
Lafayette, LA 70502
(318) 232-5170
BAR ROLL NO. 6620
STATE OF LOUISIANA

102061 209001

| | |
|---|---|
| JESUS CARMONA | NUMBER 477,622 DIVISION "N" |
| VERSUS | 19th JUDICIAL DISTRICT COURT |
| | PARISH OF EAST BATON ROUGE |
| RICHARD STALDER, et al | STATE OF LOUISIANA |

COST OK Amt.
JAN 23 2001
BY DY. CLERK OF COURT

*******************************************************************************

**PEREMPTORY EXCEPTION OF NO CAUSE ACTION, NO RIGHT OF ACTION AND PREMATURITY**

**NOW INTO COURT**, through undersigned counsel, comes the Mover herein, Richard Stalder, Secretary of the Department of Public Safety and Corrections, et al, who moves this Court to dismiss Plaintiff's petition as to Mover on the following grounds:

1.

Plaintiff has served Mover with the above-captioned matter wherein Plaintiff alleges that he should not be under mandatory parole supervision when he was released on Diminution of Sentence.

2.

Plaintiff was sentenced on April 24, 1984 for Armed Robbery under Docket No. 297,622 out of Orleans Parish for a term of twenty-five (25) years. His Full Term date is July 10, 2008. His Goodtime/Parole Supervision date was June 14, 1996.

3.

Plaintiff's crime was committed and he was sentenced after LSA-R.S. 15:571.5 was enacted. His parole supervision is in accordance with the Louisiana law.

4.

Plaintiff is presently being held in Minnesota on parole violation charges.

**WHEREFORE**, Mover prays that this Exception be maintained and that Plaintiff's Petition be dismissed as to Mover at Plaintiff's cost.

Respectfully submitted,

Debra A. Rutledge
Attorney for the Secretary
Department of Public Safety
and Corrections
Post Office Box 94304, Capitol Station
Baton Rouge, LA. 70804-9304
Bar Roll No. 8432
Telephone No. (225) 342-6743

REC'D C.R. JAN 24 2001

102061 209002

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing Pleading has been served upon the Plaintiff to this proceeding by mailing a copy of the same to Plaintiff by first class United States Mail, properly addressed and postage prepaid.

Baton Rouge, Louisiana this 22 day of January, 2001.

Debra A. Rutledge

19TH JUDICIAL DISTRICT
BATON ROUGE PARISH, LA
JAN 23 PM 2:55
DEPUTY CLERK OF COURT

CERTIFIED TRUE COPY
081002
BY DEPUTY CLERK

| | |
|---|---|
| STATE OF LOUISIANA | 15TH JUDICIAL DISTRICT |
| VS | NO: 79092 |
| GILBERT GAUTHE | LAFAYETTE PARISH, LA. |

**MEMORANDUM OF LAW**

**APPLICATION OF JANUARY 21ST FOR WRIT OF HABEAS CORPUS**

**Statement of Case**

Defendant entered a Guilty Plea with written agreement (Exhibit A, attached). After discharge from his Hard Labor Sentence, a new District Attorney brought charges arising from conduct prior to the Guilty Plea in the present Indictment, and also sought to re-start defendant's sentence based on a claim that there shouldn't have been "good time". The Supreme Court has held that there can be no disposition of matters relating to "good time" and in its Writ holds that the State cannot raise that issue because of the finality of the conviction. (Exhibit B, attached)

The State filed a Motion to fix the matter for hearing, then sought and was granted a Continuance over objection of the Defendant. Defendant is entitled to immediate release because his custody is illegal, and pursuant to Louisiana Law, has brought this matter in the form of Application for Writ of Habeas Corpus (La. Code Cr. Pro. Art. 351 et seq.)

**The Law Applicable to the Case**

**1. Habeas Corpus**

The Court to whom this application is presented "shall immediately grant a writ of habeas corpus" unless the Petition on its face shows the applicant is not entitled to same. (Cr. Pro. art. 354) The answer and appearance are due at the same time, not less than 72 hours after issuance of the writ. (Cr. Pro. art. 354) Under Article 370, the person may be held for 48 hours after the hearing if the State advises of intention to see writs. (Cr. Pro. art. 370)

The Writ is in reality a "Rule to Show Cause" subject to special conditions of immediate hearing and reply. When a person is subject to illegal custody, this unique form of emergency relief is mandated as a fundamental procedure in American Law.

**2. Merits of the Claim of Gilbert Gauthe**

There is little reason to cite authority for the proposition that when the State promises not to prosecute in exchange for a Plea of Guilty, it cannot break that promise. In the present situation, the State released Petitioner according to law, and now the State says Petitioner did not fulfill the plea bargain. The fictional distinction sought by Mr. Harson, in which "the State" does not include Louisiana's prison system, is unprecedented. So is the contention that Louisiana Law even authorizes a plea bargain that vitiates "Good Time". The Louisiana Supreme Court has held in this case that the sentence of 1985 was legally and fully discharged when the State released Petitioner. Although Petitioner did not have the written agreement, Mr. Harson found it in his file and there is no doubt about its validity and effect. Any criminal lawyer, on either side, knows that no-one enters a guilty plea to part of the potential cases and simply waits for the State to add more later.

The ruling by the Louisiana Supreme Court is the Law of the Case on this issue, and as the Third Circuit has noted,

> "the supreme court has defined the doctrine of the law of the case as follows:
>
> The law of the case principle relates to (a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate rulings at the trial on remand, and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case. Petition of Sewerage & Water Bd. of New Orleans, 278 So.2d 81, 83 (La.1973)
> Burkett v. UDS Management Corp., 99-82 La.App. 3 Cir. 6/2/99, 1999 WL 346628, (La.App. 3 Cir. 1999) from page 1999 WL 346628 *2

The rule applies to determinations of law on a Writ as well as by the District Court. First Federal Savings & Loan of Warner Robins, Georgia v. Disiere, 542 So.2d 11 (La.App. 4 Cir.), writ denied, > 548 So.2d 311 (La.1989)

Because the parties to this motion were involved in the determination by the Supreme Court, there has been a final decision on that element of the controversy. "The policy applies against those who were parties to the case when the former appellate decision was rendered and who thus had their day in court." State v. James, 98-2348 La.App. 1 Cir. 6/25/99, 740 So.2d 200,(La.App. 1 Cir. 1999) page 740 So.2d 202

The agreement conclusively states that:

"... Gilbert Gauthe shall not be further prosecuted in the 15th Judicial District as a result of his criminal conduct involving sexual activity with juveniles ... " (Exhibit A p. 1)

There could be no clearer agreement, promise or contract, and the efforts of the present District

Attorney to vitiate it are insupportable. On October 14th, 1985, the State was ably represented by J. Nathan Stansbury, who had been a prosecutor for more than 15 years, and who was fully aware of what a plea bargain was. The Trial Judge carefully asked the prosecutor before and after imposing the sentence, whether the sentence, which said nothing of "good time", was correct. Each time there was an inquiry, the State's Attorney agreed that the agreement and the sentence were correct. That same day, the written agreement (Exhibit A) was signed as well.

As a matter of law, the State cannot change its mind and now add something to the plea agreement that was not (and according to the Louisiana Supreme Court could not be) put there in 1985. The State must be held to its agreement that defendant will not be further prosecuted:

> "This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 92 S.Ct. 495, 404 U.S. 257, (U.S.N.Y. 1971) from page 92 S.Ct. 499

This is not a simple matter of contract law, since there is an element of Constitutional Law in any plea agreement, and the process requires additional protections under those provisions. State v. Kelly, 96-903 La.App. 5 Cir. 11/12/97, 704 So.2d 800,(La.App. 5 Cir. 1997); page 704 So.2d 805; State v. Redfearn, 441 So.2d 200 (La.1983); State v. Nall, 379 So.2d 731 (La.1980)

"Criminal statutes are to be strictly construed. Any doubt or ambiguity is resolved in favor of the accused and against the state." State ex rel. Mims v. Butler, 601 So.2d 649 (La.1992); State v. Badie, 626 So.2d 46 (La.App. 1 Cir.1993) In this case, the State urges a specious ground for attempting to do now what the current D.A. apparently believes should have been done 15 years ago. But the law gives him no such right, and the authority in place at the time made a valid, binding judgement and did what he thought was right at the time.

Any prosecution under an Indictment violative of the agreement is barred by Double Jeopardy under the United States Constitution. United States v DiFranceso 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980)

The files on Gilbert Gauthe at the time of the Plea in 1985 were multiple, and at that time the State acted in the best interests of all concerned, because the discovery of additional victims and civil remedies to secure counseling for the victims and Gauthe was more important than securing a harsher sentence. Millions of dollars in Civil Settlements were paid out as a

result of the State's plea agreement, because once the Criminal exposure was resolved, Gilbert Gauthe was extensively deposed in many cases, and was able to freely report what had happened. The current District Attorney has used this case for political purposes, and enjoyed a sensational run of publicity while Gauthe served an additional two years in jail on charges that cannot be pursued.

The State cannot prevail at the hearing on this Writ, and the Defendant must be discharged without bond and the Indictment Quashed.

**G. Paul Marx**
**(Professional Law Corporation)**
**BY:**

**G. Paul Marx (Brn 9018)**
**2014 West Pinhook Suite 404**
**P.O. Box 82389**
**Lafayette, La. 70598 2389**

**(337) (237 2537**
**fax 232 4518**

FILED THIS 24th
DAY OF Jan, 2000
Deputy Clerk of Court

Certificate

A copy of this Memorandum and the Application for Habeas Corpus has been served upon the District Attorney by hand delivery of same to his office, on the 24 day of January, 2000.

G. Paul Marx - Counsel for Defendant