UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Jesus Carmona,

Plaintiff,

vs. ORDER

Dick Ross, et al.,

Defendants. Civ. No. 00-2447 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Plaintiff's Motion to Compel Discovery, and upon the routine supervision of cases in this Division.

The Plaintiff commenced this action under Title 42 U.S.C. §1983, alleging that the Defendant Dick Ross ("Ross"), who is the Sheriff of Crow Wing County, Minnesota, and his deputies, who were identified as John Doe Defendants, denied him access to the Courts, while he was being detained in the Crow Wing County Jail. Shortly thereafter, the Plaintiff amended his Complaint to assert claims against David Hermerding and Jennifer Cummins, who were alleged to be Crow Wing County

Public Defenders, Rod McCulley ("McCulley"), Denny Peterson,[1] and Marshall Prescott ("Prescott"), who were alleged to have been employed at the Crow Wing County Jail, Crow Wing County, and the City of Brainerd, Minnesota. See, Docket No. 9.

The Plaintiff subsequently amended his Complaint for a second time, in order to assert claims against John Sausen ("Sausen"), who is alleged to have been the Assistant District Attorney for Crow Wing County, David Ten Eyck, who is alleged to be a State Court Judge, Tim Friis ("Friis"), who is alleged to be a Police Officer for the City of Deerwood, Minnesota, Jesse Ventura, who was the Governor of Minnesota at the time of the events giving rise to the Plaintiff's Complaint, Mike Hatch, who is the Attorney General for the State of Minnesota, Don Inwards ("Inwards"), who is alleged to have been a Crow Wing County Sheriff's Deputy, Harvey Doe, who is the unidentified police officer who effected the Plaintiff's arrest, and Pete Doe. See, Docket No. 40. The Second Amended Complaint includes claims under Title 42 U.S.C. §§1983, 1985, 1986, 1987, and 1988, for alleged violations of the Plaintiff's

[1]Denny Peterson was not named as a Defendant in the Plaintiff's Second Amended Complaint, and is not presently a party to the action.

rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as a number of torts.

By Order dated June 26, 2002, the District Court, the Honorable Michael J. Davis presiding, adopted the Report and Recommendation of a Magistrate Judge, and dismissed the Plaintiff's Complaint. While the Court ruled on the substantive allegations against Ross, the other Defendants were dismissed from the suit as a result of the Plaintiff's failure to effect service of process. On appeal, the Order of the District Court was affirmed in part, and reversed in part, in that the Court held that the Plaintiff should have been afforded an additional one hundred and twenty (120) days to effect service on those Defendants who were named, for the first time, in the Second Amended Complaint. The Court affirmed the dismissal of the remaining Defendants, but without prejudice.[2]

It now appears that the Plaintiff has effected service on each of the remaining Defendants, with the exception of the Doe Defendants. All of the Defendants, with the exception of Friis, have since filed dispositive Motions. The Plaintiff has also served Sausen, Inwards, Prescott, McCulley, Ross, and the Doe Defendants

---

[2]Several of the Defendants, who were dismissed from the suit without prejudice, have since been served with process, they have Answered the Plaintiff's Complaint, and they have filed dispositive Motions.

(collectively "County Defendants") with the following Requests for the Production of Documents:

> Any and all grievances, complaints, or other documents received by the Defendants or their agents, of the Crow Wing County District Attorney Office [sic], and Sheriff, and Police Department; concerning the arrest of the Plaintiff on May 21, 2000; and any memorandum, investigation report[,] Police initial Reports, Files, or other documents, District Attorney Files, created in and after the responses to such documents, since May 21, 2000.
>
> Produce all and any Arrest Warrants issued by a State Court for the arrest of the plaintiff on May 21, 2000.
>
> Produce the Certificate of Parole issued by any and all Parole Board and its members, as stated in your Answer to the complaint dated May 27, 2005.
>
> Produce the actual State law, that authorized plaintiff to be placed on parole, contrary to LSA-R.S. 14:64.(B)[sic].
>
> Produce all Transcripts of all hearings held and conducted by the Crow Wing County [] District Court file No.: K-7-00-1232.
>
> Produce the entire Public Defender Records of Case File No.: K-7-00-1232.

> Produce the full names and addresses of the arresting officers involve [sic] with the arrest of the Plaintiff on May 21, 2005.[3]
>
> Produce the full names and addresses of all persons that gave the initiate [sic] order to arrest the Plaintiff on May 21, 2005.
>
> Produce copies of all Laws and authorities, that gave the defendants the right to Abduct the Plaintiff from his home on May 21, 2000.
>
> Provide copies of all policies, Laws, Rules and Regulations concerning the procedural safe-guards; to insure that all and any, arrest warrants are valid and judicially legal.
>
> Provide copies of all policies, Laws, Rules and Regulations, concerning the final authorization needed to extradite a person before the Minnesota Supreme Court had an opportunity to review and enter a final Judgment for Extradition.
>
> Provide what United States Code, authorizes the extradition of a parolee to another State, without being accused, or committed [sic] a felony.
>
> Provide what authority, Laws or policies that gives the District Attorney Office and its employees. [sic] The power and authority to order a person to be released from the custody of the Sheriff, and extradited before that person can fully exhaust his State and Federal Judicial Rights of Appeals and Remedies.

---

[3]It appears that the Plaintiff's reference to the year 2005 is a typographical error as the only arrest that is referenced in his Complaint occurred on May 21, 2000.

The County Defendants' complete Answers to the Plaintiff's Requests do not appear in our Record.[4] Rather, the Plaintiff has averred that the County Defendants repeatedly answered a number of his requests, as follows:

> This request is vague, irrelevant and does not lead to and is not calculated to lead to the discovery of admissible evidence. "And" [sic] calls for attorney work product, theories and legal conclusions. "And "[sic] a copy of all documents * * * was included with defendants' Supplemental Response to Discovery dated February 15, 2002."

Affidavit in Support of Motion to Compel/Sanction ("Plaintiff's Aff."), at ¶21.

The Plaintiff contends that the County Defendants' Answers are inadequate, and has urged that the documents requested "are related to the material issues of fact alleged by the Defendants in their Motion to Dismiss and Summary Judgment, filed by them in this case." Plaintiff's Aff., at ¶23. Consequently, he has filed the pending Motion to Compel Discovery and for Sanctions.

---

[4]While the Plaintiff's pro se status does not excuse him from compliance with our Local Rules, and his failure to provide the Court with "a verbatim recitation of each * * * answer, response, and objection which is the subject of the motion" is a clear violation of D. Minn. L.R. 37.2, Local Rules of the United States District Court for the District of Minnesota, we nonetheless reach the merits of the Plaintiff's Motion, in order to facilitate the "just, speedy, and inexpensive" disposition of the Plaintiff's Motion. See, Rule 1, Federal Rules of Civil Procedure.

While the Plaintiff has not specifically identified those requests which are the subject of his Motion, it appears that the contested issues relate to whether the County Defendants are required to provide him with legal research materials, and whether the County Defendants adequately Answered the Plaintiff's Requests for Documents pertaining to the Warrant for his Arrest, and the Certificate of Parole. Specifically, the Plaintiff contends that the County Defendants must provide him with copies of his Court records and other legal research materials upon the assertion that he is "indigent and does not have adequate or meaningful access to a library or internet" at his place of incarceration, which is located in the State of Louisiana. Plaintiff's Memorandum of Law in Support of Motion to Compel and Sanction, at p. 4. The Plaintiff also asserts that the County Defendants should be required to provide such materials, since they have access to the requested Court records and legal research materials, and since he "must go through considerable changes, and time consuming [sic], to get it, and cann't [sic] get it, because he cannt [sic] pay the cost for it." Id.

Unfortunately for the Plaintiff, the Federal Rules governing discovery do not require the responding party to do the discovering party's legal research. See, e.g., Koch v. United States, 814 F. Supp. 1221, 1232 (M.D. Pa. 1993)(distinguishing between "issues which are a matter of legal research, not discovery."); cf. Mitts v.

Bagley, 2005 WL 2416929, at *41 (N.D. Ohio, September 29, 2005)(recognizing the Trial Court's denial of a habeas petitioner's discovery requests because "other alternatives [were] available to the petitioner, such as legal research."). Moreover, while the Plaintiff's incarceration, may render it more difficult to obtain research materials, we are not aware of any claim, that he has advanced which alleges any denial of access to the Courts, by that institution, as a result of being deprived of access of to research materials that are necessary to prosecute his pending claim.

As to the remaining Document Requests, the County Defendants have represented that those materials were disclosed to the Plaintiff on February 15, 2002, in response to substantially similar Document Requests that were served upon Ross, by the Plaintiff, and, again, in response to the pending Motion.[5] See Affidavit of John Iverson, at Exh. A. The Plaintiff has strenuously argued that the documents that were produced are inadequate because they do not include a valid Parole Certificate, or a legal Arrest Warrant, and therefore, do not justify his extradition to the State of

[5]The Plaintiff's Affidavit in Support of his Motion, as well as the County Defendants' responses to the Plaintiff's earlier discovery requests, reflect that the Defendants have made a number of general objections to the Plaintiff's discovery. However, the County Defendants have not argued the viability of any of those objections, in defending against the Plaintiff's Motion and, accordingly, we focus our attention on the Defendants' substantive responses.

Louisiana. See, Plaintiff's Rebuttal to Defendant's Opposition to Motion, at p. 2, Docket No. 102. However, the legal effect of the disclosed documents is not before us, and we are in no position to compel the County Defendants to disclose documents which they do not possess. Accordingly, we accept, at face value, the County Defendants' representation that they have disclosed all of the documents that are within their possession, and which are responsive to the Plaintiff's requests. Therefore, the Plaintiff's Motion to Compel Production of Documents is denied.

Our review of the file also reveals that, on September 16, 2005, a Return of Service was filed, which disclosed that Friis was served with a Summons and Complaint on June 12, 2005. Accompanying the Return was a letter addressed to the Clerk of Court, by Friis, which was dated May 31, 2005, and which was received by the United States Marshal's Service on June 16, 2005. In that letter, Friis denied the allegations contained in the Complaint, which pertained to him, and denied any involvement in the arrest of the Plaintiff, which is one of the underling bases for the Plaintiff's claim.[6]

---

[6]Friis' letter does not appear in the form of a traditional Answer, and it is somewhat perplexing that the letter was dated prior to his being served with a Summons and Complaint. Nevertheless, the letter was not received by the Court until after service of process had been effected, and we are satisfied that it was intended to (continued...)

To facilitate the disposition of this action, and in accordance with L.R.7.1(b)(1), Local Rules for the United States District Court for the District of Minnesota, the attached briefing schedule is hereby implemented, with respect to the Plaintiff's claims against Friis.

NOW THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Motions to Compel Discovery [Docket No. 90] is DENIED.

2. That all dispositive Motions, concerning the Plaintiff's claims against the Defendant Tim Friis, together with their supporting Memoranda, Affidavits and Exhibits, shall be served and filed **by no later than December 21, 2005.**

3. That all Memoranda in opposition to any dispositive Motion, concerning the Plaintiff's claims against the Defendant Tim Friis, together with their Affidavits and Exhibits, shall be served and filed **by no later than January 20, 2006**.

---

[6](...continued)
serve as an Answer to the Plaintiff's Complaint. Moreover, since Friis' letter was transmitted to the Court, without the benefit of counsel, we have construed it liberally, and find that it comports with the pleading requirements of Rule 8, Federal Rules of Civil Procedure.

4. That all Reply Memoranda shall be served and filed **by no later than February 3, 2006**. The parties are reminded that all other evidentiary submissions, may be served in conjunction with a Reply Memorandum, unless express leave has been obtained, in advance, from the Court. See, L.R.7.1(b)(1)(C), Local Rules for the United States District Court for the District of Minnesota.

5. That there shall be no Hearing on the Motions presented by the parties, unless the Court determines that oral argument is essential to secure the just, speedy, and inexpensive determination of this action. See, Rule 1, Federal Rules of Civil Procedure.

BY THE COURT:

Dated: November 21, 2005

s/Raymond L. Erickson
Raymond L. Erickson
CHIEF U.S. MAGISTRATE JUDGE