RECEIVED BY MAIL
DEC 08 2005
Clerk, U.S. District Court
Fergus Falls, Minnesota

United States District Court
District of Minnesota

Jesus Carmona C.A. No: 00-2447

vs

Dick Ross, ETAL

Plaintiff's Objections and request for appeal to the District Judge

May it Please this Honorable Court,

Plaintiff respectfully files objections to the magistrate's denial of his Motion to Compel and Sanctions, For the following reasons to wit:

1.

Plaintiff submitted discovery requests upon the defendants in this case; firmly within the purviews and ambits, of Rule 26 of the Fed R. Civ. Pro., and the Fed Rules of Evidence. In which said defendants refused to comply or complete said discoveries, in total "bad faith" Conclusorily, alleging broad and unfounded objections for their reasons to deny discovery.

2.

The magistrate in this case, sided with the defendants upon an illusionary claim of "Legal Research Materials," to deny Plaintiff's legal right and access to crucial favorable evidence, in support of his claims presented hereto The Complaint.

SCANNED
DEC 12 2005
U.S. DISTRICT COURT DULUTH

3.

The magistrate erroneously, misconstrued plaintiff's discovery requests and arguments, as an issue to doe research and Study. Disregarding plaintiff's criminal complaints and laws, entitling plaintiff to production, etc. (See page 7, of the Magistrate's report Doc# 104.) the magistrate even took this legal research, claim by fraudulently stating: "The Plaintiff also "asserts" that the County Defendants should be required to provide such materials, since they have access to the requested court records and "Legal research materials," (Emphasis added) (See page 7, of the Mag.'s report)

4.

The Magistrate further stated, that the court is not aware of any claim, That he has advanced which alleges any denial of access to the courts, etc. This statement is also untrue, and plaintiff is not require to doe this court's legal research for them. Unlike plaintiff, This court has unfretted access to unlimited research avenues and assistances, to aide the Court. But, for the record, Plaintiff, has a documented history of complaints on denial of access. But, the issue before this court, is not an issue of legal research materials.

5.

This is a criminal and civil complaint against the defendants. Defendants filed Summary Judgment, which the burden is now upon the plaintiff to defend. This court recited the requests propounded upon the defendants. Each and every claim is admissible and legal. There is nothing in said requests based upon

Legal research. Every item requested will be submitted to the jury as criminal and civil liabilities against each and every defendant. A denial of access to said materials by this court. Draws into questions, of its loyality to the People, constitution, Laws and Treaties, of the United States. Plaintiff filed into this court his sworn statement; that on May 21, 2000 plaintiff was aggravately kidnap from his lawful home, in the State of Minnesota. It is the duty of this court, to respect plaintiff's criminal charges made under oath before this court; and its this courts duty to honor plaintiff's motion to compel, the crucial evidence against the defendants in this case. Not use fraudulent claims and conclusory reasons to deny access.

6-

Every request made by the plaintiff, upon the defendants, are legal and relevant to the allegations and claims, presented in the complaint. Under the Federal Rules of Evidence, said items propounded upon the defendants, are admissible in a court of Law. Plaintiff has the burden of proving his case before a Jury. Defendants alleged conclusory claims and immunity defenses; which is unsupported by Law or evidence. Nonetheless, Plaintiff is still burden with the duty to prosecute this case. This court ruling conflicts with the Eighth Circuit's ruling in Parish v. Luckie, 963 F.2d 201, 205-06 (8th cir 1992), and other Federal circuits, upon the same reasons. The cases cited is not applicable to deny requests.

7.

Furthermore, the magistrate erroneously, not thinking of what

he Judicially confessed on page 9, of his report; which States:
" <u>However, the legal effect of the disclosed documents is not before us, and we are in no position to compel the county defendants to disclose documents which they do not possess.</u>"

This court needs to clean this Statement up. Because, if what this court confessed too, is true: Defendants are found guilty of Aggravated Kidnapping, False imprisonment, conspiracy to violate civil rights, etc. The court, further stated, they accept, at face value, the County defendants' representation that they have disclosed all of the documents that are in their possession, and which are responsive to the plaintiff's requests. This court contradicts its statements that the "<u>legal effect of the disclosed documents is not before us</u>". If the disclosed documents is not before you as claimed. How could this court allege that the defendants' disclosed all of the documents . . . which are responsive to plaintiff's requests? Even after the fact, plaintiff precisely and specifically informed this court, the allege documents filed before this court by the defendants; are not valid and sufficient, legal documents admissible to prove their allegations. The gist of this case, rest upon the defendants' fraudulent claims of arrest warrant and Certificate of Parole; which do not exist.

Motion to compel is warranted and guaranteed by the Constitution, Laws and treaties of the United States.

8.

Finally, this court informed plaintiff that Friis, had filed

an inappropriate answer to the complaint. However, plaintiff was never served with a copy of said answers. Plaintiff is just now aware that one has been filed.

Plaintiff avers, that pursuant to the Fed. R. Civ. Pro., failure of Defendant Feiis's, to properly serve the plaintiff a copy. His answers, should be stricken from the records and a Judgment of Default be entered against him.

Conclusion

Plaintiff prays this District Judge, reverse the Magistrates denial and order the Defendants to fully comply with each and every request at their cost.

Or in the alternatively, set a Date for hearing to show cause why motion should not be granted, and criminal charges not filed against the Defendants in this case.

Executed this 1st day of December, 2005

Respectfully Submitted by

[signature]

Jesus Carmona, #105961
E.H.C.C., P.O. Box 174
St. Gabriel, La. 70776

Certificate of Service

I, hereby certify that a complete copy of the above objections has been served upon defendants Atty, Iverson Reuvers, by placing same in the U.S. Mail, this 1st Day of December, 2005

[signature]

Jesus Carmona

Jesus Carmona, #105961
E.H.C.C., P.O. Box 174
St. Gabriel, La.
70776

UNITED STATES POSTAGE
PITNEY BOWES
02 1A $ 00.37⁰
0004381067 DEC 01 2005
MAILED FROM ZIP CODE 70776

Clerk of Court
United States District Court
District of Minnesota
212 Federal Bldg
118 South Mill Street
Fergus Falls, Minnesota
56537

**RECEIVED BY MAIL**

DEC 08 2005

**Clerk, U.S. District Court**
**Fergus Falls, Minnesota**

56537+2576 C001