UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jesus Carmona,

Plaintiff,

vs.

Dick Ross, et al,

Defendants.

Case No. 00-2447 MJD/RLE

**ANSWER TO COMPLAINT**

---

COMES NOW Tim G. Friis, for his Answer to Plaintiff's Complaint, states and alleges as follows:

I.

Unless hereafter admitted, qualified or otherwise answered, this defendant denies each and every thing, matter and particular alleged in Plaintiff's Complaint.

II.

This defendant specifically denies Plaintiff has stated a cognizable claim for relief under 42 U.S.C. §1983, §1985, §1986, §1987, or §1988 and further denies plaintiff sustained any deprivation of rights or constitutional injuries as alleged in his Complaint.

III.

Defendant specifically denies he deprived Plaintiff of rights, privileges and immunities secured by the United States Constitution and federal and state law.

IV.

This answering defendant specifically denies Plaintiff has set forth with the specificity required a cause of action for a civil rights violation as alleged in plaintiff's Complaint.

V.

This answering defendant specifically denies Plaintiff was kidnapped, falsely arrested, falsely imprisoned, denied access to legal representation and the law library as alleged on page 1 of Plaintiff's Complaint.

VI.

This defendant specifically denies he negligently or intentionally inflicted emotional distress on Plaintiff as alleged in part III section C paragraphs 6 and 7 of Plaintiff's Complaint.

VII.

This answering defendant specifically denies a conspiracy existed to deny and/or violate Plaintiff of his civil rights.

VIII.

This Defendant specifically denies any acts of Defendant was intentional, reckless, wanton, malicious and oppressive and denies his acts were in deliberate disregard for the rights and safety of Plaintiff as alleged in the Complaint.

IX.

In April of 1984, a jury in Louisiana found Plaintiff guilty of two counts of armed robbery and imprisoned him for 25 years. On June 14, 1996, Plaintiff was paroled under

several conditions, one of which was he stay in Louisiana. Plaintiff subsequently left Louisiana and, in January of 2000, Louisiana issued a warrant for Plaintiff's arrest. Plaintiff was arrested in May of 2000 and detained at the Crow Wing County Jail. In July 2000, the Governor of Minnesota signed a warrant authorizing Plaintiff's extradition to Louisiana. Plaintiff filed a habeas corpus petition in state court, which was denied. The decision was upheld at the Minnesota Court of Appeals and the Minnesota Supreme Court chose not to review the decision.

X.

This answering defendant affirmatively alleges at all times material hereto he was performing discretionary acts in the scope of his duties with a good faith belief his conduct was lawful, constitutional, proper and based upon probable cause.

XI.

Defendant affirmatively alleges the arrest and apprehension of plaintiff was lawful as a matter of law.

XII.

This answering defendant affirmatively alleges this action is barred by the doctrines of collateral estoppel, res judicata, *Rooker-Feldman* and *Heck v. Humphries*. On May 8, 2002, Magistrate Judge Swearengen of this court, granted Defendant Dick Ross' motion for summary judgment against Plaintiff. The cause of action in the prior suit is identical to the cause of action in this case. Judge Davis adopted that Report and Recommendation on June 26, 2002. The 8th Circuit reversed the District Court's

dismissal of the defendants in Plaintiff's Second Amended Complaint to allow Plaintiff time to properly serve them.

XIII.

Defendant admits he was acting in the course and scope of his employment with the City of Brainerd Police Department at all times relevant and all claims against him are official capacity claims only.

XIV.

Defendant specifically denies service of process against him is valid, or legitimate.

XV.

Defendant affirmative alleges Plaintiff's claims are barred by the applicable statute of limitations.

XVI.

Defendant alleges as an affirmative defense the state tort allegations in Plaintiff's Complaint set forth a cause of action for the performance or failure to perform a discretionary function or duty and this action is barred by Minn. Stat. §466.03, subd. 6 and further, Plaintiff has failed to comply with the notice requirements of Minn. Stat. §466, et. seq. and therefore, the state tort claims are not actionable.

XVII.

Defendant alleges any injuries or damages sustained by plaintiff were caused by, due to and the result of the careless, negligent and unlawful conduct on the part of Plaintiff and that Plaintiff's fault was greater than any fault of any other person and therefore, defendant is not liable to Plaintiff.

XVIII.

Defendant affirmatively alleges Plaintiff's claims are barred by the legal doctrines of qualified, statutory and official immunity.

XIX.

Defendant affirmatively alleges Plaintiff's Complaint fails to state a cause of action for claims upon which relief can be granted.

XX.

Defendant Tim Friis affirmatively alleges he filed a letter with the United States District Court on May 31, 2005, advising he has never been employed as a Deerwood City Police Officer as alleged in plaintiff's Complaint and further he had no contact with plaintiff as alleged in Plaintiff's Complaint and had no contact with the arrest of plaintiff. His only involvement was signing a complaint in his capacity as a police officer for the City of Brainerd. It was his intent on May 31, 2005, to advise the Court the Complaint inaccurately names him. The following docket entry number 94 evidences the letter initially intended to serve as an Answer.

**WHEREFORE**, defendant prays Plaintiff take nothing by this pretended claim for relief herein; that this answering defendant be given judgment against plaintiff, dismissing Plaintiff's cause of action with prejudice; that defendant be given judgment for costs, disbursements and attorney's fees herein pursuant to 42 U.S.C. §1988 and for such other relief as the Court may deem just and equitable.

IVERSON REUVERS

Dated: December 23, 2005

By s/Jon K. Iverson

Jon K. Iverson, #146389
Attorney for Defendant Friis
9321 Ensign Avenue South
Bloomington, MN 55438
(952) 548-7200