UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jesus Carmona,

Plaintiff,

vs.

John Sausen, David Ten Eyck, David Hermerding, Jennifer Cummings, Tim Friis, Jesse Ventura, Mike Hatch, Don Inwards, Marshall Prescott, Rod McCulley, Dick Ross, Harvey (Doe), and Pete (Doe),

Defendants.

Civil File No. 00-2447 MJD/RLE

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY OF DEFENDANTS VENTURA, HATCH, TEN EYCK, HERMERDING, AND CUMMINGS**

This pro se action is on remand from the Eighth Circuit Court of Appeals to address the second amended complaint of Plaintiff Jesus Carmona, who seeks declaratory relief and damages for his alleged unlawful extradition from Minnesota to Louisiana in 2001. The State Defendants (former Governor Jesse Ventura, Attorney General Mike Hatch, state district Judge David Ten Eyck, and state public defenders David Hermerding and Jennifer Cummings) filed a motion to dismiss and supporting memorandum on June 10, 2005, after Plaintiff finally effected service of process on them. Docket # 79-80. The motion seeks dismissal of Plaintiff's entire action against the State Defendants for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine and for failure to state a claim based on collateral estoppel, judicial immunity, and the case law barring such lawsuits against state public defenders. *Id.* Plaintiff filed a response memorandum on July 19, 2005. Docket # 83. The State Defendants did not file a reply memorandum.

Plaintiff recently served interrogatories, and related requests for production of documents, on each of the State Defendants. Affidavit of John S. Garry ¶ 2. The State Defendants now move for a protective order to stay discovery as to them until their motion to dismiss is decided.[1]

The Court has discretion to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" such as an order that certain "discovery not be had" or that the "discovery may be had only on specified terms and conditions, including a designation of the time." Fed. R. Civ. P. 26(c). In this case, the Court should exercise its discretion to grant the requested protective order staying discovery of the State Defendants.

The requested stay of discovery will serve justice and judicial economy. The State Defendants' motion to dismiss was brought in early June 2005 at the outset of this action against them, in lieu of an answer, and is directed at all the claims that Plaintiff asserts against them in his second amended complaint. Discovery of the State Defendants will be entirely unnecessary if the Court grants the motion to dismiss. Thus, staying discovery until the Court rules on the motion will avoid subjecting the State Defendants unnecessarily to the time, expense and burdens of discovery in the event this action against them is dismissed.

---

[1] In an effort to resolve this dispute without the Court having to rule on the motion for a protective order, counsel for the State Defendants has mailed Plaintiff a letter requesting that he inform the Court and the parties in writing by January 10, 2006, if he does not oppose the requested stay of discovery. Affidavit of John S. Garry ¶ 3.

Plaintiff will not be prejudiced by the requested stay of discovery. No deadlines for discovery have been set and ample time will remain for discovery in the event this case proceeds against the State Defendants.

Moreover, no discovery is needed for Plaintiff to defend against the State Defendants' motion to dismiss. The motion is based solely on the legal questions of whether the claims asserted against the State Defendants in Plaintiff's second amended complaint are barred by the *Rooker-Feldman* doctrine, collateral estoppel, judicial immunity, and the case law barring such lawsuits against state public defenders. Indeed, Plaintiff's memorandum opposing the motion to dismiss has already been filed, in July 2005, and does not assert that Plaintiff needs any discovery of the State Defendants to defend against their motion to dismiss.

For these reasons, the Court should grant the State Defendants' motion for an order staying discovery of the State Defendants until their motion to dismiss is decided.

Dated: December 28, 2005

Respectfully submitted,

**s/ John S. Garry____**

John S. Garry
Bar Number 208899
Mike Hatch
Attorney General
State of Minnesota
Attorneys for Defendants Ventura, Hatch, Ten Eyck, Hermerding, and Cummings

445 Minnesota Street, Suite 1100
St. Paul, MN 55101-2128
Telephone: (651) 282-5719
Fax: (651) 282-5832

AG: #1536416-v1