UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jesus Carmona,

Plaintiff,

vs.

John Sausen, David Ten Eyck, David Hermerding, Jennifer Cummings, Tim Friis, Jesse Ventura, Mike Hatch, Don Inwards, Marshall Prescott, Rod McCulley, Dick Ross, Harvey (Doe) and Pete (Doe),

Defendants.

Case No. 00-2447 MJD/RLE

**DEFENDANT TIM FRIIS' MEMORANDUM OF LAW IN SUPPORT OF INDIVIDUAL AND JOINT MOTION FOR SUMMARY JUDGMENT**

---

## INTRODUCTION

This case arises from the arrest and extradition of pro se plaintiff Jesus Carmona (Carmona) from Minnesota to Louisiana. Brainerd Police Officer Tim Friis hereby adopts and joins the County and State Defendants' Motion for Summary Judgment and supporting documents in their entirety. Additional facts and arguments supporting summary judgment are set forth below.

## STATEMENT OF FACTS

Defendant Tim Friis hereby adopts and joins the Statement of Facts contained in the County Defendants' Memorandum in Support of Summary Judgment. Additionally, Officer Friis is employed as a Brainerd City Police Officer. *Aff. of Tim Friis ¶ 1 (Jan. 9, 2006).* He has never been employed by the City of Deerwood, as alleged in Plaintiff's

Complaint. *Id. at* ¶ *2*. On May 21, 2000, Officer Friis was employed as a City of Brainerd Police Officer and was not involved in the arrest or transport of Mr. Carmona. *Id. at* ¶¶ *3 & 7*. Officer Friis had no contact with Mr. Carmona or Mr. Carmona's fiancé (*Id*. at ¶¶ 4 & 6); he never pointed a gun at, or entered Mr. Carmona's home. *Id. at* ¶ *5*. On May 23, 2000, Officer Friis was working the dayshift when the Crow Wing County Attorney's Office contacted him and asked him to sign several complaints. *Id*. at ¶ *9*. Officer Friis reviewed and signed several complaints, one of which was the Complaint against Mr. Carmona. *Id. at* ¶¶ *10-11*. Signing the Complaint against Mr. Carmona was Officer Friis' only involvement with Mr. Carmona's arrest and subsequent extradition. *Id. at* ¶¶ *12*.

## STANDARD OF REVIEW

The standard for summary judgment is well known to this Court. Summary judgment is appropriately granted when there is no dispute between the parties as to any genuine issue of material fact and when the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c).

## ARGUMENT

### I. PRIOR LITIGATION PRECLUDES CARMONA FROM RELITIGATING THE CONSTITUTIONALITY OF HIS ARREST.

Defendant Tim Friis hereby adopts and joins in the State Defendants' arguments regarding the *Rooker-Feldman* Doctrine, Law of the Case Doctrine and Collateral Estoppel set forth in Defendants' Memorandum in Support of Summary Judgment, dated June 10, 2005. *Memorandum in Support of Motion to Dismiss (Docket #80) pages 4-9*

*June 10, 2005.* Further, Defendant Tim Friis adopts and joins the County Defendants' arguments in their Motion for Summary Judgment regarding res judicata, the *Heck v. Humphrey* doctrine, failure to state a claim for conspiracy, failure to state a claim for access to the courts or law library and demand for dismissal of the unknown or unnamed parties. *Memorandum in Support of Motion for Summary Judgment (Docket # 86) pages 6-18, August 25, 2005.*

## II. OFFICER FRIIS IS ENTITLED TO QUALIFIED IMMUNITY.

Officer Friis adopts and joins the County Defendants' arguments for qualified immunity. "An officer is entitled to qualified immunity unless his conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982).

In his Complaint, Mr. Carmona alleges during his arrest and extradition Defendants violated his Fourth, Fifth, Eighth and Fourteenth Amendment rights, as well as Article IV of the United States Constitution and 42 U.S.C. §§ 1983, 1985, 1986, 1987 and 1988. *Pl.'s 2nd Amend. Compl. (Docket #40) § III.* Regarding Officer Friis, Mr. Carmona specifically claims:

> On May 21, 2000, Officer Tim Friis, came to the home of the Plaintiff, with his gun loaded and fully drawn and pointing at the plaintiff. Arrested the plaintiff, without probable cause or lawfully issued arrest warrant or accusation of a criminal State of Federal violation. He falsely stated to plaintiff's fiancé that he had a warrant for his arrest by the State of Louisiana. At which time, [Officer Friis] hand-cuffed the plaintiff and placed him in his squad car. Plaintiff was then taken and delivered to the custody of Dick Ross.

*Id. at II.*

Mr. Carmona provides no factual proof to support his claims. Contrary to Mr. Carmona's allegations, Officer Friis was not involved in the arrest or extradition of Mr. Carmona. *Aff. Friis ¶ 7.* Officer Friis simply signed the Complaint drafted by the arresting officer. *Id.* at ¶¶ *4-8 & 12.* A police officer's act of signing and notarizing a complaint is insufficient to support a constitutional violation arising from an unlawful arrest or subsequent investigation and, therefore, the officer who signed the complaint is entitled to qualified immunity. *Ripson v. Alles*, 21 F.3d 805, 808-809 (8th Cir. 1994) (A police chief was entitled to qualified immunity in a § 1983 action, alleging false arrest by another officer, when the police chief's only involvement was signing and notarizing the criminal complaint); *Vukadinovich v. Zentz*, 995 F.2d 750, 756 (7th Cir. 1993) ("Merely signing the police report absent actual knowledge of what took place is insufficient to establish a connection between [the signing officer] and the alleged deprivation of [a plaintiff's] constitutional rights") (citation omitted). Therefore, there is no constitutional violation or, at a minimum, Officer Friis is entitled to qualified immunity.

## III. OFFICER FRIIS IS ENTITLED TO OFFICIAL IMMUNITY FOR ANY STATE TORT CLAIMS.

To the extent the court interprets Mr. Carmona's allegations of "false imprisonment," "false arrest," and "kidnapping" as valid tort claims, Officer Friis is entitled to the protection of official immunity and hereby adopts and joins the County Defendants' arguments for official immunity. Official immunity requires a two-step inquiry: "(1) whether the alleged acts are discretionary or ministerial; and (2) whether the alleged acts, even though of the type covered by official immunity, were malicious or

willful and therefore stripped of the immunity's protection." *Dokman v. County of Hennepin*, 637 N.W.2d 286, 296 (Minn. App. 2001) (citing *Davis v. Hennepin County*, 559 N.W.2d 117, 122 (Minn. App. 1997)).

In his complaint, Mr. Carmona alleges Officer Friis unlawfully arrested, imprisoned and kidnapped him but Mr. Carmona fails to provide factual evidence to support his allegations. *Pl. 2nd Amend. Compl. (Docket #40) § III ¶ 3.* In fact, Officer Friis did not arrest, transport, detain or have any contact with Mr. Carmona. *Aff. Friis ¶ 4 & 7.* Officer Friis simply signed the Complaint, written by another officer, at the request of the County Attorney's Office. *Id. at ¶¶ 8-12.*

Furthermore, Officer Friis' action of signing the complaint against Mr. Carmona is protected by official immunity because the act of signing a complaint is discretionary. *Mahamoud v. Schrum*, 2002 WL 31248023 *5 (D. Minn. Oct. 4, 2002) (unpublished attached). The Complaint against Mr. Carmona specifically states, "The Complainant, being duly sworn, makes Complaint to the above-named Court and states that there is probable cause to believe that the defendant committed the following offense(s). The Complainant states that the following facts establish PROBABLE CAUSE:." *Aff. Kafi E. Cohn (Docket #36)* ¶ 2 (April 2, 2002) (emphasis in original). "[The] probable cause determination is the province of the officer, and it is a discretionary function entitled to official immunity." *Mahamoud*, 2002 WL 31248023 *5. Officer Friis reviewed the Complaint against Mr. Carmona and based on the facts set forth, determined there was sufficient probable cause to support signing the Complaint. *Aff. Friis*, at ¶¶ 10-11.

Officer Friis' decision to sign the Complaint against Mr. Carmona was discretionary and, therefore, Officer Friis is protected by official immunity.

To avoid official immunity Mr. Carmona must show Officer Friis acted willfully or maliciously. Mr. Carmona's Complaint alleges, "[Defendants] acted wantonly and with callous deliberate indifferences to plaintiff's most fundamental [rights]." *Pl.'s 2nd Amend Compl. (Docket #40) § III ¶ 14.* This assertion is merely a bare allegation of malice. Mr. Carmona does not provide any substantive facts Officer Friis acted in bad faith when he signed the Complaint. Accordingly, Officer Friis is entitled to official immunity.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendant Tim Friis' Motion for Summary Judgment and dismiss all of Mr. Carmona's claims in their entirety, with prejudice, together with reasonable costs and fees for this vexatious and frivolous action.

IVERSON REUVERS

Dated: January 13, 2006

By s/ Jon K. Iverson
Jon K. Iverson, #146389
Attorney for Defendant Friis
9321 Ensign Avenue South
Bloomington, MN 55438
(952) 548-7200