UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Jesus Carmona,

Plaintiff,

vs. ORDER

Dick Ross, et al.,

Defendants. Civ. No. 00-2447 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Motion of the Defendants Jesse Ventura ("Ventura"), Mike Hatch ("Hatch"), David Ten Eyck ("Judge Ten Eyck"), David Hermerding ("Hermerding"), and Jennifer Cummins ("Cummins")(collectively the "State Defendants"), for a Protective Order.

The Plaintiff commenced this action under Title 42 U.S.C. §1983, alleging that the Defendant Dick Ross ("Ross"), who is the Sheriff of Crow Wing County, Minnesota, and his deputies, who were identified as John Doe Defendants, denied him access to the Courts, while he was being detained in the Crow Wing County Jail.

Shortly thereafter, the Plaintiff amended his Complaint to assert claims against Hermerding and Cummins, who were alleged to be Crow Wing County Public Defenders; Rod McCulley, Denny Peterson,[1] and Marshall Prescott, who were alleged to have been employed at the Crow Wing County Jail; Crow Wing County; and the City of Brainerd, Minnesota. See, Docket No. 9.

The Plaintiff subsequently amended his Complaint a second time, in order to assert claims against John Sausen, who is alleged to have been the Assistant District Attorney for Crow Wing County; Judge Ten Eyck, who is alleged to be a State Court Judge; Tim Friis, who is alleged to be a Police Officer for the City of Deerwood, Minnesota; Ventura, who was the Governor of Minnesota at the time of the events giving rise to the Plaintiff's Complaint; Hatch, who is the Attorney General for the State of Minnesota; Don Inwards, who is alleged to have been a Crow Wing County Sheriff's Deputy; Harvey Doe, who is the unidentified police officer who effected the Plaintiff's arrest; and Pete Doe. See, Docket No. 40. The Second Amended Complaint includes claims under Title 42 U.S.C. §§1983, 1985, 1986, 1987, and 1988, for alleged violations of the Plaintiff's rights under the First, Fourth, Fifth, Sixth,

---

[1]Denny Peterson was not named as a Defendant in the Plaintiff's Second Amended Complaint, and is not presently a party to the action.

Eighth, and Fourteenth Amendments, to the United States Constitution, as well as alleging a number of torts.

By Order dated June 26, 2002, the District Court, the Honorable Michael J. Davis presiding, adopted the Report and Recommendation of a former Magistrate Judge, and dismissed the Plaintiff's Complaint. While the Court ruled on the substantive allegations against Ross, the other Defendants were dismissed from the suit as a result of the Plaintiff's failure to effect service of process. On appeal, the Order of the District Court was affirmed in part, and reversed in part, in that the Court of Appeals held that the Plaintiff should have been afforded an additional one hundred and twenty (120) days to effect service on those Defendants, who were named for the first time, in the Second Amended Complaint. The Court of Appeals affirmed the dismissal of the remaining Defendants, but without prejudice.[2] It now appears that the Plaintiff has effected service on each of the remaining Defendants, with the exception of the Doe Defendants.

Our review of the file reflects that all of the Defendants have filed dispositive Motions. As is pertinent to the pending Motion for a Protective Order, the State

---

[2]Several of the Defendants, who were dismissed from the suit without prejudice, have since been served with process, they have Answered the Plaintiff's Complaint, and they have filed dispositive Motions.

Defendants have filed a Motion to Dismiss, under Rule 12(b), Federal Rules of Civil Procedure, upon the assertion that the Plaintiff's claims are barred by the Rooker-Feldman doctrine, see, Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983), the doctrine of collateral estoppel, and alternatively, on the ground that the claim against Judge Ten Eyck is barred by the doctrine of judicial immunity, and for failure to state a viable claim against Hermerding and Cummins. See generally, State Defendants' Memorandum in Support of Motion to Dismiss, Docket No. 80.

The State Defendants' Motion for a Protective Order relates to Interrogatories, and Requests for the Production of Documents, which the Plaintiff served upon the State Defendants on various dates between December 13, and December 27, 2005. Affidavit of John S. Garry, at ¶2, Docket No. 118. Specifically, the State Defendants urge that we issue a Protective Order, as to those discovery requests, and stay discovery, until such time as the Court resolves their pending Motion to Dismiss. The Plaintiff contends that such an Order is improper, upon his assertion that the State Defendants' Motion constitutes an attempt to conceal unlawful conduct, and because the requested discovery is relevant and material to the Plaintiff's case. See, Plaintiff's Opposition to Protective Order, at p.1, ¶1, Docket No. 127.

Standing alone, the pendency of a dispositive Motion does not establish "good cause" to stay discovery. See Bruckelmeyer v. Groundheaters, Inc., 2003 WL 21524741 *2 (D. Minn., June 5, 2003). Rather, "the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997); Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D. N.C. 1988); see, 19th Street Baptist Church v. St. Peter's Episcopal Church, 190 F.R.D. 345, 349 (E.D. Pa. 2000)("While the court should not automatically stay discovery because a motion to dismiss has been filed, 'a stay is proper where the likelihood that such motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay.'"). The balancing of such factors is a proper exercise of the Court's discretion. Tilley v. United States, 270 F. Supp.2d 731, 734 (M.D. N.C. 2003).

Here, we are satisfied that the harm caused by any delay in the conduct of discovery is substantially outweighed by the potential that a ruling on the State Defendants' Motion to Dismiss will obviate the need for discovery. Notably, the State Defendants' Motion to Dismiss is predicated, in part, on immunity grounds, which encompass a freedom from litigation, as well as from liability as to those acts which

are protected by immunity. See, Mireles v. Waco, 502 U.S. 9, 11 (1991)("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from an ultimate assessment of damages."), citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Hunter v. Bryant, 502 U.S. 224, 227 (1991); Anderson v. Creighton, 483 U.S. 635, 646 n. 6 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 816-18 (1982); Janis v. Biescheuvel, 428 F.3d 795, 800 (8th Cir. 2005). "[C]lose control of discovery is essential to the preservation of meaningful official immunity." Williamson v. United States Dept. of Agric., 815 F.2d 368, 382 (5th Cir. 1987).

Moreover, aside from his assertion that the requested discovery is relevant and material to his claim, the Plaintiff has not articulated how that discovery is necessary to respond to the State Defendants' Motion to Dismiss. On the contrary, the Plaintiff has already filed a memorandum in opposition to the State Defendants' Motion, in which he appears to challenge the State Defendants' assertion of immunity, as well as the State Defendants' argument that his action is precluded by the Rooker-Feldman doctrine, or the doctrine of collateral estoppel. See, Docket No. 83, at pp. 3, 9. Accordingly, the Plaintiff has failed to identify any prejudice that will result from the requested stay of discover, nor is any significant prejudice readily apparent.

Since a grant of the State Defendants' Motion to Dismiss would fully obviate the need for discovery, and in the absence of any showing that the requested discovery is necessary to a defense against that Motion, we find that "good cause" has been shown for the requested Protective Order, and that discovery, as to the State Defendants, should be stayed pending the disposition of the State Defendants' Motion to Dismiss. Therefore, we grant the State Defendants' Motion for a Protective Order. However, we note that, should the State Defendants' Motion to Dismiss be denied, the Plaintiff may renew his arguments for discovery at that time.

NOW, THEREFORE, It is --

ORDERED:

That the Motion of the Defendants Jesse Ventura, Mike Hatch, David Ten Eyck, David Hermerding, and Jennifer Cummins, for a Protective Order [Docket No. 116] is GRANTED.

BY THE COURT:

Dated: January 27, 2006

s/Raymond L. Erickson
Raymond L. Erickson
CHIEF U.S. MAGISTRATE JUDGE